UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al*., <br><br> Defendants. | Case No. C17-01297MJP <br><br> ORDER GRANTING PLAINTIFF JANE DOE'S MOTION TO PROCEED UNDER PSEUDONYM |

This matter is before the Court on Plaintiff Jane Doe's ("Jane Doe") Motion to Proceed under Pseudonym. Dkt. #31. Jane Doe, a transgender woman, is one of twelve plaintiffs challenging the constitutionality of Defendants' decision to reverse a Department of Defense policy that allowed transgender people to serve openly in the military. *See* Dkt. #30 ¶¶ 121–129. Although she currently serves in the military, Jane Doe has not transitioned to living openly as a woman, and it is not generally known to her fellow service members—or the community at large—that she is transgender. Dkt. #31 at 1, 3. Given Defendants' reversal of the Department of Defense's prior policy on transgender military service, Jane Doe fears she will be separated from the military if her identifying information is disclosed. *Id*. at 3. Jane Doe's motion is

ORDER GRANTING MOTION TO PROCEED UNDER PSEUDONYM - 1

unopposed by Defendants. For the reasons discussed herein, the Court GRANTS Jane Doe's motion.

Parties may proceed under a pseudonym "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000). Additionally, where a pseudonym is used to protect a party from retaliation, courts must consider the following: (1) the severity of the harm threatened; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to retaliation; (4) the prejudice to the opposing party; and (4) whether the public interest "would be best served by requiring that the litigants reveal their identities." *Id.* at 1068–69 (internal citations omitted).

Jane Doe's need for anonymity outweighs any prejudice to Defendants or the public's interest in knowing her identity. Here, the severity of harm threatened by Jane Doe disclosing her identity is severe. Given Defendants' decision to ban transgender people from military service, requiring Jane Doe to disclose her identity could lead to her separation from the military; the loss of her military career would also mean the loss of her career benefits. *See* Dkt. #31 at 3. Considering Defendants' ban, Jane Doe's fears are reasonable, and she is uniquely vulnerable to harm because she has not disclosed her transgender status to her chain of command. *See Id*. Additionally, since Jane Doe's identity has little bearing on Defendants' ability to address the legal issues raised, allowing Jane Doe to proceed anonymously will not prejudice Defendants. Finally, the Court agrees that forcing Jane Doe to reveal her identity might "function to limit access to the courts for any citizen with a legitimate fear of retaliation by the government." *Id*. at 4. Consequently, the Court finds the public interest weighs in favor of allowing Jane Doe to proceed anonymously.

Because the factors the Court must consider weigh in favor of allowing Jane Doe to proceed anonymously, and having reviewed the relevant briefing and the remainder of the record, the Court hereby GRANTS Jane Doe's Motion to Proceed under Pseudonym (Dkt. #31).

DATED this \_10th\_\_ day of October, 2017.

_____
Marsha J. Pechman
United States District Judge