UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Case No. C17-01297MJP <br><br> ORDER DENYING DEFENDANTS' REQUEST FOR STAY OF PROCEEDINGS |

This matter is before the Court on Defendants' motion to stay proceedings. Dkt. #89. Plaintiffs oppose Defendants' Motion. Dkts. #91 and #93. For the reasons discussed herein, Defendants' motion is DENIED.

District Courts have discretionary power to stay proceedings in their own court. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). When a stay is proposed, district courts must weigh the competing interests affected by the grant or refusal of a stay. *Id*. at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The competing interests considered in this analysis include: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice

ORDER - 1

measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*. Additionally, if there is "even a fair possibility" that a stay will "work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id*.

Defendants fail to demonstrate a stay is warranted. Defendants contend that because the Memorandum Opinion and Order issued in *Doe 1, et al. v. Trump, et al.*, Case No. 17-1597 (CKK), 2017 WL 4873042 (D.D.C. Oct. 30, 2017), preliminarily enjoins the government from enforcing two sections of the Presidential memorandum at issue here, *see* 82 FR 41319, (the "Presidential Memorandum"), the Court should stay the proceedings. Dkt. #89 at 2. Defendants reason that while they disagree with the *Doe 1* court's preliminary injunction, and while they are considering whether to appeal that court's Order, they are nonetheless complying with the Order and a stay is warranted. *Id*. The Court is not convinced.

Here, there is a fair possibility that granting Defendants' stay will harm Plaintiffs. The Order in *Doe 1* did not enjoin Section 2(b) of the Presidential Memorandum; Section 2(b) directs the Secretaries of Defense and Homeland Security to "halt" all use of their respective departments' resources to fund sex-reassignment surgical procedures, "except to the extent necessary to protect the health of an individual who has already begun a course of treatment to reassign his or her sex." *See* 2017 WL 4873042, at *2. Because this directive has not been enjoined, there is a fair possibility that at least some of the named Plaintiffs (including Plaintiff Jane Doe) will be harmed if that directive goes into effect. Additionally, granting Defendants' requested stay "deprive[s] Plaintiffs of an injunction supported by interests not present in *Doe*

ORDER - 2

*[I]*." Dkt. #91 at 5. This is especially true where the State of Washington asserts interests different from private plaintiffs, and where Plaintiffs raise claims not considered by the District Court for the District of Columbia. *See id*.

Because there is a fair possibility of harm to Plaintiffs, Defendants "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Defendants do not identify a single hardship or inequity they will face if litigation proceeds, *see* Dkt. #89 at 2–5. Instead, Defendants merely contend the "orderly administration of justice will be furthered," if the Court grants its stay. Appeals to the orderly administration of justice, without showing any hardship or inequity Defendants will face, fail to persuade the Court that a stay is warranted. This is especially true where contested issues implicate the public interest; in these circumstances, it is important for trial judges to develop the full record for review. Consequently, Defendant's request for a stay of proceedings (Dkt. #89) is DENIED.

DATED this 20th day of November, 2017.

Marsha J. Pechman
United States District Judge

ORDER - 3