UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Case No. C17-01297MJP <br><br> ORDER GRANTING MOTION TO INTERVENE |

THIS MATTER comes before the Court on the State of Washington's ("Washington State") Motion to Intervene. (Dkt. No. 55.) Washington State seeks to join Plaintiffs Ryan Karnoski, et al. in challenging the constitutionality of Defendant President Donald J. Trump's Presidential Memorandum excluding transgender individuals from the military. Having reviewed the motion, the responses (Dkt. Nos. 76, 77), the reply (Dkt. No. 81), and all related papers, and having considered the arguments made in proceedings before the Court, the Court GRANTS the State of Washington's Motion to Intervene.

**BACKGROUND**

On July 26, 2017, President Donald J. Trump announced on Twitter that the United States government will no longer allow transgender individuals to serve in the military. (Dkt.

ORDER GRANTING MOTION TO INTERVENE - 1

No. 32 at 3.) Following this announcement, the President issued a memorandum directing the Secretaries of Defense and Homeland Security to: (1) return to the military's policy authorizing the discharge of openly transgender individuals; (2) prohibit openly transgender individuals from accession into the military; (3) prohibit the use of Department of Defense and Department of Homeland Security funds to provide certain medical procedures for transgender service members; and (4) issue a plan to implement these directives. (Dkt. No. 55 at 1-2.) Plaintiffs filed this suit challenging the constitutionality of the directives announced in this memorandum. (Dkt. No. 30.) Washington State now moves to intervene under Rule 24 of the Federal Rules of Civil Procedure. (Dkt. No. 55.)

**DISCUSSION**

**I. Legal Standard**

Rule 24 of the Federal Rules of Civil Procedure governs intervention. Fed. R. Civ. P. 24(a)-(b). Rule 24(a)(2) governs intervention as a matter of right, and requires that courts permit intervention by a party who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Intervention as a matter of right is appropriate if the proposed intervenor shows: (1) a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent that applicant's interest. United States v. City of Los Angeles, 288 F.3d 391, 397 (9th Cir. 2002) (quoting Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998)). Because "[a] liberal policy in favor

ORDER GRANTING MOTION TO INTERVENE - 2

of intervention serves both efficient resolution of issues and broadened access to the courts," Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173, 1179 (9th Cir. 2011) (citation and internal quotation marks omitted), Rule 24(a)(2) "is construed broadly in favor of proposed intervenors." United States ex rel. McGough v. Covington Tech. Co., 967 F.2d 1391, 1394 (9th Cir. 1992).

Rule 24(b)(1)(B) governs permissive intervention, and permits intervention where a proposed intervenor's claim or defense shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." Freedom from Religion Found., Inc. v. Geithner, 644 F.3d 836, 843 (9th Cir. 2011) (citation omitted). The independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases where the proposed intervenor does not raise new claims. Id. at 844.

**II. Intervention as a Matter of Right**

Washington State contends it has a right to intervene because it has significantly protectable interests relating to the action; because disposition of the action will impair or impede its interests; and because its interests are not adequately represented by Plaintiffs. (Dkt. No. 55 at 6-11.) Defendants respond that intervention as a matter of right is not warranted, but do not dispute the timeliness of the motion.[1] (Dkt. No. 76 at 8-14.) The Court addresses each of Rule 24(a)(2)'s requirements in turn.

---

[1] Defendants contend that Washington State may not intervene because neither Plaintiffs nor Washington State have standing to bring their claims. (See Dkt. No. 76 at 3, 6-8.) Defendants' Motion to Dismiss is pending, and the Ninth Circuit does not require intervenors to demonstrate standing, so this contention is premature. See Perry v. Schwarzenegger, 630 F.3d 898, 906 (9th

ORDER GRANTING MOTION TO INTERVENE - 3

### A. Significantly Protectable Interests

Washington has identified significantly protectable interests. While a proposed intervenor need not demonstrate any "specific legal or equitable interest," a "significantly protectable interest" is required. Northwest Forest Res. Council v. Glickman, 82 F.3d 825, 837 (9th Cir. 1996) (citation and internal quotation marks omitted). This requirement is satisfied where the intervenor's interest is protectable under some law, and there is a relationship between the purported interest and the claims at issue. Arakaki v. Cayetano, 324 F.3d 1078, 1084 (9th Cir. 2003).

Washington State has demonstrated that its quasi-sovereign and sovereign interests are significantly protectable interests. Quasi-sovereign interests include a state's interest in the health, and physical and economic well-being of its residents, and in "securing residents from the harmful effects of discrimination." Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez, 458 U.S. 592, 607, 609 (1982). States also have an interest in "assuring that the benefits of the federal system are not denied to its general population." Id. at 608. Washington State contends that its quasi-sovereign interests include protecting its transgender residents from a discriminatory policy that restricts access to employment and healthcare based on their gender identity, and thereby implicates their physical and economic well-being. (Dkt. No. 55 at 7.) The Court finds that Washington State has quasi-sovereign interests that are significantly protectable. See Snapp, 458 U.S. at 607 ("[A] State has a quasi-sovereign interest in the health and well-being-both physical and economic-of its residents in general."); see also United States v. Reserve Mining Co., 56 F.R.D. 408, 416-17 (D. Minn. 1972) (state satisfied protectable interest requirement where it asserted quasi-sovereign interests).

---

Cir. 2011) ("In general, an applicant for intervention need not establish Article III standing to intervene."). Accordingly, the Court does not evaluate standing at this time.

ORDER GRANTING MOTION TO INTERVENE - 4

Washington State's sovereign interests are also significantly protectable interests. A state's sovereign interests include the power to protect its territory and "the power to create and enforce a legal code, both civil and criminal." Snapp, 458 U.S. at 601. Washington State is home to approximately 60,000 active, reserve, and National Guard members and military service members, and the military is the second largest public employer in the state. (Dkt. No. 55 at 2.) Additionally, the Washington National Guard is comprised of military service members who assist with emergency preparedness and disaster recovery planning, and have been deployed to protect the State's natural resources from flooding and wildfires. (Id. at 2-4.) Washington State argues that excluding transgender individuals from the military will reduce the number of individuals who are willing and able to join the Washington National Guard, and will negatively impact the State's ability to provide emergency response and disaster recovery. (Id. at 8.) The Court is convinced that a directive that limits Washington State's ability to recruit for its National Guard directly affects the State's ability to protect its territory. The Court is also convinced that, if found to be discriminatory, the directive will directly affect Washington State's sovereign interest in maintaining and enforcing its own anti-discrimination laws.

The Court is not convinced that the proprietary interests identified by Washington State are significantly protectable interests. Washington State contends it has a proprietary interest in its economic health and growth, and argues that excluding transgender individuals from military service will result in a loss of employment and will reduce the property and sales tax revenues that transgender service members and their families would otherwise contribute to the state. (Id. at 7-8.) Washington State contends that these proprietary interests create a "protectable interest" in the underlying litigation capable of satisfying Article III's injury-in-

ORDER GRANTING MOTION TO INTERVENE - 5

fact requirement. (Id. at 7-8; Dkt. No. 81 at 4-5.) However, that a proposed intervenor satisfies the injury-in-fact requirement does not give rise to a significantly protectable interest. Indeed, the Ninth Circuit has indicated that the analyses for Article III standing and Rule 24 intervention are different. See, e.g., United States v. $129,374 in U.S. Currency, 769 F.2d 583, 586 (9th Cir. 1985) (acknowledging "it would be inappropriate to affirm the district court on the ground that the conservator lacked standing to intervene under rule 24," because standing and intervention involve distinct analyses). Notably, "[a] claim based only on an indirect economic effect of some action is rarely considered the same as a protectable right or interest sufficient to justify intervention." 6 James WM. Moore, Moore's Federal Practice § 24.03[2][b] at 24–32 n.33 (Matthew Bender 3d ed. 2017); see also State of Montana v. U.S. E.P.A., 137 F.3d 1135, 1142 (9th Cir. 1998) ("[A] speculative and purely economic interest does not create a protectable interest in litigation concerning a statute that regulates environmental, not economic, interests."). Washington State asserts a general proprietary interest in economic health and growth, but fails to demonstrate that this interest is directly affected by Defendants' directive.

The Court finds that Washington State's quasi-sovereign and sovereign interests are significantly protectable interests.

### B. Disposition of Action May Impair or Impede Proposed Intervenor's Interest

Disposition of Plaintiffs' action will, as a practical matter, impair or impede Washington State's ability to protect its quasi-sovereign and sovereign interests. The Ninth Circuit has indicated that "[i]ntervention may be required when considerations of stare decisis indicate that an applicant's interest will be practically impaired." Greene v. United States, 996 F.2d 973, 977 (9th Cir. 1993) (citation omitted). Should the Court find that the directive does

not violate Plaintiffs' constitutional rights, any subsequent suit brought by Washington State to protect its residents' health, well-being, and economic security will be impeded. Therefore, the Court finds that Washington State is "so situated that the disposition of the action may as a practical matter impair or impede its ability to protect" its interests. Lockyer, 450 F.3d at 440-41 (citation omitted).

### C. Intervenor's Interests Not Adequately Represented by Existing Parties

Washington State's interests will not be adequately represented by Plaintiffs in this action. A proposed intervenor's interests are adequately represented by the existing parties if: (1) a present party will undoubtedly make all of the proposed intervenor's arguments; (2) a present party is capable and willing to make such arguments; and (3) the proposed intervenor would not offer any necessary elements to the proceeding. See Arakaki, 324 F.3d at 1086 (citation omitted). The first factor is the "most important factor," and if "an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." Id. This presumption can be overcome with a "'compelling showing' to the contrary." Perry v. Proposition 8 Official Proponents, 587 F.3d 947, 950–51 (9th Cir. 2009).

Washington State does not dispute that it shares the same "ultimate objective" with Plaintiffs. (See Dkt. No. 81 at 7.) However, given its unique quasi-sovereign and sovereign interests, the Court finds that Washington State has made a "compelling showing" that its interests are distinct from those of the individual litigants and that Plaintiffs will not adequately represent its interests.

ORDER GRANTING MOTION TO INTERVENE - 7

### D. Timeliness of Motion

The Motion to Intervene is timely. Defendants do not dispute the timeliness of Washington State's motion, which was filed four weeks after Plaintiff's Complaint and before Defendants filed their responsive pleading. (See Dkt. No. 76 at 3-14.) Therefore, the Court finds that Washington State has satisfied Rule 24(a)(2)'s requirements and is entitled to intervene as a matter of right.

## III. Permissive Intervention

Washington State also satisfies Rule 24(b)(1)(B)'s requirements for permissive intervention. The Court may grant permissive intervention where a proposed intervenor "shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." Glickman, 82 F.3d at 839. Washington State does not raise any new claims, so the independent jurisdictional requirement does not apply. Freedom, 644 F.3d at 844. Washington State also shares common questions of law with Plaintiffs (namely, whether Defendants' directive violates the Fifth Amendment). Therefore, the Court finds that Washington State satisfies the requirements for permissive intervention.

## CONCLUSION

Because Washington State satisfies the requirements for intervention under Rule 24 of the Federal Rules of Civil Procedure, the Court hereby GRANTS the State of Washington's Motion to Intervene.

DATED this _27th__ day of November, 2017.

Marsha J. Pechman
United States District Judge

ORDER GRANTING MOTION TO INTERVENE - 8