The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Case No. 2:17-cv-01297-MJP<br><br>**DECLARATION OF GEORGE RICHARD BROWN, MD, DFAPA, IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR CLARIFICATION AND, IF NECESSARY, A PARTIAL STAY OF PRELIMINARY INJUNCTION PENDING APPEAL**<br><br>NOTE ON MOTION CALENDAR:<br>December 29, 2017 |

I, George R. Brown, MD, DFAPA, declare as follows:

    1.    I make this declaration based on my own personal knowledge.

    2.    As set forth in my previous declaration, executed by me on September 12, 2017 and submitted in support of Plaintiffs' motion for preliminary injunctive relief, I am a Professor of Psychiatry and the Associate Chairman for Veterans Affairs in the Department of Psychiatry at the East Tennessee State University, Quillen College of Medicine. My responsibilities include advising the Chairman; contributing to administrative, teaching, and research missions of the Department of Psychiatry; consulting on clinical cases at the University and at Mountain Home Veterans Health Administration ("VHA") Medical Center, where I also hold an appointment; and acting as a liaison between the VHA Medical Center and the East Tennessee State

DECLARATION OF G.R. BROWN–1
[2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

University Department of Psychiatry. I served as a psychiatrist on active duty in the United States Air Force. The majority of my work involves research, teaching, and consulting about health care in the military and civilian transgender populations. My CV is attached to my earlier declaration.

3. I reviewed the declaration submitted in the case by Lernes Hebert, and I am responding to the statements set forth therein.

4. On June 30, 2016, the military changed its policy from one that categorically excluded transgender people from enlistment to one that authorizes the enlistment of qualified transgender individuals. The policy the military adopted and set forth in DTM 16-005 authorizes enlistment for individuals who have a diagnosis of gender dysphoria upon a demonstration that they have completed gender transition and have been stable in the newly assigned gender for 18 months. The target effective date for that policy was originally one year from the date of its announcement, or July 1, 2017. The day before July 1, 2017, that date was moved to January 1, 2018.

5. Following the adoption of DTM 16-005, the military began training throughout the branches to meet the target date of July 1, 2017 for implementation. As a contractor for the Department of Defense, I was part of that process and trained approximately 250 medical personnel working in Military Entrance Processing Stations ("MEPS") throughout the military, including medical division personnel, chief and assistant chief medical officers, and fee-based medical providers on the accessions policy. That training took place in San Antonio, Texas on May 2, 2017.

6. I have in-depth familiarity both with the transgender enlistment policy and military enlistment policies as they relate to medical clearances and reviews for enlistees.

7. I do not agree that implementing the accessions policy in DTM 16-005 by January 1, 2018 will impose extraordinary burdens on the military. The implementation of accessions criteria for transgender enlistees is no more complex than other accessions criteria on which MEPS personnel are knowledgeable and regularly trained.

8. The accessions criteria for transgender people are straightforward and do not

DECLARATION OF G.R. BROWN–2
[2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

require extensive or detailed knowledge. To the contrary, it simply requires MEP personnel to identify applicants who have a diagnosis of gender dysphoria—a diagnosis with which medical professionals should already be familiar. It also involves review of the individual's substantiating and supporting medical documentation to confirm that the period of stability (18 months) has been met. This process does not involve any unique complexities or burdens and is well within the capacity of military personnel involved in the enlistment review process.

9. Acting Deputy Assistant Secretary Hebert's statement that "personnel involved in that accession enterprise have rotated in the past several months" is not a legitimate reason to delay implementing the accessions policy for transgender people. Military personnel rotations are ordinary shifts that are expected and anticipated throughout the military. The military system anticipates routine staff turnover. Nothing about routine staff turnover should justify a delay of enlistment policy implementation.

10. Any minimal burden imposed on MEPS as a result of implementing the accessions policy for transgender people will be further reduced by the small number of transgender people who are likely to seek enlistment. Based on decades of medical experience and research, it is clear that only a very small percentage of the overall population is transgender. There is no reason to expect MEPS to receive a large number of enlistment applications from transgender enlistees on or after January 1. I personally have trained hundreds of MEPS personnel. The military system ensures backup availability to review enlistment materials should any ever be needed.

11. Based on my knowledge and experience, I do not agree that the military will be unprepared on January 1, 2018 to implement the transgender enlistment policy set forth in DTM 16-005.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: December 17, 2017    _____
George R. Brown, MD, DFAPA

DECLARATION OF G.R. BROWN–3
[2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the United States of America and the laws of the State of Washington that all participants in the case are registered CM/ECF users and that service of the foregoing documents will be accomplished by the CM/ECF system on December 27, 2017.

s/ Chy Eaton
Chy Eaton

DECLARATION OF G.R. BROWN–4
[2:17-cv-01297-MJP]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800