The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, *et al.*,<br><br>    Plaintiffs,<br><br>STATE OF WASHINGTON,<br><br>    Plaintiff-Intervenor,<br><br>v.<br><br>DONALD TRUMP, *et al.*,<br><br>    Defendants. | Case No: 2:17-cv-1297-MJP<br><br>**STIPULATED UNIFORM PROTECTIVE ORDER AND CROSS-USE AGREEMENT**<br><br>NOTE ON MOTION CALENDAR:<br>February 23, 2018 |

Pursuant to Federal Rule of Civil Procedure 26(c) and 5 U.S.C. § 552a(b)(11), and for good cause shown, the Court hereby enters the following Stipulated Uniform Protective Order and Cross-Use Agreement:

WHEREAS, pursuant to discovery or otherwise during the course of the above-captioned action ("*Karnoski v. Trump*"); *Doe v. Trump*, No. 1:17-cv-1597 (D.D.C.); *Stone v. Trump*, No. 1:17-cv-02459 (D. Md.); and *Stockman v. Trump*, No. 17-cv-1799 (C.D. Cal.); (collectively, the "Named Actions"); the parties may be required to disclose confidential and sensitive information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure and information subject to the Privacy Act; and

WHEREAS, a protective order pursuant to Rule 26(c) and 5 U.S.C. § 552a(b)(11) is necessary in the Named Actions to prevent unnecessary disclosure or dissemination of such confidential and sensitive information held by the parties;

STIPULATED UNIFORM PROTECTIVE ORDER
AND CROSS-USE AGREEMENT - 1

WHEREAS, there exists substantial overlap between the subject matter of the Named Actions, making it efficient and appropriate to permit discovery produced by parties and non-parties in any of the Named Actions to be used in *Karnoski v. Trump*;

THEREFORE, IT IS HEREBY ORDERED that the following provisions of this Uniform Protective Order and Cross-Use Agreement (hereafter the "Order") shall control the disclosure, dissemination, and use of material produced in discovery in *Karnoski v. Trump*:

1. **Scope of Order:** This Order shall govern the production, use, and disclosure of all information and materials produced by any party or non-party in response to any discovery request in *Karnoski v. Trump* (including, but not limited to, documents, interrogatory answers, responses to requests to admit, and deposition transcripts and exhibits), all information contained in those materials, and all copies, excerpts, or summaries of those materials (collectively, "Discovery Material").

2. **Designation of Protected Material:** A party or non-party may, in good faith, designate as CONFIDENTIAL and therefore subject to the protections and requirements of this Order, any Discovery Material that the designating party reasonably believes contains confidential information, including personal, proprietary, or sensitive information not generally disclosed to the public. Subject to the exceptions set forth in Paragraph 6, Discovery Material designated CONFIDENTIAL ("Protected Material") shall be used by the receiving parties solely for the prosecution or defense of the Named Actions and shall not be disclosed to any person or entity unless specifically authorized by the terms of this Order or by further order of the Court. Consistent with the requirements of this paragraph, a party may, within fifteen (15) business days of receipt of the Discovery Materials, by written notice to the other parties, designate as CONFIDENTIAL any Discovery Materials produced or given by the other parties or by a non-party but not designated CONFIDENTIAL by that other party or non-party.

3. **Limitations on Use:** Subject to the exceptions set forth in Paragraph 6, Protected Material and its contents, as well as copies, summaries, notes, memoranda, and computer databases relating thereto, shall be used solely for the purpose of the Named Actions, shall be and remain confidential, and shall not be disclosed in any fashion, nor be used for any purpose

other than litigating the Named Actions.

4.  **Limited Disclosure of Protected Material:** Except as stated in paragraphs 5 and 6 below, Protected Material may be disclosed, subject to the specific procedures and provisions contained in this Order, to the following persons and/or entities only:

 a) This Court and the officers, employees, and any stenographic reporters of such courts;

 b) Counsel representing the parties in the Named Actions and their support personnel whose functions require access to Protected Material (collectively "Attorney Professionals");

 c) Outside vendors who perform scanning, photocopying, computer classification, translation, or similar clerical functions, retained by the parties or their counsel in the Named Actions, but only for the purposes of performing such services and only so long as necessary to perform those services;

 d) Independent experts consulted or retained by counsel for assistance in the preparation or prosecution of claims or defenses in the Named Actions, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in the Named Actions;

 e) A witness who has been noticed or subpoenaed for deposition or a court appearance in the Named Actions to the extent reasonably necessary for the preparation or giving of his or her testimony about Protected Material;

 f) Any other person who is so designated by order of this Court or by written agreement of the producing party.

No Protected Material may be disclosed to persons identified in subparagraphs (d), (e) or (f) until they have reviewed this Order and have executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the party making the disclosure to such persons (provided that Counsel who makes such disclosure shall retain the written agreement but shall not be required to produce it to opposing counsel until the deposition of the person or without order of the Court).

5. **Order Affecting Pseudonym Plaintiff:** Use and disclosure of the Pseudonym Plaintiff's identity in *Stone v. Trump* remain governed by the protective order entered by the *Stone* Court on September 29, 2017 ("*Stone* Pseudonym Order"). Use and disclosure of the Pseudonym Plaintiffs' identities in *Doe v. Trump* remain governed by the September 13, 2017 protective order entered in *Doe v. Trump* ("*Doe* Pseudonym Order"). Use and disclosure of the Pseudonym Plaintiff's identity in *Karnoski v. Trump* remain governed by the Order Granting Motion to Proceed Under Pseudonym entered by the Court on October 10, 2017 ("*Karnoski* Pseudonym Order"). Insofar as there is any conflict between this Order and the *Stone*, *Karnoski* and *Doe* Pseudonym Orders, the Pseudonym Orders shall prevail.

6. **Cross-Use of Discovery Material:** Any Discovery Material produced or provided by any party or non-party in any of the Named Actions shall be deemed produced in the other Named Actions and shall be treated consistently with the terms of this Order, with the exception of any Discovery Materials that include personally identifying information in the Named Actions, including information that would lead to the discovery of the identities of plaintiffs proceeding anonymously or other information protected by the Pseudonym Orders.

7. **Effect of Designation:** The designation of Protected Material pursuant to the Order shall not be construed as a waiver of any objection or a concession by any party that such Protected Material is relevant or material to any issue. Nor shall a failure to object to the designation of any such Protected Material be construed as a concession by the receiving parties that such Protected Material is, in fact, confidential or otherwise entitled to protection under the terms of this Order. All parties maintain their respective rights to object to production of any requested documents on the grounds that they are otherwise not discoverable, including, but not limited to, objections based on any applicable privilege, undue burden, overbreadth, relevance, and proportionality to the needs of the case. Any party may seek an order from the Court determining that specified Protected Material is not entitled to be treated as CONFIDENTIAL.

8. **Mechanics of Designation:** No designation of CONFIDENTIAL shall be effective as to a particular page of Protected Material unless there is placed on or affixed to each page of such Protected Material a marking of "CONFIDENTIAL." In the case of electronic

documents produced in native format, such designation may be made on the physical media (e.g., disk, flash drive) containing such electronic documents and on a slipsheet accompanying the native file if the file is served electronically. Testimony may be designated CONFIDENTIAL within ten (10) business days after receipt of a transcript of said testimony by furnishing to counsel for the other parties a detailed statement of the specific portions of any such information, by page and line number or exhibit number, by designating lines and pages as confidential by highlighting or digital marking, or by a statement on the record at the time the testimony is given. Pending the expiration of said ten (10) business days, all parties shall presumptively treat the entire deposition transcript as CONFIDENTIAL. In addition to the requirements of this Order, the court reporter before whom a deposition or other testimony relating to Protected Material is taken shall, at the request of any party, designate a portion of the deposition or any exhibits containing Protected Material as CONFIDENTIAL.

9. **No Waiver; Late Designation:** The failure of a party to designate information or documents as CONFIDENTIAL in accordance with this Order, and the failure to object to such a designation, is not a waiver of the right to do so and shall not preclude a party at a later time from subsequently designating or objecting to the designation of such information or documents as CONFIDENTIAL. The parties understand and acknowledge that a party's failure to designate information or documents as CONFIDENTIAL relieves the other parties of any obligation of confidentiality until such a designation is made. Promptly after written notice to the receiving parties of any such subsequent designation by the producing party, which notice shall specifically identify the documents or information to be designated, the parties shall confer and agree upon a method to mark as CONFIDENTIAL any such subsequently designated documents. All documents containing any such subsequently designated information will be thereafter treated in accordance with this Order.

10. **Objections to Designations:** A party may, at any time, make a good faith challenge to the propriety of a Confidential Information designation. In the event a party objects in writing to the designation of any material under this Order, the objecting party shall consult with the designating party to attempt to resolve their differences. If the parties are unable to

reach an accord as to the proper designation of the material, after giving notice to the designating party, either party may apply to the Court for a ruling regarding the designation. If such a motion is made, the designating party has the burden of establishing that the designation is proper. If a timely motion is made, any documents or other materials that have been designated CONFIDENTIAL that are the subject of the motion shall be treated as Confidential until such time as the Court rules that such materials should not be treated as Confidential.

11. **Control of Protected Material:** All Protected Material shall be maintained under the direct control of counsel of record of the Named Actions, who shall be responsible for preventing any disclosure thereof, except as permitted by the terms of this Order. Attorney Professionals may review and make working copies, abstracts, and digests of Protected Material for use in connection with the Named Actions, and such working copies, abstracts, and digests shall be deemed Protected Material under the terms of this Order provided that access to Protected Material, in whatever form stored or reproduced, shall be limited to those persons entitled to receive such information pursuant to the terms of this Order and shall be appropriately marked in accordance with the terms of this Order.

12. **Return:** Unless otherwise instructed by the Court, and subject to any applicable document retention requirements, at the conclusion of this action, including any appeals, all Protected Material, in whatever form stored or reproduced, shall be returned to counsel of record for the party who produced said Protected Material, or the receiving parties shall certify that all such information has been destroyed, except that the attorneys for the parties shall be entitled to retain all litigation documents, including exhibits and their own memoranda, containing Protected Material. Such litigation documents and memoranda shall be used only for the purpose of preserving files this action, and shall not, without the written permission of the designating party or an order of this Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Order, during the course of the Named Actions.

13. **Filing under Seal:** Any party seeking to file documents containing Protected

Material shall file a motion to file under seal pursuant to all applicable Federal Rules of Civil Procedure and the Local Rules of this Court.

14. **Subpoena of Protected Material:** If a person in possession of Protected Material who is not the producing party with respect to that Protected Material receives a subpoena or other request that would require production or other disclosure of Protected Material, that person shall immediately give written notice to counsel for the producing party, identifying the Protected Material sought and the date and time that production or other disclosure is required. In no event should production or disclosure be made without written approval by counsel for the producing party or by further order of the Court or another court of competent jurisdiction.

15. **Inadvertent Disclosure:** Should any Protected Material be disclosed, through inadvertence or otherwise, to any person and/or entity not entitled to access or review same, then such person and/or entity:

(a) Shall be informed promptly of all provisions of this Order by the responsible party;

(b) Shall immediately be identified to all counsel of record in all Named Actions by the responsible party; and

(c) Shall be requested, in writing by the responsible party, to return the material to the responsible party.

Inadvertent disclosure by the disclosing party of any Protected Material, regardless of whether said Protected Material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the protectability of the Protected Material in accordance with the terms of this Order, either as to the specific Protected Material disclosed, or as to any other information relating thereto or relating to the same or related subject matter.

16. **Modification:** This Order is without prejudice to the right of any party to apply at any time for additional protection, or to amend, modify, or rescind the restrictions of this Order. The party must provide written notice to counsel of record for all parties in the Named Actions specifying the portion(s) of this Order it seeks to amend, modify, or rescind and any additional provisions it may seek to add to the Order. The written notice must be served five (5) business days in advance of filing any such motion. The parties expressly reserve the right to seek

STIPULATED UNIFORM PROTECTIVE ORDER
AND CROSS-USE AGREEMENT - 7

modification, amendment, or rescission of this Order by mutual agreement in writing.

17. **Enforcement:** All persons to whom Protected Material is disclosed shall be subject to the jurisdiction of this Court, for the purpose of enforcing this Order. This Order shall continue in full force and effect, and shall be binding upon the parties and all persons to whom Protected Material has been disclosed, both during and after the pendency of this case.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:


Respectfully submitted February 12, 2018.

| | |
|---|---|
| **NEWMAN DU WORS LLP** | **UNITED STATES DEPARTMENT OF JUSTICE** |
| s/Samantha Everett<br>Derek A. Newman, WSBA #26967<br>*dn@newmanlaw.com*<br>Samantha Everett, WSBA #47533<br>*samantha@newmanlaw.com*<br>2101 Fourth Ave., Ste. 1500<br>Seattle, WA 98121<br>(206) 274-2800 | s/Ryan B. Parker<br>Ryan B. Parker<br>Gerald Brinton Lucas<br>Andrew Carmichael<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>950 Pennsylvania Ave., NW Rm 7326<br>Washington, DC 20530<br>*Ryan.parker@usdoj.gov*<br>*Brinton.lucas@usdoj.gov*<br>*Andrew.e.carmichael.usdoj.gov* |
| **LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.**<br>Camilla B. Taylor (admitted pro hac vice)<br>Tara L. Borelli, WSBA #36759<br>Peter C. Renn (admitted pro hac vice)<br>Natalie Nardecchia (admitted pro hac vice)<br>Sasha Buchert (admitted pro hac vice)<br>Kara N. Ingelhart (admitted pro hac vice)<br>Carl Charles (admitted pro hac vice) | *Attorneys for Defendants*<br><br>**OFFICE OF THE ATTORNEY GENERAL** |
| **OUTSERVE-SLDN, INC.**<br>Peter Perkowski (admitted pro hac vice) | s/Colleen Melody<br>La Rond Baker<br>Colleen Melody<br>Assistant Attorney General<br>Office of the Attorney General<br>800 Fifth Avenue, Suite 200<br>Seattle, WA 98104<br>*larondb@atgwa.gov*<br>*colleenm1@atg.wa.gov* |
| **KIRKLAND & ELLIS LLP**<br>James F. Hurst, P.C. (admitted pro hac vice)<br>Jordan Heinz (admitted pro hac vice)<br>Scott Lerner (admitted pro hac vice)<br>Vanessa Barsanti (admitted pro hac vice)<br>Daniel Siegfried (admitted pro hac vice)<br>Ben Tyson (admitted pro hac vice) | *Counsel for Intervenor Plaintiff State of Washington* |
| *Attorneys for Plaintiffs* | |

STIPULATED UNIFORM PROTECTIVE ORDER
AND CROSS-USE AGREEMENT - 8

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 14th day of February, 2018.

*/s/ Marsha J. Pechman*
Marsha J. Pechman
United States District Judge

# EXHIBIT A

# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Uniform Protective Order and Cross-Use Agreement that was issued by the United States District Court for the Western District of Washington on _____ in the case of *Karnoski, et al. v. Trump, et al.*, Case Number 2:17-CV-1297-MJP. I agree to comply with and to be bound by all the terms of this Stipulated Uniform Protective Order and Cross-Use Agreement and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Uniform Protective Order and Cross-Use Agreement to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Uniform Protective Order and Cross-Use Agreement, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature_____

STIPULATED UNIFORM PROTECTIVE ORDER
AND CROSS-USE AGREEMENT - 10