The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, *et al.*, <br><br> Plaintiffs, <br><br> STATE OF WASHINGTON, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> DONALD TRUMP, *et al.*, <br><br> Defendants. | Case No: 2:17-cv-1297-MJP <br><br> **JOINT STATUS REPORT AND DISCOVERY PLAN** |

JOINT STATUS REPORT AND DISCOVERY PLAN
[Case No.: 2:17-cv-01297-MJP]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

I. **Nature and Complexity of the Case**

   A. **Plaintiffs' Statement**

   Plaintiffs filed this action challenging the constitutionality of Defendants' policy prohibiting military service by openly transgender individuals ("Ban"). Specifically, Plaintiffs allege that the Ban violates Plaintiffs' right to equal protection under the law, to due process, and to freedom of expression as guaranteed by the First Amendment.

   Plaintiff-Intervenor Washington State ("Washington") joined this action to challenge the constitutionality of Defendants' policy prohibiting military service by openly transgender individuals and Defendants' policy of barring access to necessary medical services because of a service member's transgender status. Specifically, Washington alleges that the Ban violates the substantive due process and equal protection guarantees of the Fifth Amendment.

   Hereinafter, the term "Plaintiffs" includes the *Karnoski* plaintiffs and Washington.

   B. **Defendants' Statement**

   Plaintiffs ask this Court to prejudge the constitutionality of a future Government policy regarding military service by transgender individuals. The policy Plaintiffs assail is still being studied, developed, and implemented. Under the terms of the President's August 25, 2017 Memorandum, the Secretary of Defense, in consultation with the Secretary of Homeland Security, is scheduled to submit an Implementation Plan to the President by February 21, 2018, which will include the Secretary's determination regarding how to address transgender individuals currently serving in the United States military. See Presidential Memorandum, 82 Fed. Reg. 41319.

   C. **Joint Statement**

   The case is not unusually complex as defined by Local Civil Rule 102.

II. **Proposed Deadline for Joining Additional Parties**

   The parties propose **February 23, 2018** as the deadline to add additional parties without leave of Court.

III. **Consent to Magistrate Judge**

   The parties do not consent to a Magistrate Judge.

JOINT STATUS REPORT AND
DISCOVERY PLAN - 1
[Case No.: 2:17-cv-01297-MJP]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

IV. **Discovery Plan**

    A. **Initial Disclosures**

The parties exchanged initial disclosures on **February 9, 2018**.

    B. **Subjects, Timing, and Potential Phasing of Discovery**

        1. **Plaintiffs' Statement**

Plaintiffs plan to conduct discovery regarding the ban on military service by transgender individuals, including the process that led to the Ban, Defendants' asserted justifications for the Ban, and communications regarding the Ban.  The *Karnoski* Plaintiffs have already served written discovery on Defendants.  Plaintiff State of Washington has not served discovery requests.  Plaintiffs anticipate to begin taking depositions after receiving and reviewing documents relevant to the deponents at issue, which may first require resolution of potential disputes regarding privilege objections raised by Defendants.

        2. **Defendants' Statement**

Defendants plan to conduct discovery regarding Plaintiffs' standing to sue; opinions offered in declarations by former Service and Under Secretaries and a former Chairman of the Joint Chiefs of Staff concerning military readiness, unit cohesion, morale, and cost; and the qualifications of Plaintiffs' two proffered expert witnesses to provide their opinions, as well as the bases and reliability of those opinions.  Defendants anticipate serving written discovery in February or March 2018, and taking depositions of Plaintiffs and the former Chairman of the Joint Chiefs of Staff in March and April.

Defendants have responded to the *Karnoski* Plaintiffs' first set of interrogatories and requests for the production of documents and produced more than 68,000 pages of records in this case.  Defendants are proceeding with document production on a rolling basis, and currently anticipate the collection, review, and production of records will be complete in late March.

Many depositions already have been scheduled for February and March in the related case *Doe v. Trump*, and counsel for Plaintiffs have been invited to those depositions.  On December 15 and December 22, 2017, Defendants noted in a Joint Status Report and Supplement in the related case *Doe v. Trump* that they would be taking the depositions of Brad Carson on

JOINT STATUS REPORT AND
DISCOVERY PLAN - 2
[Case No.: 2:17-cv-01297-MJP]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1  March 19, 2018; Deborah Lee James on March 21, 2018; Raymond Mabus, Jr. on March 26,
2  2018; Eric K. Fanning on March 29, 2018; George Richard Brown on March 5, 2018; and Mark
3  Eitelberg on March 27, 2018.  *See Doe v. Trump*, No. 1:17-cv-01597-CKK (D.D.C.); Dkt.
4  Nos.76, 77.  These six individuals appear to be offering the same testimony in all four related
5  cases.  For the sake of efficiency, Defendants intend to depose these individuals once for all four
6  related cases.

### 3.   Joint Statement

The parties agree that discovery produced by Defendants in *Doe v. Trump*, No. 17-1597 (D.D.C.), *Stone v. Trump*, No. 17-2459 (D. Md.), and *Stockman v. Trump*, No. 17-cv-1799 (C.D. Cal.) can be used as if the discovery was taken in this litigation.  Accordingly, the parties have agreed to a stipulated protective order and cross-use agreement that was entered by the Court on February 14, 2018.  *See* Dkt. No. 183.

The parties will also continue to discuss the possibility of further coordination of discovery, including depositions, across the related cases.

The parties do not propose staging or phasing discovery.

### C.   Electronically Stored Information

The parties agree that electronically stored information (ESI) is likely to be responsive to discovery requests in this case, and are negotiating an ESI protocol.

### D.   Privilege Issues

If discoverable but confidential information is sought, the parties agree to follow the provisions set forth in the Stipulated Uniform Protective Order and Cross-Use Agreement, Dkt. No. 183.  If any inadvertent disclosures occur, the parties agree to follow the provisions of the Stipulated Fed. R. Evid. 502(d) Order, Dkt. No. 182.

### 1.   Plaintiffs' Statement

The *Karnoski* Plaintiffs received written discovery responses from Defendants on February 9, 2018 raising numerous privilege objections.  The *Karnoski* Plaintiffs are currently in the process of reviewing those objections and anticipate that they may require motion practice to resolve, depending on the outcome of the meet-and-confer process.

JOINT STATUS REPORT AND
DISCOVERY PLAN - 3
[Case No.: 2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**2. Defendants' Statement**

Plaintiffs have named the President as a defendant in this case, and they have stated above their intent to conduct discovery regarding the "process that led to the Ban, Defendants' asserted justifications for the Ban, and communications regarding the Ban." Plaintiffs should not be permitted to seek discovery from the President. The Supreme Court has held that it has "no jurisdiction of a bill to enjoin the President in the performance of his official duties," *Mississippi v. Johnson*, 71 U.S. 475, 501 (1866); *see also Franklin v. Massachusetts*, 505 U.S. 788, 802–03 (1992), and lower courts often have applied the same principle, *see, e.g.*, *Hawaii v. Trump*, 859 F.3d 741, 788 (9th Cir.), *vacated on other grounds*, *Trump v. Int'l Refugee Assistance Project*, 138 S. Ct. 377 (2017) (finding that the Government's position that "district court erred by issuing an injunction that runs against the President himself" is "well taken" and "vacat[ing] the district court's order to the extent the order runs against the President"). Because the Court lacks jurisdiction to enjoin the President in the performance of his official duties, it cannot order discovery of the President.

Even assuming the President were a proper defendant and could be subject to a civil discovery order, discovery directed to the President in civil litigation would raise significant separation-of-powers concerns and should not be allowed. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 385 (2004). The Court in *Cheney* noted that the public interest requires that a coequal branch of Government "'afford Presidential confidentiality the greatest protection consistent with the fair administration of justice.'" *Id.* at 382 (quoting *United States v. Nixon*, 418 U.S. 683, 715 (1974)). Moreover, "special considerations control when the Executive Branch's interests in maintaining the autonomy of its office and safeguarding the confidentiality of its communications are implicated." *Id.* at 385. Accordingly, the Court should, at a minimum, first require Plaintiffs to exhaust alternative sources of non-privileged discovery before subjecting the President to discovery.

In addition, the presidential communications privilege shields from discovery the President's "communications in performance of [his] responsibilities," *Nixon*, 418 U.S. at 711, or "documents or other materials that reflect presidential decisionmaking or deliberations," *In re*

JOINT STATUS REPORT AND
DISCOVERY PLAN - 4
[Case No.: 2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

*Sealed Case*, 121 F.3d 729, 744 (D.C. Cir. 1997).  The privilege also protects communications authored or solicited and received by immediate White House advisers in the Office of the President and their staff.  *See id.* at 752.

Finally, much of the information Plaintiffs have sought from the President is subject to other privileges, including, but not limited to, the deliberative process privilege, attorney-client privilege, and attorney work product.

### E. Proposed Limitations on Discovery

#### 1. Plaintiffs' Statement

Plaintiffs propose that the Rule 30(a)(2)(A)(ii) limit on the number of depositions per side be increased from 10 to 15 depositions, given the number of individuals likely to have discoverable information concerning the challenged policy.  Courts in other cases challenging the policy have similarly permitted 15 depositions per side.  *See, e.g.*, *Stone v. Trump*, No. 1:17-CV-2459-MJG, Dkt. No. 100 (D. Md. Dec. 27, 2017).  Where appropriate and feasible, Plaintiffs may be able to rely upon depositions taken in these other cases, but they should not be prohibited from obtaining the particular discovery they believe is necessary to prosecute their own case.  Furthermore, although Plaintiffs oppose Defendants' request under Rule 56(d) for a continuance to oppose summary judgment, Plaintiffs note that Defendants themselves have indicated that they anticipate taking up to 19 depositions.  Dkt. No. 179, ¶¶ 4-6.  Plaintiffs also do not agree that any *decrease* in the number of document requests, interrogatories, or requests for admission permitted in ordinary litigation would be appropriate in this case.

#### 2. Defendants' Statement

Because Plaintiffs may participate in the depositions that are taking place in the other three related cases, and Plaintiffs may use any of the discovery Defendants are producing in the other cases, a decrease in the presumptive discovery limits are appropriate here.  In particular, Defendants suggest that Plaintiffs be limited to five depositions beyond those that are taking place in the other cases, 20 interrogatories, 20 requests for admissions, and 20 document production requests.  These limitations are proportionate to the needs of the case, particularly given the voluminous discovery Defendants are providing in the other related cases. The parties

JOINT STATUS REPORT AND
DISCOVERY PLAN - 5
[Case No.: 2:17-cv-01297-MJP]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

...

do not propose any additional limitations on discovery beyond those provided by the Federal Rules of Civil Procedure and local rules for the Western District of Washington.

### F. Need for Discovery-Related Orders

Plaintiffs filed motions for summary judgment on January 25, 2018. Defendants filed a Rule 56(d) response to Plaintiffs' motions for summary judgment on February 12, 2018, requesting the opportunity to take discovery before the Court addresses the merits of Plaintiffs' summary judgment motion. Plaintiffs oppose that request for the reasons stated in their replies filed on February 16, 2018.

## V. Local Civil Rule 26(f)(1) Items

### A. Prompt Case Resolution

The parties have met and discussed the possibility of settling or otherwise resolving the case. The parties have been unable to come to any agreements that obviate the need for this Court to resolve Plaintiffs' claims and Defendants' defenses.

### B. Alternative Dispute Resolution

The parties do not intend to seek mediation or arbitration at this time.

### C. Related Cases

Plaintiffs have notified this Court of other actions in other jurisdictions challenging the Ban. *See* Dkt. No. 27.

### D. Discovery Management

At this time, the parties do not expect significant or protracted discovery. The parties agree to cooperate in a manner that minimizes expenses while preserving each side's ability to assert their claims and defenses. The parties are amenable to resolving discovery disputes through informal means (such as through telephone conferences or letter briefs) at the Court's direction. The parties have also agreed that service via email is acceptable pursuant to Federal Rule of Civil Procedure 5(b)(2)(E). The parties also agree that for any third-party that has provided a declaration on behalf of a party, the party that has submitted the declaration will agree to accept service of a Rule 45 subpoena on behalf of that third party where authorized to do so.

JOINT STATUS REPORT AND
DISCOVERY PLAN - 6
[Case No.: 2:17-cv-01297-MJP]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

     **E.**     **Anticipated Discovery Sought**

The parties anticipate written discovery, depositions, and third-party discovery.

     **F.**     **Phasing Motions**

Not at this time.

     **G.**     **Preservation of Discoverable Information**

The parties do not anticipate any issues preserving discoverable information.

     **H.**     **Privilege Issues**

*See* Section IV.D, *supra*.

     **I.**     **Model Protocol for Discovery of ESI**

The parties are currently negotiating an ESI protocol that will be used in this case as well as in *Doe v. Trump*, No. 17-1597 (D.D.C.), *Stone v. Trump*, No. 17-2459 (D. Md.), and *Stockman v. Trump*, No. 17-cv-1799 (C.D. Cal.).

     **J.**     **Alternatives to Model Protocol**

None at this time (*see* Section V.I, *supra*).

## VI. Date for Discovery Completion

The parties propose a discovery cutoff of **May 31, 2018**, inclusive of both fact and expert discovery. The parties propose that proponents serve expert reports no later than **April 6, 2018**, and that opponents serve any rebuttal reports no later than **May 4, 2018**.

## VII. Bifurcation of Liability and Damages Issues or Other Issues

Plaintiffs are not seeking damages. At this time, the parties do not believe that the case should be bifurcated.

## VIII. Pretrial Statements and Pretrial Order

At this time, the parties are not willing to waive pretrial statements and the pretrial order.

## IX. LCR 39.2 Individualized Trial Program

The parties do not agree to an Individualized Trial Program.

## X. Other Suggestions for Shortening or Simplifying Case

As explained above, Plaintiffs filed motions for summary judgment on January 25, 2018. Defendants filed a Rule 56(d) response to Plaintiffs' motions for summary judgment on February

JOINT STATUS REPORT AND
DISCOVERY PLAN - 7
[Case No.: 2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

12, 2018, requesting the opportunity to take discovery before the Court addresses the merits of Plaintiffs' summary judgment motion.

## XI. Month of Trial

### A. Plaintiffs' Statement

Plaintiffs propose June 2018 as the trial month.

### B. Defendants' Statement

The district court should first resolve the parties' summary judgment motions before setting a trial date. In addition, the trial date in this action will need to be coordinated with any trials scheduled in *Doe v. Trump*, No. 17-1597 (D.D.C.), *Stone v. Trump*, No. 17-2459 (D. Md.), and *Stockman v. Trump*, No. 17-cv-1799 (C.D. Cal.).

### C. Jury / Non-Jury Trial

Plaintiffs have not demanded a jury.

## XII. Length of Trial

The parties estimate 5-10 days.

## XIII. Trial Counsel

### A. For Plaintiffs

Vanessa Barsanti, Kirkland & Ellis LLP

Tara Borelli, Lambda Legal Defense and Education Fund, Inc.

Sasha Buchert, Lambda Legal Defense and Education Fund, Inc.

Carl Charles, Lambda Legal Defense and Education Fund, Inc.

Samantha Everett, Newman Du Wors LLP

Jordan Heinz, Kirkland & Ellis LLP

James F. Hurst, P.C., Kirkland & Ellis LLP

Kara Ingelhart, Lambda Legal Defense and Education Fund, Inc.

Scott Lerner, Kirkland & Ellis LLP

Natalie Nardecchia, Lambda Legal Defense and Education Fund, Inc.

Derek A. Newman, Newman Du Wors LLP

Peter Perkowski, OutServe-SLDN, Inc.

JOINT STATUS REPORT AND DISCOVERY PLAN - 8
[Case No.: 2:17-cv-01297-MJP]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Peter Renn, Lambda Legal Defense and Education Fund, Inc.

Daniel Siegfried, Kirkland & Ellis LLP

Camilla B. Taylor, Lambda Legal Defense and Education Fund, Inc.

Ben Tyson, Kirkland & Ellis LLP

**B.     For State of Washington**

La Rond Baker, Assistant Attorney General

**C.     For Defendants**

Ryan Parker, U.S. Department of Justice

Andrew Carmichael, U.S. Department of Justice

Ashley Cheung, U.S. Department of Justice

Courtney Enlow, U.S. Department of Justice

Robert Norway, U.S. Department of Justice

Matthew Skurnik, U.S. Department of Justice

**XIV.   Service Status**

All Defendants have been served.

**XV.    Scheduling Conference**

To the extent necessary to resolve any disputes, or if it would be of assistance to the Court, the parties are available for a scheduling conference.

**XVI.   Corporate Disclosure Statement**

Plaintiffs Human Rights Campaign, the American Military Partners Association, and Gender Justice League have filed corporate disclosure statements. *See* Docket Nos. 2, 3, 114.

**XVII.  Video Recording of Proceedings**

The parties agree to the use of cameras and/or video equipment at trial in this matter.

JOINT STATUS REPORT AND DISCOVERY PLAN - 9
[Case No.: 2:17-cv-01297-MJP]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Respectfully submitted February 16, 2018.

| | |
|---|---|
| **NEWMAN DU WORS LLP** | **UNITED STATES DEPARTMENT OF JUSTICE** |
| s/Samantha Everett | s/Ryan B. Parker |
| Derek A. Newman, WSBA #26967 | Ryan B. Parker |
| *dn@newmanlaw.com* | Gerald Brinton Lucas |
| Samantha Everett, WSBA #47533 | Andrew Carmichael |
| *samantha@newmanlaw.com* | United States Department of Justice |
| 2101 Fourth Ave., Ste. 1500 | Civil Division, Federal Programs Branch |
| Seattle, WA 98121 | 950 Pennsylvania Ave., NW Rm 7326 |
| (206) 274-2800 | Washington, DC 20530 |
| | *Ryan.parker@usdoj.gov* |
| **LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.** | *Brinton.lucas@usdoj.gov* |
| | *Andrew.e.carmichael.usdoj.gov* |
| Camilla B. Taylor (admitted pro hac vice) | |
| Tara L. Borelli, WSBA #36759 | *Attorneys for Defendants* |
| Peter C. Renn (admitted pro hac vice) | |
| Natalie Nardecchia (admitted pro hac vice) | **OFFICE OF THE ATTORNEY GENERAL** |
| Sasha Buchert (admitted pro hac vice) | |
| Kara N. Ingelhart (admitted pro hac vice) | |
| Carl Charles (admitted pro hac vice) | s/La Rond Baker |
| | La Rond Baker |
| **OUTSERVE-SLDN, INC.** | Colleen Melody |
| Peter Perkowski (admitted pro hac vice) | Assistant Attorney General |
| | Office of the Attorney General |
| **KIRKLAND & ELLIS LLP** | 800 Fifth Avenue, Suite 200 |
| James F. Hurst, P.C. (admitted pro hac vice) | Seattle, WA 98104 |
| Jordan Heinz (admitted pro hac vice) | *larondb@atgwa.gov* |
| Scott Lerner (admitted pro hac vice) | *colleenm1@atg.wa.gov* |
| Vanessa Barsanti (admitted pro hac vice) | |
| Daniel Siegfried (admitted pro hac vice) | *Counsel for Plaintiff-Intervenor State of Washington* |
| Ben Tyson (admitted pro hac vice) | |
| | |
| *Attorneys for Plaintiffs* | |

JOINT STATUS REPORT AND DISCOVERY PLAN - 10
[Case No.: 2:17-cv-01297-MJP]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the United States of America and the laws of the State of Washington that all participants in the case are registered CM/ECF users and that service of the foregoing documents will be accomplished by the CM/ECF system on February 16, 2018.

*[signature]*

Samantha Everett, WSBA #47533
*samantha@newmanlaw.com*
Newman Du Wors LLP
2101 Fourth Ave., Ste. 1500
Seattle, WA 98121
(206) 274-2800

JOINT STATUS REPORT AND
DISCOVERY PLAN - 11
[Case No.: 2:17-cv-01297-MJP]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800