UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, et al., | CASE NO. C17-1297-MJP |
| Plaintiffs, | ORDER DENYING DEFENDANTS' RULE 56(d) MOTION |
| v. | |
| DONALD J. TRUMP, et al., | |
| Defendants. | |
| STATE OF WASHINGTON, | |
| Intervenor-Plaintiff, | |
| v. | |
| DONALD J. TRUMP, et al., | |
| Intervenor-Defendants. | |

THIS MATTER comes before the Court on Defendants' Rule 56(d) Motion (Dkt. No. 178) filed in response to Plaintiffs' and the State of Washington's Motions for Summary Judgment (Dkt. Nos. 129, 150). Having reviewed all related submissions, the Court DENIES Defendants' Rule 56(d) Motion.

**Background**

On July 26, 2017, President Donald J. Trump announced on Twitter that "the United States Government will not accept or allow transgender individuals to serve in any capacity in the U.S. Military."  (Dkt. No. 129 at 10.)  On August 25, 2017, he issued a Presidential Memorandum directing the Secretaries of Defense and Homeland Security to authorize the discharge of openly transgender service members, to prohibit the accession of openly transgender individuals, and to prohibit the funding of certain surgical procedures for transgender service members.

Plaintiffs and the State of Washington ("Washington") challenge the constitutionality of the policy excluding transgender individuals from serving openly in the military.  Plaintiffs, who include nine individuals (the "Individual Plaintiffs") and three organizations (the "Organizational Plaintiffs"), contend that the policy violates their rights to equal protection, due process, and freedom of expression under the First Amendment.  Washington contends that the policy violates substantive due process and equal protection under the Fifth Amendment.

On December 11, 2017, this Court found that the Individual Plaintiffs, the Organizational Plaintiffs, and Washington had standing to challenge the policy, and entered a preliminary injunction preventing Defendants from implementing or enforcing the ban on military service by openly transgender individuals.  (Dkt. No. 103.)

On January 25, 2018, Plaintiffs and Washington moved for summary judgment.  (Dkt. Nos. 129, 150.)  Instead of opposing the motion, Defendants moved for a continuance pursuant to Federal Rule of Civil Procedure 56(d).  (Dkt. No. 178.)  Defendants claim they "have not previously had an opportunity to fully pursue discovery in this case," and that such discovery is needed "to develop additional facts that will further support, inter alia, why Plaintiffs lack

1 | standing to bring their claims and why summary judgment should be granted for Defendants."

2 | (Id. at 3, 6.)

3 | **Discussion**

4 |     To obtain a continuance under Rule 56(d), Defendants must show that additional

5 | discovery would uncover specific facts essential to opposing summary judgment.  See Family

6 | Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2009).

7 | Speculative, vague, and conclusory statements as to the existence of such facts are insufficient.

8 | See Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 888 (9th Cir. 1996);

9 | Harris v. City of Seattle, 315 F. Supp. 2d 1112, 1119 (W.D. Wash. 2004).

10 |     Defendants claim additional discovery is needed to "test the accuracy and completeness

11 | of the factual assertions" and to "develop additional facts" related to Plaintiffs' standing.  (Dkt.

12 | No. 178 at 3.)  In particular, Defendants speculate as to whether Plaintiffs Karnoski and D.L. can

13 | "meet the eligibility requirements for service in the military."  (Id. at 8.)

14 |     The Court finds that Defendants have failed to demonstrate that a continuance is

15 | warranted, as the "additional facts" sought by Defendants are not "essential" to opposing

16 | summary judgment.  Irrespective of their ability to meet eligibility requirements, the policy set

17 | forth in the Presidential Memorandum denies Plaintiffs Karnoski and D.L. "opportunities to

18 | compete for accession on equal footing with non-transgender individuals," "deprives them of

19 | dignity," and "subjects them to stigmatization."  (Dkt. No. 103 at 7-8.)  "Because the injury lies

20 | in the denial of an equal *opportunity* to compete, not the denial of the job itself," the Court need

21 | not "inquire into the plaintiff's qualifications (or lack thereof) when assessing standing."  Shea v.

22 | Kerry, 796 F.3d 42, 50 (D.C. Cir. 2015) (emphasis in original).

23 |

24 |

1      Further, "[i]f one plaintiff has standing, it does not matter whether the others do."

2  Thorsted v. Gregoire, 841 F. Supp. 1068, 1073 (W.D. Wash. 1994); Watt v. Energy Action Educ.

3  Found., 454 U.S. 151, 160 (1981).  The Court already found that the remaining Plaintiffs –

4  including Individual Plaintiffs currently serving in the military, Organizational Plaintiffs, and

5  Washington – have standing to challenge the constitutionality of the policy, and Defendants do

6  not even attempt to explain how additional discovery could show otherwise.

7      Finally, Defendants have failed to show that they were diligent in seeking the discovery

8  they now claim to need.  See Harris, 315 F. Supp. 2d at 1119 (Rule 56(d) continuance "is

9  particularly inappropriate when the party has failed to diligently pursue discovery throughout the

10  course of the litigation."); Mackey v. Pioneer Nat. Bank, 867 F.2d 520 (9th Cir. 1989) ("[a]

11  movant cannot complain if it fails to diligently pursue discovery before summary judgment.").

12  This case has been pending for nearly six months.  Defendants have already litigated standing in

13  their Motion to Dismiss (Dkt. No. 69), and have been aware of Plaintiffs' Motion for Summary

14  Judgment since December 12, 2017.  (Dkt. No. 185 at 4.)  While Defendants have had adequate

15  time to do so, they concede they have taken "no discovery . . . whatsoever."  (Dkt. No. 178 at 5.)

16                  **Conclusion**

17      Because Defendants have failed to show that a continuance is warranted, the Court

18  DENIES Defendants' Rule 56(d) Motion.  Defendants are ORDERED to file any opposition to

19  Plaintiffs' and Washington's Motions for Summary Judgment within seven (7) days of the date

20  of this Order.  Thereafter, Plaintiffs and Washington will have seven (7) days to reply.

21

22

23

24

The clerk is ordered to provide copies of this order to all counsel.

Dated February 21, 2018.

Marsha J. Pechman
United States District Judge