The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

RYAN KARNOSKI, et al.,

                Plaintiffs,

        v.

DONALD J. TRUMP, et al.,

                Defendants.

No. 2:17-cv-1297-MJP

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL INITIAL DISCLOSURES**

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL INITIAL DISCLOSURES
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-4336

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................... 1

BACKGROUND ...................................................................................................................... 2

ARGUMENT ............................................................................................................................ 4

CONCLUSION ......................................................................................................................... 7

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL INITIAL DISCLOSURES - i
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-4336**

# INTRODUCTION

Plaintiffs' motion to compel initial disclosures is premised upon the incorrect assumption that Defendants possess non-privileged information concerning the identity of witnesses and documents that they intend to use to support their defenses that they have not yet disclosed. *See generally* ECF No. 190. However, consistent with their obligations under Federal Rule of Civil Procedure 26(a)(1), Defendants have provided in their initial disclosures all of the witnesses and documents that they currently intend to rely upon to support their defenses. On February 16, 2018, Defendants served Amended Initial Disclosures that identified fourteen individuals who are likely to have information that Defendants may use to support their defenses.[1] These disclosures satisfy Rule 26(a)(1) because they were based on "the information then reasonably available" to Defendants. Plaintiffs do not seriously dispute that these disclosures are appropriate.

Instead, Plaintiffs focus their motion on their unwarranted assertion that, because Secretary of Defense James Mattis has now transmitted his recommendation concerning transgender service in the military to the President, Defendants must immediately supplement their initial disclosures to include the individuals and documents that they will rely upon to defend a future policy that has yet to be announced. Notably absent from Plaintiffs' motion, however, is any legal support for the proposition that a party must supplement initial disclosures to identify documents and witnesses that would support a policy that has yet to be finalized. Indeed, until a final policy is publicly announced, there is simply no basis to supplement.

Plaintiffs also misread the basic requirements of Rule 26(a)(1). The rule requires a party to give notice of the sources of discovery that presently "support *its* claims or defenses," Fed. R. Civ.

---

[1] Because these individuals were known to Plaintiffs, Defendants were not required to supplement their initial disclosures to include them. Fed. R. Civ. P. 26(e).

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL INITIAL DISCLOSURES - 1
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-4336**

P. 26(a)(1) (emphasis added), not—as Plaintiffs suggest—the opposing parties' claims or defenses, *see* Pls.' Mot. at 5, ECF No. 190.

Finally, the assertion that Plaintiffs have been "prejudiced" by Defendants' initial disclosures is belied by Plaintiffs' motion for summary judgment, in which Plaintiffs claim that there are no genuine disputes of material fact. *See* ECF No. 129. Plaintiffs do not even attempt to reconcile the inherent contradictions in their litigation positions, and their conclusory allegations of prejudice do not withstand scrutiny. Plaintiffs' motion to compel should be denied.

## BACKGROUND

On January 5, 2018, the Court issued a scheduling order requiring the parties to serve initial disclosures by February 9, 2018. *See* Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, ECF No. 124. Pursuant to that order, Defendants served the following initial disclosures:

> Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Defendants make the following initial disclosures based on the information reasonably available as of this date.
>
> The Department of Defense is currently undertaking a study of policies concerning transgender service members and upon completion of that study, and the development of any new policies resulting from that study, Defendants will supplement these disclosures as appropriate consistent with Federal Rule of Civil Procedure 26(e).

Decl. of Ryan B. Parker, Exh. 1. (Defs.' Initial Discl.). Those disclosures were entirely consistent with Rule 26(a)(1) based upon Defendants' theory of the case and their defenses.

On February 14, 2018, counsel for Defendants met and conferred with Plaintiffs' counsel regarding the parties' disclosures. Parker Decl. ¶ 3. During that meet and confer, defense counsel explained that, pursuant to the August 25, 2017 Executive Memorandum entitled "Military Service by Transgender Individuals" (the "Presidential Memorandum"), the Secretary of Defense had assembled a panel of experts to provide advice and recommendations regarding future policies

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL INITIAL DISCLOSURES - 2
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-4336

concerning military service by transgender individuals. Parker Decl. ¶ 4. Defense counsel explained that once the panel completed a comprehensive study of relevant polices, the Secretary of Defense would present the findings of the Department of Defense to the President. Parker Decl. ¶ 5. A final policy governing the military service of transgender individuals would then be adopted. Parker Decl. ¶ 5. Defense counsel made clear to Plaintiffs' counsel that, until the adoption of a final policy, Defendants would know neither what their defense of that policy and its justifications would be, nor what evidence they would ultimately rely on. Parker Decl. ¶ 6.

Defense counsel informed Plaintiffs' counsel that the Secretary of Defense was expected to present the results of the comprehensive study to the President on February 21, 2018. Parker Decl. ¶ 5. Contrary to Plaintiffs' assertion, defense counsel did not state that the new policy would be publicly "released" on February 21, 2018. *See* Pls.' Mot. at 1-2; Parker Decl. ¶ 5.

Following the meet and confer, on February 16, 2018, Defendants amended their initial disclosures. Although this was not required by Rule 26(e) because the individuals identified were already known by Plaintiffs, Defendants added a list of fourteen individuals on whom Defendants plan to rely for their defense that Plaintiffs have not suffered cognizable injuries in fact and that the Court therefore lacks jurisdiction under Article III. *See* Parker Decl., Exh. 2.

The amended disclosures also included additional explanation concerning why Defendants had not yet identified any witnesses or documents related to the final policy:

> The Department of Defense is currently undertaking a comprehensive study of policies concerning transgender service members, which will culminate in an implementation plan currently due to be presented to the President on February 21, 2018. Defendants intend to rely upon and defend both the policies within the implementation plan and the support given for those policies. After completion of the comprehensive study and implementation plan, Defendants will assess whether supplementation of these disclosures is required and will provide any necessary supplementation consistent with Federal Rule of Civil Procedure 26(e).

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL INITIAL DISCLOSURES - 3
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-4336

Parker Decl., Exh. 2.[2]

On February 22, 2018, Plaintiffs filed their Motion to Compel Defendants' Initial Disclosures. *See* ECF No. 190. At this point, Secretary of Defense Mattis has submitted a recommendation to the President, who is now reviewing that recommendation. However, as Plaintiffs themselves concede in their motion, there has been no "public disclosure of the implementation plan and related policies." *Id.* at 2. Once a final policy is adopted and publicly announced, Defendants will promptly inform Plaintiffs and the Court, and, as stated in Defendants' Amended Initial Disclosures, "provide any necessary supplementation consistent with Federal Rule of Civil Procedure 26(e)." *See* Parker Decl., Exh. 2.

## **ARGUMENT**

Defendants have satisfied the requirements of Rule 26(a)(1) because they have disclosed all sources of discovery of which they are currently aware to support their defenses. Rule 26(a)(1) requires no more. Indeed, Plaintiffs do not even attempt to explain how Defendants could identify witnesses and documents to support a policy that has yet to be announced. Plaintiffs also misinterpret the basic requirements of Rule 26(a)(1), and their claims of prejudice are unfounded. Accordingly, Plaintiffs' motion to compel should be denied.

Under Rule 26(a)(1), parties must make certain initial pretrial disclosures without waiting for a discovery request. *See R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1245 (9th Cir. 2012). These disclosures must identify each individual likely to have discoverable information "that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Likewise, the disclosures must identify documents and other materials in the disclosing parties' possession, custody, or control that it also may use to support its claims or defenses. Fed. R. Civ. P.

---

[2] Plaintiffs state that the Amended Initial Disclosures "included the same two sentences as in the Initial Disclosures." Pls.' Mot. at 2. This statement is incorrect. *Compare* Parker Decl., Exh. 1 (Defs.' Initial Discl.) *with* Parker Decl., Exh. 2. (Defs.' Amended Initial Discl.).

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL INITIAL DISCLOSURES - 4
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-4336**

26(a)(1)(A)(ii). Although parties are not excused from disclosure because they have not fully investigated the case, they need only make disclosures "based on the information then reasonably available to [them]." Fed. R. Civ. P. 26(a)(1)(E).

**1.** Plaintiffs' motion rests on the assumption that Defendants are aware of the final policy regarding service by transgender individuals in the military, but are nevertheless refusing to identify individuals and documents to support that yet-to-be-announced policy. Plaintiffs provide no legal basis to support their assertion that Defendants must supplement initial disclosures based upon a policy that has yet to be finalized and publicly announced.

It is beyond reasonable dispute that Defendants have provided in their initial disclosures the identity of individuals reasonably available to them that may be used to support their defenses at this stage in the litigation. For example, Defendants' Amended Initial Disclosures list fourteen individuals that may have discoverable information related to "[a]lleged injuries caused by Defendants' actions." Parker Decl., Exh. 2. In other words, these witnesses may have information that could support Defendants' argument that the Court lacks subject matter jurisdiction because the Plaintiffs have not suffered cognizable injuries in fact. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Nine of the fourteen listed individuals are the individual Plaintiffs themselves. *See* Parker Decl., Exh. 2. Three of the listed individuals are representatives from the organizational Plaintiffs. *See* Parker Decl., Exh. 2.; Warbelow Decl., ECF No. 139, ¶ 2; Askini Decl., ECF No. 140, ¶ 2; Broadway Decl., ECF No. 141, ¶ 2. And two of the listed individuals relate to Intervenor Washington State (the Chief of Staff to Washington's Governor and the Chief Financial Officer for the Washington State Military Department). Parker Decl., Exh. 2, Exh. 3 (Washington's Initial Discl.).

Nevertheless, Plaintiffs contend that they want more; to wit, that Defendants must disclose witnesses and documents related to a yet-to-be-announced policy. As an initial matter, this position

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL INITIAL DISCLOSURES - 5
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-4336

is entirely inconsistent with Plaintiffs' pending summary judgment motion, which contends that the operative policy is the President's Twitter Statement and the Presidential Memorandum, and that any forthcoming policy is legally irrelevant. *See generally* ECF No. 129. Putting aside the inherent contradictions in Plaintiffs' positions, however, Plaintiffs acknowledge that a final decision has not been publicly announced. *See* Pls.' Mot. at 2. Once a final decision is publicly announced, Defendants will supplement their initial disclosures as appropriate. *See Kirby v. Homax Prods., Inc.*, No. C06-1153 RSL, 2007 WL 2600838, at *3 (W.D. Wash. Sept. 7, 2007) (denying motion to strike witnesses for untimely disclosure under Rule 26(a)(1) because there was no evidence that witnesses were known to the plaintiff at the earlier time); *Reinholm v. Am. Airlines*, No. C07-1429RSL, 2008 WL 11343652, at *1 (W.D. Wash. Oct. 27, 2008) (holding that defendant did not violate Rule 26(a)(1) for failing to disclose emails where it was not clear that defendant possessed copies of the emails).[3]

**2.** Plaintiffs' reasoning also flips the requirements of Rule 26(a)(1) on their head. Plaintiffs state that "[t]he fact that Defendants apparently have no defense to Plaintiffs' claims does not relieve them of their obligation to identify individuals and documents that are relevant to *Plaintiffs' claims*." Pls.' Mot. at 5 (emphasis added). As an initial matter, despite Plaintiffs' contention to the contrary, Defendants do presently have a defense, as reflected in their opposition to summary judgment and cross-motion for summary judgment. But more fundamentally, Rule 26(a)(1) does not obligate Defendants to identify individuals and documents "relevant to *Plaintiffs'* claims." Pls.' Mot. at 5 (emphasis added). Just the opposite. The rule obligates Defendants to identify individuals and documents relevant to *their own* defenses. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (a party must disclose information "that the disclosing party may use to support *its* claims or defenses") (emphasis added); *Kumar v. Williams Portfolio 7, Inc.*, No. C14-657RAJ, 2015 WL 11714566, at *4 (W.D. Wash. Aug. 13,

---

[3] At this stage, until the policy is finalized and publicly announced, the identification of evidence related to the study or formulation of the non-final policy would also be subject to the deliberative process privilege. *See Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 979 (9th Cir. 2009).

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL INITIAL DISCLOSURES - 6
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-4336

2015) (Rule 26(a)(1) does not apply "when an individual is not being used to support *the disclosing party's* claims or defenses" (emphasis added)).

**3.** Finally, Plaintiffs claims of prejudice to their "ability to litigate this case" ring hollow. Pls.' Mot. at 5. Indeed, Plaintiffs' assertion stands in direct contradiction to Plaintiffs' position on summary judgment, where they contend that there are no genuine disputes of material fact left in this case. *See* ECF No. 129. Plaintiffs' contention that they cannot adequately prepare for scheduled depositions in this case is equally without merit. Defendants have produced approximately 59,000 pages of documents, and Defendants anticipate providing additional documents on a rolling basis as they are processed for release. Moreover, Defendants have already produced three witnesses for depositions in the four related cases, and Plaintiffs have had the opportunity to attend and participate in each of those depositions. Finally, all of the remaining depositions of Government officials have been postponed to allow Defendants to finish producing responsive documents. Plaintiffs' contentions that they have been unable to prepare for depositions, and that they have been prejudiced in their ability to litigate this case, are simply inconsistent with the current status of this litigation.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Compel Initial Disclosures.

Dated: March 5, 2018                                    Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Branch Director

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL INITIAL DISCLOSURES - 7
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-4336

ANTHONY J. COPPOLINO
Deputy Director

*/s/ Ryan B. Parker*
RYAN B. PARKER
Senior Trial Counsel
ANDREW E. CARMICHAEL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Telephone: (202) 514-4336
Email: ryan.parker@usdoj.gov

*Counsel for Defendants*

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL INITIAL DISCLOSURES - 8
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-4336**

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2018, I electronically filed the foregoing document, causing a notice of filing to be served upon all counsel of record.

Dated: March 5, 2018

*/s/ Ryan Parker*

RYAN B. PARKER
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
Telephone: (202) 514-4336
Email: ryan.parker@usdoj.gov

*Counsel for Defendants*

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL INITIAL DISCLOSURES - 9
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-4336**