UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, et al. | CASE NO. C17-1297-MJP |
| Plaintiffs, | ORDER GRANTING MOTION TO COMPEL |
| v. | |
| DONALD J. TRUMP, et al. | |
| Defendants. | |

THIS MATTER comes before the Court on Plaintiffs' Motion to Compel Initial Disclosures.  (Dkt. No. 190.)  Having reviewed the Motion, the Response (Dkt. No. 199), the Reply (Dkt. No. 203) and all related papers, the Court GRANTS the Motion.

Federal Rule of Civil Procedure 26(a)(1) requires parties to serve initial disclosures identifying "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses" as well as "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . ."  Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii).  Initial disclosures are to be based upon information "then readily

available" to the party, and "[a] party is not excused from making its disclosures because it has not fully investigated the case."  Fed. R. Civ. P. 26(a)(1)(E).  The purpose of the disclosure requirement is to elicit "basic information that is needed in most cases to prepare for trial or to make an informed decision about settlement."  Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 26.

Under Rule 26(a)(1) and this Court's Scheduling Order, Defendants were required to serve their disclosures by February 9, 2018.  (Dkt. No. 124.)  On February 8, Defendants served initial disclosures limited to the following statement:

> The Department of Defense is currently undertaking a study of policies concerning transgender service members and upon completion of that study, and the development of any new policies resulting from that study, Defendants will supplement these disclosures as appropriate consistent with Federal Rule of Civil Procedure 26(e).

(Dkt. No. 191, Ex. 2.)

On February 16, Defendants served amended initial disclosures, which included the statement above, along with a list of the Plaintiffs in this case.  (Dkt. No. 191, Ex. 3.)  Neither the initial disclosures nor the amended initial disclosures provide any actual information concerning Defendants' claims or defenses.

While Defendants claim their initial and amended initial disclosures list "all of the witnesses and documents that they currently intend to rely upon to support their defenses," and that they will not know what individuals and documents they will ultimately rely upon "to defend a future policy that has yet to be announced" (Dkt. No. 199 at 3), this case arises not out of any new or future policy that is in the process of being developed, but rather out of the *current* policy prohibiting military service by openly transgender persons, announced on Twitter by President Trump on July 26, 2017 and formalized in an August 25, 2017 Presidential Memorandum.

Defendants cannot reasonably claim there are *no* individuals likely to have discoverable information and *no* documents relevant to their claims and defenses regarding the current policy. President Trump's own announcement states "*[a]fter consultation with my Generals and military experts*, please be advised that the United States Government will not accept or allow . . . Transgender individuals to serve in any capacity in the U.S. Military." (Dkt. No. 149, Ex. 1) (emphasis added). Similarly, Defendants have asserted that "well before the President made statements on Twitter, Secretary Mattis received counsel from the Service Chiefs and Secretaries and determined that additional time was needed to study whether accession of transgender individuals into the military would impact readiness and lethality." (Dkt. No. 194 at 18.) Which Generals and military experts were consulted? Which Service Chiefs and Secretaries provided counsel? What information did they review or rely upon in formulating the current policy? Were the Court to credit Defendants' Initial Disclosures and Amended Disclosures, the answer to these questions apparently would be "none."

The Court finds that Defendants have failed to provide the required initial disclosures under Federal Rule of Civil Procedure 26(a)(1), and therefore GRANTS Plaintiffs' Motion to Compel Initial Disclosures. Defendants have five days from the date of this Order to produce the required disclosures, which shall identify all information Defendants may use to support their claims or defense with respect to the *current* policy prohibiting military service by openly transgender persons (i.e., the policy announced on Twitter by President Trump on July 26, 2017 and formalized in an August 25, 2017 Presidential Memorandum).

The clerk is ordered to provide copies of this order to all counsel.

Dated March 14, 2018.

Marsha J. Pechman
United States District Judge