The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, et al., | No. 2:17-cv-1297-MJP |
| Plaintiffs, | **DEFENDANTS' MOTION FOR CLARIFICATION AND, IF NECESSARY, FOR RECONSIDERATION** |
| v. | |
| DONALD J. TRUMP, et al., | NOTED FOR CONSIDERATION: March 19, 2018 |
| Defendants. | |

DEFENDANTS' MOTION FOR CLARIFICATION AND, IF NECESSARY, FOR RECONSIDERATION

*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-4336

## INTRODUCTION

On March 14, 2018, the Court entered an order granting Plaintiffs' motion to compel initial disclosures. ECF No. 204. In its order, the Court held that "Defendants cannot reasonably claim there are *no* individuals likely to have discoverable information and *no* documents relevant to their claims and defenses regarding the current policy." *Id.* at 3 (emphasis in original). In so holding, the Court identified questions that it appears to believe required answers from the Defendants, including the identification of whom the President consulted with and what information he relied on before making his announcement on Twitter and issuing the Presidential Memorandum regarding military service by transgender individuals. *Id.* at 3. The Court then ordered Defendants to "identify all information Defendants may use to support their claims or defense with respect to the *current* policy prohibiting military service by openly transgender persons." *Id.* (emphasis in original).

Defendants seek clarification and, if necessary, reconsideration of the Court's order. Specifically, Defendants ask the Court to clarify whether, by asking whom the President consulted with, the Court intended to order Defendants to disclose potentially privileged information regarding the President's deliberative process preceding his announcements regarding military service by transgender individuals. If the Court intended to order Defendants to provide potentially privileged information in their initial disclosures, Defendants respectfully request that the Court reconsider its decision. Defendants are not required by Federal Rule of Civil Procedure 26(a)(1) to disclose potentially privileged information about the President's deliberative processes because Defendants do not intend to use that information to support their defenses in this litigation. Moreover, requiring the disclosure of information about presidential deliberations would implicate sensitive and important issues of separation of powers and Executive privilege that have not been presented to the Court or briefed by the parties.

DEFENDANTS' MOTION FOR CLARIFICATION AND, IF NECESSARY, FOR RECONSIDERATION - 1
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-4336

Although Defendants continue to disagree with the Court's conclusion that they failed to provide initial disclosures that meet the requirements of Rule 26(a)(1), ECF No. 204 at 3, Defendants have complied with the Court's order to the extent possible and have served Second Amended Initial Disclosures on Plaintiffs and Intervenor identifying additional information that Defendants may use to support their defenses.[1]  *See* Declaration of Ryan Parker ("Parker Decl."), Exh. 1.  However, Defendants should not be required to provide initial disclosures that include information that is potentially subject to Executive privilege, particularly where Defendants are not relying upon such information for their defenses.  Defendants, therefore, respectfully request that the Court clarify or, if necessary, reconsider its March 14, 2018 order.

## BACKGROUND

Defendants served their initial disclosures in this case on February 9, 2018, and served amended initial disclosures on February 16, 2018.  ECF Nos. 191-2, 191-3.  In both their initial and amended initial disclosures, Defendants explained that the Department of Defense is undertaking a study of policies concerning transgender service members.  *Id.*  Defendants also stated that, upon the completion of that study and the development of any new policies resulting from that study, Defendants would supplement their initial disclosures as appropriate, consistent with Federal Rule of Civil Procedure 26(e).  *Id.*  In their amended initial disclosures, Defendants also identified fourteen (14) individuals who may possess relevant discoverable information that may be relied upon by Defendants in support of their defenses.  ECF No. 191-3.

---

[1] As the additional information that Defendants have included in their Second Amended Initial Disclosures has already been made known to Plaintiffs and Intervenor in Defendants' various filings in this case, Defendants were not required to disclose this information in their previous Rule 26(a) disclosures.  *See* Fed. R. Civ. P. 26(e)(1)(A).  Nevertheless, to comply with the Court's order, Defendants have supplemented their disclosures to identify this information.

DEFENDANTS' MOTION FOR CLARIFICATION AND,
IF NECESSARY, FOR RECONSIDERATION - 2
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-4336

On February 22, 2018, Plaintiffs filed a motion to compel asking the Court to order Defendants to provide "complete initial disclosures." ECF No. 190 at 6. Defendants filed an opposition to Plaintiffs' motion to compel on March 5, 2018, stating explicitly that they "have provided in their initial disclosures all of the witnesses and documents that they intend to rely upon to support their defenses." ECF No. 199 at 1. Defendants also explained that Federal Rule of Civil Procedure 26(a)(1) does not require Defendants to identify information or witnesses that may be relevant to *Plaintiffs'* claims. *Id.* at 6. Rather, Rule 26(a)(1) requires only that Defendants identify information or witnesses that they may use to support *their own* defenses. *Id.* Defendants are basing their defense on the policy that will result from the study contemplated in the Presidential Memorandum and, as such, tailored their initial disclosures accordingly. As Defendants have identified the information and witnesses that they may use to support their defenses in their initial disclosures and amended initial disclosures, they asked the Court to deny Plaintiffs' motion to compel. *Id.* at 6-7. Plaintiffs filed their reply on March 9, 2018. ECF No. 203.

On March 14, 2018, the Court entered an order granting Plaintiffs' motion to compel. Rather than bar Defendants from later relying upon previously undisclosed evidence, as contemplated by Rule 37(c)(1), the Court instead ordered Defendants to identify additional witnesses and documents, regardless of whether Defendants are actually relying upon such evidence. Specifically, in the order, the Court quoted the President's July 26, 2017 Tweet while observing that, "President Trump's own announcement states *'[a]fter consultation with my Generals and military experts*, please be advised that the United States Government will not accept or allow . . . Transgender individuals to serve in any capacity in the U.S. Military.'" ECF No. 204 at 3 (emphasis in original) (quoting ECF No. 149, Ex 1). The Court also observed that Defendants have asserted that, "'well before the President made statements on Twitter, Secretary Mattis

DEFENDANTS' MOTION FOR CLARIFICATION AND, IF NECESSARY, FOR RECONSIDERATION - 3
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-4336

received counsel from the Service Chiefs and Secretaries and determined that additional time was needed to study whether accession of transgender individuals into the military would impact readiness and lethality.'" *Id.* (quoting ECF No. 194 at 18). The Court then posed three questions. "Which Generals and military experts were consulted? Which Service Chiefs and Secretaries provided counsel? What information did they review or rely upon in formulating the current policy?" *Id.* Finally, the Court stated that, if it were "to credit Defendants' Initial Disclosures and Amended Disclosures, the answer to these questions apparently would be 'none.'" *Id.*

The Court then granted Plaintiffs' motion to compel and gave the Defendants "five days from the date of this Order to produce the required disclosures, which shall identify all information Defendants may use to support their claims or defense with respect to the current policy prohibiting military service by openly transgender persons (i.e., the policy announced on Twitter by President Trump on July 26, 2017 and formalized in an August 25, 2017 Presidential Memorandum)." *Id.*

On March 19, 2018, Defendants served Second Amended Initial Disclosures on Plaintiffs and Intervenor identifying additional information that Defendants may use to support their defenses. *See* Parker Decl., Exh. 1.

**ARGUMENT**

Defendants seek clarification that the Court's March 14, 2018 order does not require them to include potentially privileged information about the President's deliberative processes in their initial disclosures, where Defendants are not relying upon this information for their defenses in this litigation. If the Court intended to require Defendants to include the President's deliberative information in their initial disclosures, the Court has erred and should reconsider its decision for at least two important reasons. *See Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d

DEFENDANTS' MOTION FOR CLARIFICATION AND, IF NECESSARY, FOR RECONSIDERATION - 4
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-4336

873, 880 (9th Cir.2009) (Reconsideration is appropriate when a Court has "committed clear error.").

First, Defendants do not intend to use potentially privileged information about the President's deliberations to support their defenses to what the Court has deemed the "current" policy. Rule 26(a)(1) simply does not apply to information or individuals that the disclosing party does not intend to use to support its defenses. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (stating that a party must disclose information "that the disclosing party may use to support its claims or defenses") (emphasis added); *Kumar v. Williams Portfolio 7, Inc.*, No. C14-657RAJ, 2015 WL 11714566, at *4 (W.D. Wash. Aug. 13, 2015) (Rule 26(a)(1) does not apply "when an individual is not being used to support the *disclosing party's* claims or defenses" (emphasis added)). Defendants should not be required under Rule 26(a)(1) to identify in their initial disclosures information about the President's deliberations or any other information that they do not intend to use to support their defenses.[2]

Second, requiring Defendants to identify information about Presidential deliberations in their initial disclosures would implicate sensitive and important separation of powers and privilege issues that are not properly before the Court and have not been briefed by the parties.[3] The Supreme Court has observed that assertions of Executive privilege "push[] to the fore difficult questions of separation of powers and checks and balances" and counseled that "[t]hese occasions for constitutional confrontation between the two branches should be avoided whenever possible."

---

[2] In its March 14, 2018 order, the Court asked, "[w]hich Service Chiefs and Secretaries provided counsel" to Secretary Mattis before he determined that additional time was needed to study whether the accession of transgender individuals into the military would impact readiness and lethality. ECF No. 204 at 3. But Secretary Mattis has stated that he made his decision "after consulting the Service Chiefs and Secretaries." ECF No. 197, Parker Declaration, Exhibit 4. The identities of the Service Chiefs and Secretaries are publicly available, and Defendants have not listed them on Defendants' initial disclosures because they are not likely to have discoverable information that Defendants may use to support their defenses.

[3] In contrast, the parties in the related case *Doe v. Trump*, No. 1:17-cv-1597 (D.D.C.), are in the process of briefing issues related to Defendants' assertion of executive privileges in response to discovery requests served by the *Doe* Plaintiffs. *See* Parker Decl., Exh. 2.

DEFENDANTS' MOTION FOR CLARIFICATION AND, IF NECESSARY, FOR RECONSIDERATION - 5
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-4336

*Cheney v. U.S Dist. Ct.*, 542 U.S. 367, 389-90 (2004). This Court should not order Defendants to identify information in their initial disclosures that implicates the separation-of-powers concerns outlined in *Cheney* or Executive privileges, especially when the application of those privileges has not been raised with the Court or briefed by the parties.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court clarify that its March 14, 2018 order does not require Defendants to identify in their initial disclosures potentially privileged information that Defendants are not relying upon for their defenses in this litigation. If the Court intended to order Defendants to provide such information, Defendants respectfully request that the Court reconsider its decision. If the Court clarifies that it intended to order Defendants to disclose potentially privileged information about Presidential deliberations and declines to reconsider its decision, Defendants respectfully request that the Court stay Defendants' disclosure obligations so Defendants can consider their appellate options.

Dated: March 19, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Branch Director

ANTHONY J. COPPOLINO
Deputy Director

*/s/ Ryan B. Parker*
RYAN B. PARKER
Senior Trial Counsel
ANDREW E. CARMICHAEL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch

DEFENDANTS' MOTION FOR CLARIFICATION AND,
IF NECESSARY, FOR RECONSIDERATION - 6
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-4336

Telephone: (202) 514-4336
Email: ryan.parker@usdoj.gov

*Counsel for Defendants*

DEFENDANTS' MOTION FOR CLARIFICATION AND,
IF NECESSARY, FOR RECONSIDERATION - 7
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-4336**

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2018, I electronically filed the foregoing document, causing a notice of filing to be served upon all counsel of record.

Dated: March 19, 2018

*/s/ Ryan Parker*

RYAN B. PARKER
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
Telephone: (202) 514-4336
Email: ryan.parker@usdoj.gov

*Counsel for Defendants*

DEFENDANTS' MOTION FOR CLARIFICATION AND,
IF NECESSARY, FOR RECONSIDERATION - 8
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-4336**