UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, <br><br> Plaintiff, <br><br> v. <br><br> DONALD J. TRUMP, <br><br> Defendant. | CASE NO. C17-1297-MJP <br><br> ORDER DENYING MOTION FOR CLARIFICATION AND RECONSIDERATION |

THIS MATTER comes before the Court on Defendants' Motion for Clarification and Reconsideration. (Dkt. No. 205.) Having reviewed the Motion and all related papers, the Court DENIES reconsideration and clarifies its Order as follows:

On March 14, 2018, the Court ordered Defendants to provide initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1). (Dkt. No. 204.) Specifically, the Court ordered Defendants to disclose "all information Defendants may use to support their claims or defense[s] with respect to the *current* policy prohibiting military service by openly transgender persons (i.e., the policy announced on Twitter by President Trump on July 26, 2017 and formalized in an August 25, 2017 Presidential Memorandum)." (Id. at 3.)

1         Defendants now seek clarification and reconsideration of the Court's order. (Dkt. No. 205.) Defendants ask the Court to clarify whether "the Court intended to order Defendants to disclose potentially privileged information regarding the President's deliberative process preceding his announcements regarding military service by transgender individuals." (Id. at 2.) Defendants claim they "should not be required to provide initial disclosures that include information that is potentially subject to Executive privilege, particularly where Defendants are not relying upon such information for their defense." (Id. at 3.) The Court cannot rule on a "potential" privilege, particularly where the allegedly privileged information is unidentified.

        The Court expects Defendants to comply with its Order. Defendants did not invoke Executive privilege in their Initial Disclosures (Dkt. No. 191, Ex. 2), their Amended Initial Disclosures (Dkt. No. 191, Ex. 3), their Second Amended Initial Disclosures (Dkt. No. 206, Ex. 1) or in their opposition to the motion to compel (Dkt. No. 199) and cannot do so now in their motion for reconsideration. See LCR 7(h)(1) ("Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority *which could not have been brought to its attention earlier with reasonable diligence*.") (emphasis added). Further, in order to assert privilege, a party must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(i)-(ii); see also Aecon Bldgs., Inc. v. Zurich North America, 253 F.R.D. 655, 660-61 (W.D. Wash. 2008) (requiring party that intends to rely upon information, but withholds it from initial disclosures based on privilege, to produce a privilege log). Until now, Defendants have neither asserted Executive privilege nor provided a privilege log. While

1 | Defendants claim they do not intend to rely on information concerning President Trump's
2 | deliberative process, their claim is belied by their ongoing defense of the current policy as one
3 | involving "the complex, subtle, and professional decisions as to the composition . . . of a military
4 | force . . ." to which "considerable deference" is owed. (See Dkt. No. 194 at 16 (quoting Gilligan
5 | v. Morgan, 413 U.S. 1, 10 (1973)).)

While Defendants need not disclose the *substance* of any communications or documents upon which they intend to rely, their Initial Disclosures, Amended Initial Disclosures, and Second Amended Initial Disclosures are clearly inadequate. Under Federal Rule of Civil Procedure 26(a)(1), initial disclosures must identify "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses" as well as "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . ." Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii).

The Court expects Defendants to comply with its Order (Dkt. No. 204) no later than 5:00 PM Pacific Daylight Time on March 22, 2018.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 20, 2018.

Marsha J. Pechman
United States District Judge