The Honorable Marsha J. Pechman

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| RYAN KARNOSKI, et al., | No. 2:17-cv-1297-MJP |
| Plaintiffs, | **DEFENDANTS' RESPONSE TO THE COURT'S MARCH 20, 2018 ORDER** |
| v. | |
| DONALD J. TRUMP, et al., | |
| Defendants. | |

DEFENDANTS' RESPONSE TO THE
COURT'S MARCH 20, 2018 ORDER

*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-4336**

## BACKGROUND

On March 19, 2018, Defendants filed a motion for clarification and, if necessary, reconsideration of the Court's order granting plaintiffs' motion to compel initial disclosures. Dkt. No. 205 at 1.[1] Defendants asked the Court to clarify whether it intended to order Defendants to disclose potentially privileged information about presidential deliberations, even though Defendants do not intend to rely on privileged information to support their defenses. Defendants further requested that, if the Court did intend to require such disclosures, the Court reconsider its decision. *Id.* Defendants also served Second Amended Initial Disclosures, which identified sixteen additional documents that they intend to rely on to support their defenses. Dkt. No. 206-1.

On March 20, 2018, the Court denied Defendants' motion for clarification and reconsideration. Dkt. No. 210. The Court stated that, "[w]hile Defendants claim they do not intend to rely on information concerning President Trump's deliberative process, their claim is belied by their ongoing defense of the current policy as one involving 'the complex, subtle, and professional decisions as to the composition . . . of a military force . . .' to which 'considerable deference' is owed." *Id.* at 3 (quoting Dkt. No. 194 at 16). The Court also noted that Defendants did not invoke Executive privilege in their Initial Disclosures, their Amended Initial Disclosures, or their Second Amended Initial Disclosures, or in their opposition to Plaintiffs' motion to compel, and that "[u]ntil now, Defendants have neither asserted Executive privilege nor provided a privilege log." Dkt. No. 210 at 2. The Court directed Defendants to comply with its order granting Plaintiffs' motion to compel "no later than 5:00 PM Pacific Daylight Time on March 22, 2018." *Id.*

---

[1] Additional background on the instant matter is set forth in the parties' prior submissions. *See* Dkt. Nos. 191-2, 191-3 (Defendants initial disclosures and amended initial disclosures); Dkt. No. 190 (Plaintiffs' motion to compel); Dkt. No. 199 (Defendants' opposition to motion to compel); Dkt. No. 203 (Plaintiffs' reply); and Dkt. No. 204 (order granting motion to compel).

DEFENDANTS' RESPONSE TO THE
COURT'S MARCH 20, 2018 ORDER - 1
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-4336

## DISCUSSION

In compliance with Rule 26(a)(1) and the Court's order, Defendants Donald J. Trump, in his official capacity as President of the United States; the United States of America; James N. Mattis, in his official capacity as Secretary of Defense; and the United States Department of Defense state as follows:

Rule 26(a)(1) requires Defendants to identify "each individual likely to have discoverable information—along with the subjects of that information—that *the disclosing party may use* to support its claims or defenses" as well as "all documents, electronically stored information, and tangible things that *the disclosing party* has in its possession, custody, or control and *may use* to support its claims or defenses." Fed. R. Civ. P. 26(a)(1) (emphasis added). As this Court recognized, the rule requires Defendants to disclose "all information *Defendants may use* to support their claims or defense[s] with respect to the *current* policy prohibiting military service by openly transgender persons." Dkt No. 210 at 1 (emphasis added).

Defendants have determined that, in defending against Plaintiffs' challenge to the current policy, they do not intend to rely on information concerning the President's deliberative process that led to the policy that the Court has determined is currently at issue in this case (*i.e.* the policy announced on Twitter by President Trump on July 26, 2017 and formalized in an August 25, 2017 Presidential Memorandum, *see* ECF 210 at 1). Therefore, consistent with Federal Rule of Civil Procedure 26(a), Defendants have not identified such information in their initial disclosures. Defendants fully understand that, under Federal Rule of Civil Procedure 37(c)(1), they may be precluded in this case from using documents or witnesses not identified in Defendants' initial disclosures to defend the policy that is currently at issue, including at next week's hearing.

In its March 20, 2018 order, the Court appears to suggest that the President's policy decisions currently at issue in this case may not be entitled to judicial deference if the President is

DEFENDANTS' RESPONSE TO THE
COURT'S MARCH 20, 2018 ORDER - 2
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-4336

unwilling to identify the individuals with whom he consulted and the documents he reviewed before reaching the challenged decisions. Dkt. No. 210 at 3. Defendants respectfully disagree and adhere to their position that judicial deference to Executive decisions about the composition of the military is not dependent upon judicial review of the deliberative process that preceded the decisions at issue. In addition, Defendants do not waive any executive privileges simply by arguing for judicial deference to the President's military decisions.[2] Again, however, Defendants recognize the possibility that, based on its March 20, 2018 order, the Court will take into account Defendants' determination not to identify information about the President's deliberations in deciding and applying the level of deference that is due to the President's determinations with respect to military policy currently at issue in this case and in deciding Plaintiffs' and the State of Washington's pending motions for summary judgment.

In sum, Defendants have identified in their initial disclosures, as amended and supplemented, all of the individuals and documents that they expect to use to support their defense of the policy that the Court has determined is currently at issue in this litigation (*i.e.* the policy announced on Twitter by President Trump on July 26, 2017 and formalized in an August 25, 2017 Presidential Memorandum, *see* Dkt. 210 at 1). Defendants have determined not to use information that they have not identified in their initial disclosures in their defense of the current policy, including potentially privileged information about presidential deliberations. Given the Court's statements about Presidential deference, Defendants recognize that the Court may decide to take Defendants' decision into consideration in deciding the pending summary judgment motions.

---

[2] Defendants respectfully disagree that they were required to assert privilege in conjunction with their initial disclosures over information that they do not intend to use to support their defenses in this case. *See* Defendants' Motion to Clarify, Dkt. No. 205 at 6-7 (discussing *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367 (2004)).
DEFENDANTS' RESPONSE TO THE
COURT'S MARCH 20, 2018 ORDER - 3
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-4336

1 | Dated: March 22, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Branch Director

ANTHONY J. COPPOLINO
Deputy Director

*/s/ Ryan B. Parker*
RYAN B. PARKER
Senior Trial Counsel
ANDREW E. CARMICHAEL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Telephone: (202) 514-4336
Email: ryan.parker@usdoj.gov

*Counsel for Defendants*

DEFENDANTS' RESPONSE TO THE
COURT'S MARCH 20, 2018 ORDER - 4
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-4336**