UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, et al.,<br><br>                 Plaintiffs,<br><br>     v.<br><br>DONALD J. TRUMP, et al.,<br><br>                Defendants. | CASE NO. C17-1297-MJP<br><br>ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER |

THIS MATTER comes before the Court on Defendants' Motion for a Protective Order. (Dkt. No. 225.) Having reviewed the Motion, the Responses (Dkt. Nos. 230, 231), and the Reply (Dkt. No. 232), the Court DENIES the Motion in its entirety.

Defendants seek to preclude discovery pending the resolution of their motion to dissolve the preliminary injunction, including through any interlocutory appeal. (Dkt. No. 222.) Defendants claim (1) that Plaintiffs' and Washington's current challenge is moot because the "new policy" (i.e., the policy set forth in President Trump's 2018 Memorandum) is the "operative policy" governing military service by transgender persons; (2) that any challenge to the "new policy" is subject to the Administrative Procedures Act ("APA"), including the

requirement that review be confined to the administrative record; and (3) that it is in the interest of judicial economy to preclude discovery until their motion to dissolve the preliminary injunction has been resolved. (Dkt. No. 225 at 2, 5-7.)

In light of the Court's recent order—which directed the parties to proceed with discovery and prepare for trial and which struck Defendants' motion to dissolve the preliminary injunction in its entirety—the Court finds that entry of a protective order is not warranted. (See Dkt. No. 233.)

First, as explained in further detail in that Order, Plaintiffs' and Washington's challenge is not "moot," and discovery related to President Trump is not "irrelevant." (Id. at 11-14.) The 2018 Memorandum and Implementation Plan are not a "new policy," but rather a plan to implement, with few exceptions, the directives of the 2017 Memorandum. (Id. at 11-14.)

Second, there is no reason for discovery to be confined to the administrative record. Plaintiffs and Washington do not challenge the policy under the APA, but instead raise direct constitutional claims. (Dkt. No. 230 at 5-6; Dkt. No. 231 at 10-12); see also Bolton v. Pritzker, Case No. 15-cv-1607MJP, 2016 WL 4555467, at *4 (W.D. Wash. Sept. 1, 2016) (noting that "a direct constitutional challenge is reviewed independent of the APA and as such the court is entitled to look beyond the administrative record in regard to such a claim") (internal quotation marks and citation omitted). Further, Defendants have not demonstrated that the policy excluding openly transgender people from military service constitutes an "agency action" that "resulted from an administrative process by the Department of Defense." (Dkt. No. 223 at 6.) Indeed, the policy was announced by President Trump, and whether the DoD was even consulted prior to its announcement is disputed. (See Dkt. No. 233 at 28-29.)

Finally, Defendants have not demonstrated that precluding discovery will serve the interests of judicial economy in any way.

Accordingly, the Court DENIES Defendants' motion and ORDERS that discovery in this case proceed. Such discovery shall not be confined to the administrative record. To the extent that Defendants intend to claim Executive privilege, they must "expressly make the claim" and provide a privilege log "describ[ing] the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(i)-(ii).

The clerk is ordered to provide copies of this order to all counsel.

Dated April 19, 2018.

Marsha J. Pechman
United States District Judge