The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, et al., <br><br> *Plaintiffs*, and <br><br> STATE OF WASHINGTON, <br><br> *Plaintiff-Intervenor*, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> *Defendants*. | CASE No. 2:17-cv-01297-MJP <br><br> **PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' DISCOVERY WITHHELD UNDER THE DELIBERATIVE PROCESS PRIVILEGE** <br><br> NOTE ON MOTION CALENDAR: May 25, 2017 <br><br> ORAL ARGUMENT REQUESTED |

PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' DISCOVERY WITHHELD UNDER THE DELIBERATIVE PROCESS PRIVILEGE
[Case No.: 2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

# TABLE OF CONTENTS

BACKGROUND .................................................................................................................. 2

    A.    The Importance of Defendants' Deliberative Process to Plaintiffs' Claims. ................ 2

    B.    The Parties' Discovery Dispute. .................................................................... 3

LEGAL STANDARD ......................................................................................................... 5

ARGUMENT ...................................................................................................................... 5

I.    THE DELIBERATIVE PROCESS PRIVILEGE DOES NOT APPLY BECAUSE PLAINTIFFS CHALLENGE DEFENDANTS' DECISION-MAKING AND INTENT. ................................................................................................................. 5

II.    DEFENDANTS WAIVED ANY PRIVILEGE BY PUTTING THEIR DELIBERATIVE PROCESS "IN ISSUE." ............................................................ 7

III.    EVEN IF THE PRIVILEGE APPLIED, PLAINTIFFS' NEED FOR THE DISCOVERY OVERCOMES IT UNDER THE APPLICABLE BALANCING TEST. ................................................................................................................... 8

IV.    DEFENDANTS HAVE IMPROPERLY WITHHELD INFORMATION OR MATERIALS THAT FALL OUTSIDE THE SCOPE OF THE PRIVILEGE. ..................... 10

CONCLUSION ................................................................................................................. 12

PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS' DISCOVERY WITHHELD
UNDER THE DELIBERATIVE PROCESS
PRIVILEGE - i
[Case No.: 2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

# TABLE OF AUTHORITIES

## Other Authorities

*Alexander v. U.S. Bank N.A.*,
  No. C16-1045RSM, 2016 WL 9525593 (W.D. Wash. Dec. 1, 2016) ............................. 5

*All. for the Wild Rockies v. Pena*,
  No. 2:16-CV-294-RMP, 2017 WL 8778579 (E.D. Wash. Dec. 12, 2017) ....................... 9

*Allen v. Woodford*,
  No. CV-F-05-1104 OWW LJO, 2007 WL 309945 (E.D. Cal. Jan. 30, 2007) ................ 5

*Assembly of Cal. v. U.S. Dep't of Commerce*,
  968 F.2d 916 (9th Cir. 1992) .................................................................................... 11

*Bittaker v. Woodford*,
  331 F.3d 715 (9th Cir. 2003) ...................................................................................... 7

*Blankenship v. Hearst Corp.*,
  519 F.2d 418 (9th Cir. 1975) ...................................................................................... 5

*Carter v. U.S. Dep't. of Commerce*,
  307 F.3d 1084 (9th Cir. 2002) .................................................................................. 10

*Chevron Corp. v. Pennzoil Co.*,
  974 F.2d 1156 (9th Cir. 1992) .................................................................................... 7

*Children First Found., Inc. v. Martinez*,
  2007 WL 4344915 (N.D.N.Y. Dec. 10, 2007) ............................................................. 6

*Coleman v. Schwarzenegger*,
  2007 WL 4328476 (E.D. Cal. Dec. 6, 2007) ............................................................... 7

*Ctr. for Biological Diversity v. U.S. Army Corps of Eng'rs*,
  2015 WL 3606419 (C.D. Cal. Feb. 4, 2015) ............................................................... 9

*Dole v. Milonas*,
  889 F.2d 885 (9th Cir. 1989) ...................................................................................... 5

*F.T.C. v. Warner Commc'ns Inc.*,
  742 F.2d 1156 (9th Cir. 1984) .................................................................................... 9

*Fishermen's Finest, Inc. v. Gutierrez*,
  No. C07-1574-MJP, 2008 WL 2782909 (W.D. Wash. July 15, 2008) .................. 8, 11

*Greenpeace v. Nat'l Marine Fisheries Serv.*,
  198 F.R.D. 540 (W.D. Wash. 2000) ..................................................................... 10, 11

PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS' DISCOVERY WITHHELD
UNDER THE DELIBERATIVE PROCESS
PRIVILEGE - ii
[Case No.: 2:17-cv-01297-MJP]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

*In re Sealed Case*,
   121 F.3d 729 (D.C. Cir. 1997) .................................................................................................. 5

*In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*,
   145 F.3d 1422 (D.C. Cir. 1998) ................................................................................................ 5

*Johnson v. California*,
   543 U.S. 499 (2005) .................................................................................................................. 6

*Jones v. City of Coll. Park, Ga.*,
   237 F.R.D. 517 (N.D. Ga. 2006) ............................................................................................... 6

*Kintera, Inc. v. Convio, Inc.*,
   219 F.R.D. 503 (S.D. Cal. 2003) ............................................................................................... 7

*McPeek v. Ashcroft*,
   202 F.R.D. 332 (D.D.C. 2001) .................................................................................................. 5

*Mitchell v. Washington*,
   818 F.3d 436 (9th Cir. 2016) ..................................................................................................... 6

*N. Pacifica, LLC v. City of Pacifica*,
   274 F. Supp. 2d 1118 (N.D. Cal. 2003) ............................................................................... 9, 10

*Newport Pac. Inc. v. Cty. of San Diego*,
   200 F.R.D. 628 (S.D. Cal. 2001) ....................................................................................... 5, 9, 10

*Pac. Gas & Elec. Co. v. Lynch*,
   2002 WL 32812098 (N.D. Cal. Aug. 19, 2002) .................................................................... 7, 8

*Petroleum Info. Corp. v. U.S. Dep't of Interior*,
   976 F.2d 1429 (D.C. Cir. 1992) .............................................................................................. 11

*Seafirst Corp. v. Jenkins*,
   644 F. Supp. 1160 (W.D. Wash. 1986) .............................................................................. 10, 11

*Thomas v. Cate*,
   715 F. Supp. 2d 1012 (E.D. Cal. 2010) ..................................................................................... 9

*U.S. v. $133,420.00 in U.S. Currency*,
   672 F.3d 629 (9th Cir. 2012) ..................................................................................................... 8

*U.S. v. Bd. of Educ. of City of Chicago*,
   610 F. Supp. 695 (N.D. Ill. 1985) ............................................................................................. 9

*U.S. v. Grace*,
   455 F. Supp. 2d 1140 (D. Mont. 2006) ..................................................................................... 9

*United States v. Lake Cty. Bd. of Comm'rs*,
   233 F.R.D. 523 (N.D. Ind. 2005) .............................................................................................. 5

PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS' DISCOVERY WITHHELD
UNDER THE DELIBERATIVE PROCESS
PRIVILEGE - iii
[Case No.: 2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

*Waters v. U.S. Capitol Police Bd.*,
  218 F.R.D. 323 (D.D.C. 2003) .................................................................................................. 6

Rules

Fed. R. Civ. P. 26(b)(5) ................................................................................................................. 4

PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS' DISCOVERY WITHHELD
UNDER THE DELIBERATIVE PROCESS
PRIVILEGE - iv
[Case No.:  2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

The Court's summary judgment opinion crystalized two inquiries that are central to this case and directed the parties to "proceed with discovery" to answer them: (1) whether Defendants are entitled to any judicial deference based on the deliberative process they undertook following President Trump's July 2017 tweets and August 2017 Presidential Memorandum, and (2) whether that deliberative process reveals any constitutionally adequate justification to survive strict scrutiny. (*See* Dkt. No. 233 (April 13, 2018 Op. & Order (hereinafter "MSJ Op.")) at 31.) While these questions place Defendants' deliberative process in the spotlight, Defendants seek to hide their deliberations from Plaintiffs and from the Court. Defendants invoke the deliberative process privilege in response to every single one of Plaintiffs' interrogatories and RFPs, citing it as the sole basis to withhold or redact approximately 15,000 responsive and otherwise non-privileged documents. These privilege claims fail for four reasons:

*First*, the deliberative process privilege exists to shield governmental decision-making in cases where the deliberative process is collateral to a plaintiff's claims. Where, as here, the claims put the deliberative process squarely in issue and challenge the government's intent and conduct in generating a policy, the privilege does not apply.

*Second*, Defendants themselves have put their deliberative process in issue by seeking judicial deference on the basis of that process. Plaintiffs cannot use the deliberative process as a sword against Plaintiffs' claims while using the privilege as a shield to prevent discovery into those deliberations.

*Third*, even if the privilege did apply here—and it does not—the facts and circumstances of this case favor disclosure. Given the government's role as defendant in this case, the constitutional claims at issue, and the importance of this discovery to those claims, the Ninth Circuit's balancing test weighs strongly in favor of overcoming the privilege and compelling discovery. The privilege must yield.

*Fourth*, even setting aside whether Defendants can invoke the privilege, their privilege logs make it clear that they have improperly asserted the privilege over thousands of documents that fall outside the privilege's scope. The privilege only applies to pre-decisional, deliberative, and non-factual materials. Nevertheless, Defendants assert the privilege over thousands of documents

PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' DISCOVERY WITHHELD UNDER THE DELIBERATIVE PROCESS PRIVILEGE - 1
[Case No.: 2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

were (1) created *after* the President's tweets; (2) relate only to *how* to implement the Ban, not *whether* to do so; or (3) contain only factual data. None of these categories of documents can be withheld from production regardless of whether the privilege is applicable in this case.

## BACKGROUND

### A.  The Importance of Defendants' Deliberative Process to Plaintiffs' Claims.

The Court issued a preliminary injunction against the Transgender Military Ban on December 11, 2017. (Dkt. No. 10 at 2.) While Plaintiffs' motion for summary judgment was pending, Defendants announced the "Implementation Plan" for the policy directives set forth in the President's tweets and August 2017 Presidential Memorandum, which Defendants argued constituted a new and different policy from the Ban. (Dkt. No. 226 (hereinafter "Defs. Supp. Opp'n") at 1-2.) The Court was not persuaded, holding that the Implementation Plan threatened the "very same violations" that warranted a preliminary injunction in the first place. (Dkt. No. 233 at 11-14.)

The Court granted partial summary judgment to Plaintiffs, holding that the Ban must be subjected to strict scrutiny as a matter of law because transgender status constitutes a suspect classification. (*Id.* at 20-24.) But the Court did not go further and conclude that the Ban failed strict scrutiny as a matter of law because Defendants argued that the Implementation Plan called into question whether the Ban was entitled to any judicial deference. (*Id.* at 24-27.) The Court noted that Plaintiffs had "not yet had an opportunity to test or respond" to Defendants' claims for deference based on the Implementation Plan. Nor could the Court conclude, "on the present record" that Defendants' "deliberative process . . . is of the type to which Courts typically should defer." (*Id.* at 26.) Similarly, the Court deferred deciding whether the Ban could survive strict scrutiny: "Whether Defendants have satisfied their burden of showing that the Ban is constitutionally adequate (*i.e.*, that it was sincerely motivated by compelling state interests, rather than by prejudice or stereotype) necessarily turns on facts related to Defendants' deliberative process." (*Id.* at 28.) The Court's reasoning plainly indicated that further discovery into Defendants' deliberative process was required.

PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' DISCOVERY WITHHELD UNDER THE DELIBERATIVE PROCESS PRIVILEGE - 2
[Case No.:  2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**B.      The Parties' Discovery Dispute.**

Plaintiffs served interrogatories and requests for production ("RFPs") on December 29, 2017, and served requests for admission ("RFAs") on January 26, 2018. The discovery sought information relevant to Plaintiffs' claims that the Ban was animated not by any sound military judgment or concerns, but was instead the product of unlawful animus and discriminatory intent. (Declaration of Daniel Siegfried ("Siegfried Decl.") Ex. 1, 12/29/17 Pls.' Interrogatories to Defs.; Ex. 2, 12/29/17 Pls.' RFPs to Defs.; Ex. 3 1/26/18 Pls.' RFAs to Defs.)

Defendants objected to every interrogatory and RFP to the extent a discovery request sought "communications or information protected by the deliberative process privilege."[1] They likewise relied heavily on the privilege in their RFA responses—Secretary Mattis and the Department of Defense ("DoD") asserted it in response to six of sixteen RFA responses; the President asserted it for eleven of sixteen responses.[2] (Siegfried Decl. Ex. 9, 2/26/18 Mattis & DoD RFA Responses; Ex. 10, 2/26/18 POTUS RFA Responses.)

On February 23, 2018, Plaintiffs sent a deficiency letter regarding Defendants' interrogatory and RFP responses, explaining that Defendants could not properly rely on the deliberative process privilege given the constitutional claims and the needs of the case. (Siegfried Decl. Ex. 8, 2/23/18 J. Heinz Ltr. to R. Parker at 1-4.) Plaintiffs requested that Defendants withdraw their privilege assertion and provide a log identifying the documents being withheld under the privilege. Defendants never responded to Plaintiffs' letter or supplemented any of their interrogatory responses.

---

[1] *See* Siegfried Decl. Ex. 4, 2/9/18 Mattis & DoD RFP Responses; Ex. 5, 2/9/18 Mattis & DoD Interrog. Responses; Ex. 6, 2/9/18 POTUS RFP Responses; Ex. 7, 2/9/18 POTUS Interrog. Responses.

[2] The President did not provide a single substantive response to Plaintiffs' RFAs based on a general objection that the President is immune from discovery requests based on separation of powers principles. Plaintiffs dispute this position but do not raise it here because it should be negated by this Court's subsequent ruling the President is a proper defendant not excused from suit. Defendants have said they intend to file a motion for a protective order on this issue in the near future, and if Defendants do not soon bring the issue before the Court, Plaintiffs will do so.

PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS' DISCOVERY WITHHELD
UNDER THE DELIBERATIVE PROCESS
PRIVILEGE - 3
[Case No.:  2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

On March 20, 2018, Defendants served 17 privilege logs on behalf of six agencies and entities—the DoD, Air Force, Army, Navy, Chairman of the Joint Chiefs of Staff, and Defense Health Agency.[3] To date, Defendants have asserted the deliberative process privilege as a basis for withholding or redacting approximately 18,000 documents, and as the *sole* basis for withholding or redacting approximately 15,000 documents.[4]

After reviewing Defendants' privilege logs, Plaintiffs sent another letter to Defendants reiterating that Defendants cannot rely on the deliberative process privilege in this case and also identifying various categories of documents that facially fall outside the scope of the privilege. (*See* Siegfried Decl. Ex. 28, 4/26/18 D. Siegfried Ltr. to R. Parker at 3-5 (identifying post-decisional, non-deliberative, and factual materials improperly withheld under the privilege).) Plaintiffs again requested that Defendants withdraw their deliberative process privilege assertions and requested revised discovery responses by May 1, or alternatively, for Defendants to propose a time to meet and confer. (*Id.* at 7.)

On May 1, 2018, the parties conferred telephonically in a good faith effort to resolve their disputes. Counsel for Defendants expressed their desire to resolve disputes about the deliberative process privilege on a document-by-document basis or based on a representative sample of documents. Plaintiffs' counsel explained that it made little sense to expend resources on document-by-document disputes where Plaintiffs' threshold position was that the law and facts demonstrated that the privilege has no application in this case and that broad categories of information, *e.g.*, materials after the President's July 26, 2017 tweets, fell outside the scope of the privilege. Defendants reiterated their opposition to Plaintiffs' positions on those threshold issues. (Decl. of D. Siegfried at ¶ 8).

---

[3] Siegfried Decl. Ex. 11 through Ex. 27. Noticeably absent was any privilege log from the President or Executive Office of the President. Plaintiffs have demanded a privilege log on behalf of the President in compliance with Fed. R. Civ. P. 26(b)(5). To date, no such log has been provided.

[4] Defendants recently advised that "tens of thousands responsive documents" remain to be produced and therefore the number of withheld or redacted documents will likely increase.

| PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' DISCOVERY WITHHELD UNDER THE DELIBERATIVE PROCESS PRIVILEGE - 4 [Case No.: 2:17-cv-01297-MJP] | NEWMAN DU WORS LLP | 2101 Fourth Avenue, Suite 1500 Seattle, Washington 98121 (206) 274-2800 |
|---|---|---|

## LEGAL STANDARD

"The party that resists discovery has the burden to show why the discovery request should be denied," including where a privilege forms the basis for nondisclosure. *Alexander v. U.S. Bank N.A.*, No. C16-1045RSM, 2016 WL 9525593, at *1 (W.D. Wash. Dec. 1, 2016); *Newport Pac. Inc. v. Cty. of San Diego*, 200 F.R.D. 628, 636 (S.D. Cal. 2001) ("As with any privilege, the burden of establishing the application of the deliberative process privilege is on the party opposing discovery."); *see also Dole v. Milonas*, 889 F.2d 885, 889 (9th Cir. 1989) ("[T]he party asserting the privilege has the burden of showing that it applies in the circumstances."); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

## ARGUMENT

### I. THE DELIBERATIVE PROCESS PRIVILEGE DOES NOT APPLY BECAUSE PLAINTIFFS CHALLENGE DEFENDANTS' DECISION-MAKING AND INTENT.

The deliberative process privilege "was fashioned" to prevent discovery into governmental deliberations "in cases where the governmental decisionmaking process is collateral to the plaintiff's suit." *In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998); *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, at *9 (E.D. Cal. Jan. 30, 2007) ("The deliberative process privilege only applies where the governmental decision-making is collateral to the litigation."). The privilege has no application where plaintiffs challenge the constitutionality of a government decision and allege animus or discriminatory intent. *In re Subpoena Duces Tecum*, 145 F.3d at 1424 (where "the Constitution makes the nature of governmental officials' deliberations *the* issue, the privilege is a nonsequitur"); *In re Sealed Case*, 121 F.3d 729, 746 (D.C. Cir. 1997) ("[T]he privilege disappears altogether when there is any reason to believe government misconduct occurred"); *United States v. Lake Cty. Bd. of Comm'rs*, 233 F.R.D. 523, 526 (N.D. Ind. 2005) ("[T]he deliberative process privilege simply does not apply in civil rights cases in which the defendant's intent to discriminate is at issue."); *McPeek v. Ashcroft*, 202 F.R.D. 332, 335 (D.D.C. 2001) (the deliberative process privilege "yields when the

PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' DISCOVERY WITHHELD UNDER THE DELIBERATIVE PROCESS PRIVILEGE - 5
[Case No.: 2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

lawsuit is directed at the government's subjective motivation in taking a particular action").

That is the case here. Plaintiffs allege that the Ban violates their constitutional rights to equal protection, due process, and freedom of expression, and ask the Court to declare the policy unconstitutional and permanently enjoin Defendants from enforcing it. (Dkt. No. 30 ¶¶ 1, 215-38.) To support their claims, Plaintiffs propounded discovery seeking information about what deliberations (if any) took place both prior to and after the announcement of the Ban. Such information bears directly on the government's justifications, and whether the deliberations evince unconstitutional animus or discriminatory intent, or (as Defendants claim) reasoned military judgment. The government's deliberations, therefore, are not merely collateral to Plaintiffs' claims; they are "the heart of the issue." *Jones v. City of Coll. Park, Ga.*, 237 F.R.D. 517, 521 (N.D. Ga. 2006). In such cases, the deliberative process privilege is "simply inapplicable." *Id.*

There is good reason to suspect that discriminatory intent, rather than valid governmental interests, motivated the Ban. The Court already held that Defendants' policy is subject to strict scrutiny because it targets "one of the most vulnerable groups in our society," and one that has "long been subjected to systemic oppression." (Dkt. No. 233 at 2, 24.) The very purpose of heightened scrutiny is to examine closely the government's use of a "highly suspect tool"—discrimination against a suspect class—and to "smoke out" whether the government's claimed justification is legitimate or not. *Mitchell v. Washington*, 818 F.3d 436, 445 (9th Cir. 2016) (quoting *Johnson v. California*, 543 U.S. 499, 506 (2005)). Yet, that necessary scrutiny cannot be accomplished if the government's deliberations are shielded from discovery. Permitting the privilege to exist in cases involving heightened scrutiny would be self-defeating. Courts routinely deny application of the privilege in cases challenging the government's intent in enacting a policy, particularly where the claim affects a suspect class or implicates a constitutional right. *See Jones*, 237 F.R.D. at 521 (holding privilege inapplicable in case alleging racial discrimination in violation of Title VII); *Children First Found., Inc. v. Martinez*, 2007 WL 4344915, at *7 (N.D.N.Y. Dec. 10, 2007) (holding privilege inapplicable in case alleging viewpoint-based discrimination in violation of First Amendment); *Waters v. U.S. Capitol Police Bd.*, 218 F.R.D. 323, 324 (D.D.C. 2003) (holding defendant may not assert "the deliberative process privilege to thwart discovery of information in a

PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS' DISCOVERY WITHHELD
UNDER THE DELIBERATIVE PROCESS
PRIVILEGE - 6
[Case No.:  2:17-cv-01297-MJP]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

case in which a plaintiff challenges governmental action as discriminatory"). This Court should reach the same conclusion and hold that Defendants may not invoke the deliberative process privilege in this case and should be compelled to disclose the withheld information.

## II. DEFENDANTS WAIVED ANY PRIVILEGE BY PUTTING THEIR DELIBERATIVE PROCESS "IN ISSUE."

Even if the deliberative process privilege did apply in this case (it does not), Defendants cannot invoke it because they put their deliberative process "in issue" by premising their defense on purported military judgment. The Ninth Circuit has long held that a party may not rely on privileged information to establish a claim or defense and at the same time withhold access to that material. *See Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). That is because privilege "may not be used both as a sword and shield": "Where a party raises a claim which in fairness requires disclosure of the protected information, the privilege may be implicitly waived." *Id.* This bedrock legal principal applies to the deliberative process privilege. *Coleman v. Schwarzenegger*, 2007 WL 4328476, at *8 (E.D. Cal. Dec. 6, 2007); *Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 512 (S.D. Cal. 2003); *Pac. Gas & Elec. Co. v. Lynch*, 2002 WL 32812098, at *3 (N.D. Cal. Aug. 19, 2002). The Ninth Circuit "gives the holder of the privilege a choice: If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it." *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003).

Defendants chose to put their deliberative process in issue by asserting that the Ban passes constitutional review because special deference is owed to their military judgment. (*See*, *e.g.*, Dkt. No. 69 at 26-30; Dkt. No. 194 at 13-15.) Since Defendants announced the Implementation Plan in March 2018, they have only doubled down on this position. (*See* Dkt. No. 238 at 9.) But in touting their deliberative process as a defense against Plaintiffs' constitutional claims, Defendants necessarily open their deliberations to discovery and judicial scrutiny. *Coleman*, 2007 WL 4328476, at *8 ("[I]t is evident from the record before this court that the manner in which these proceedings are being defended involves presentation of material which will constitute a waiver of the deliberative process privilege."); *Kintera*, 219 F.R.D. at 512-13 (police review board could not

PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' DISCOVERY WITHHELD UNDER THE DELIBERATIVE PROCESS PRIVILEGE - 7
[Case No.: 2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

disclose favorable portions of a report then claim the deliberative process privilege nonetheless shields the rest from discovery).

The Court denied summary judgment in part because it was unable to "determine whether the DoD's deliberative process . . . is of the type to which Courts typically should defer." (MSJ Op. at 26.) And the question whether "the Ban is constitutionally adequate . . . *necessarily* turns on facts related to Defendants' deliberative process." (*Id.* at 28 (emphasis added).) Because the outcome of the case hinges on these inquiries, the Court explained that Plaintiffs must be given an "opportunity to test" defendants' assertions. (*Id.* at 26.) But Plaintiffs cannot do so if discovery into Defendants' deliberative process is foreclosed by invocation of the privilege. The Court should not "permit defendants to use the privilege as both a sword and a shield." *See Pac. Gas & Elec. Co.*, 2002 WL 32812098, at *3 (denying motion to quash based on deliberative process privilege where subpoena sought non-public information underlying public report that the government-defendant cited as support for its challenged decision). To do so would risk the "distortions that could occur" if Defendants use their military judgment argument offensively and at the same time "use . . . privilege to prevent any adversarial testing of the truth of that [information]." *See U.S. v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 640 (9th Cir. 2012). Any deference to Defendants' purported military judgment must be contingent on Defendants' compliance with Plaintiffs' requests aimed at fairly testing that purported judgment. Defendants cannot have it both ways. If Defendants do not allow Plaintiffs the opportunity to test their deference defense through discovery, then the Court should reject that defense outright.

### III.  EVEN IF THE PRIVILEGE APPLIED, PLAINTIFFS' NEED FOR THE DISCOVERY OVERCOMES IT UNDER THE APPLICABLE BALANCING TEST.

"The deliberative process privilege is a qualified privilege that requires a balancing of the public interest in nondisclosure with the movant's need for the material." *Fishermen's Finest, Inc. v. Gutierrez*, No. C07-1574-MJP, 2008 WL 2782909, at *3 (W.D. Wash. July 15, 2008). Thus, even if the privilege applied in this case, Plaintiffs have made the showing necessary to overcome it. The Ninth Circuit has held that "[a]mong the factors to be considered in making this determination are:

PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' DISCOVERY WITHHELD UNDER THE DELIBERATIVE PROCESS PRIVILEGE - 8
[Case No.: 2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). Other factors a court may consider include: "(5) the interest of the litigant, and ultimately society, in accurate judicial fact finding, (6) the seriousness of the litigation and the issues involved, (7) the presence of issues concerning alleged governmental misconduct, and (8) the federal interest in the enforcement of federal law." *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003); *Newport*, 200 F.R.D. at 638-40; *see also U.S. v. Grace*, 455 F. Supp. 2d 1140, 1144 (D. Mont. 2006).

All eight factors weigh in favor of disclosure. First, Defendants' process, motive, and intent behind the Ban is at the heart of this case, making this discovery necessary to Plaintiffs' claims. *See N. Pacifica*, 274 F. Supp. 2d at 1124 ("Because the City Council's motive and intent are central to [plaintiff's] equal protection claim, and at issue is alleged governmental misconduct, these factors weigh strongly in favor of disclosure."); *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1027 (E.D. Cal. 2010), *clarified*, 2010 WL 797019 (E.D. Cal. Mar. 5, 2010) (explaining that "seek[ing] to discover information relevant to an important issue in this action weighs heavily against Respondent's assertion of the deliberative process privilege"); *U.S. v. Bd. of Educ. of City of Chicago*, 610 F. Supp. 695, 700 (N.D. Ill. 1985) (ordering discovery where "the decisionmaking process is not 'swept up into' the case, it *is* the case"). Second, only Defendants have access to the highly relevant evidence of their decision-making regarding the Ban. Third, the government's role is central to this case: Defendants are government officials sued in their official capacities for unlawful discrimination against transgender individuals. *See All. for the Wild Rockies v. Pena*, No. 2:16-CV-294-RMP, 2017 WL 8778579, at *7 (E.D. Wash. Dec. 12, 2017) (government's role as a defendant weighs in favor of disclosure); *Ctr. for Biological Diversity v. U.S. Army Corps of Eng'rs*, 2015 WL 3606419, at *7 (C.D. Cal. Feb. 4, 2015) (same); *Thomas*, 715 F. Supp. 2d at 1028 (collecting cases). Fourth, disclosure of Defendants' decision-making process here is unlikely to have a chilling effect on frank and independent discussion because the government has already unveiled its conclusions and does not seek to study them further, but rather to implement them as quickly as it can.

PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' DISCOVERY WITHHELD UNDER THE DELIBERATIVE PROCESS PRIVILEGE - 9
[Case No.: 2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Conversely, discouraging the formation of unconstitutional policies would actually be a constructive result. *See Newport*, 200 F.R.D. at 640 ("[I]f because of this case, members of government agencies acting on behalf of the public at large are reminded that they are subject to scrutiny, a useful purpose will have been served.").

The remaining additional factors also favor disclosure. This case deals with critical and timely constitutional questions affecting a suspect classification that targets individuals who this Court held have been subjected to a "history of discrimination and systemic oppression [that] is long and well-recognized." (Dkt. No. 233 at 21.) In such circumstances, "the interest in accurate judicial fact finding is heightened because equal protection rights are at stake." *N. Pacifica*, 274 F. Supp. 2d at 1124; *see also Newport*, 200 F.R.D. at 640 (noting "[t]he tendency is . . . to allow discovery" for constitutional issues). Finally, this case raises the specter of government misconduct. Defendants cannot use the deliberative process privilege to hide any animus underlying the Ban.

## IV. DEFENDANTS HAVE IMPROPERLY WITHHELD INFORMATION OR MATERIALS THAT FALL OUTSIDE THE SCOPE OF THE PRIVILEGE.

Defendants have improperly asserted the deliberative process privilege over documents that indisputably fall outside its scope. Defendants claim the privilege covers broad swathes of post-decisional, non-deliberative, and factual materials—such as those reviewed or generated by the so-called "Panel of Experts"—none of which fit within the narrow sweep of the privilege. Indeed, Defendants' "[b]lanket assertions of the privilege" fail to provide the "precise and certain reasons" needed to even evaluate their privilege claims. *Greenpeace v. Nat'l Marine Fisheries Serv.*, 198 F.R.D. 540, 543 (W.D. Wash. 2000). But no reasoning could support Defendants' attempt to avoid discovery of the post-decisional, non-deliberative, and factual materials Plaintiffs seek.

First, to qualify for the privilege, documents must be "'predecisional' in that they have been generated prior to an agency's adoption of a policy or decision." *Seafirst Corp. v. Jenkins*, 644 F. Supp. 1160, 1163 (W.D. Wash. 1986), *rep. and rec. adopted*, 1986 WL 566 (D.D.C. July 18, 1986). To be considered "predecisional," a document must both "predate[] a decision chronologically" and be "prepared in order to assist an agency decisionmaker in arriving at his decision." *Carter v. U.S.*

PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' DISCOVERY WITHHELD UNDER THE DELIBERATIVE PROCESS PRIVILEGE - 10
[Case No.: 2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

*Dep't. of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002) (quoting *Assembly of Cal. v. U.S. Dep't of Commerce*, 968 F.2d 916, 920-21 (9th Cir. 1992)). Here, no claim of privilege can attach to documents generated after July 26, 2017, when President Trump issued the Ban, since those documents could not have assisted the President in arriving at his decision. *See Fishermen's Finest Inc.*, 2008 WL 2782909, at *2 ("A document that was prepared to support a decision already made is not predecisional."). Defendants' privilege logs show they have withheld over 5,500 documents under the deliberative process privilege that were created *after* the President's July 26, 2017 tweets.

Second, the privilege only applies to documents that are "'deliberative' in that they reflect the give-and-take of a deliberative decision-making process." *Seafirst*, 644 F. Supp. at 1163. Such documents are only privileged if they "bear on the formulation or exercise of agency policy-oriented judgment." *Fishermen's Finest*, 2008 WL 2782909, at *2 (quoting *Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1435 (D.C. Cir. 1992)). Defendants assert the privilege covers communications and documents generated by the "Panel of Experts" and other DoD officials, who were charged with implementing the President's Ban, not advising him on whether to issue the Ban in the first place. (*See* Dkt. No. 233 at 12 ("The 2017 Memorandum did not direct Secretary Mattis to determine *whether* or not the directives should be implemented, but instead ordered the directives to be implemented by specific dates and requested a plan for *how* to do so.")) The constrained scope of DoD's purview in formulating the implementation plan is fatal to Defendants' privilege claim. The deliberative process privilege is inapplicable where, as here, the agency had "very limited policy-making authority" and did not "exercise[] any policy-making judgment." *Fishermen's Finest*, 2008 WL 2782909, at *3-4.

Finally, the privilege does not extend to purely factual information or expert opinion and scientific conclusions regarding facts. *See Greenpeace*, 198 F.R.D. at 544 ("[T]he fact that scientific expertise is brought to bear 'does not transform interpretations of facts into communications protected by the deliberative process privilege.'"). Defendants' privilege logs evidence their improper reliance on the privilege to withhold factual information.[5]

---

[5] *See* Siegfried Decl. Ex. 13 DoD Privilege Log for Soper Dep., at SOPER DEP RFP 1 8 00608-661 (withholding "Health Data for Members with Gender Dysphoria") and SOPER DEP RFP 21

PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS' DISCOVERY WITHHELD
UNDER THE DELIBERATIVE PROCESS
PRIVILEGE - 11
[Case No.:  2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Defendants' blanket assertion of deliberative process privilege is improper and would sweep mounds of post-decisional, non-deliberative, and factual material under the rug. The Court should reject their misuse of the privilege and compel them to provide the improperly withheld information.

## CONCLUSION

The Court should order that the deliberative process privilege does not apply in this case and compel Defendants to disclose all information and documents withheld on that basis.

Dated: May 10, 2018

**NEWMAN DU WORS LLP**

/s/ Jason Sykes
Derek A. Newman, WSBA No. 26967
*dn@newmanlaw.com*
Jason B. Sykes, WSBA No. 44369
*jason@newmanlaw.com*
2101 Fourth Ave., Ste. 1500
Seattle, WA 98121
(206) 274-2800

**LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.**
Tara Borelli, WSBA No. 36759
*tborelli@lambdalegal.org*
Camilla B. Taylor (admitted pro hac vice)
Peter C. Renn (admitted pro hac vice)
Natalie Nardecchia (admitted pro hac vice)
Sasha Buchert (admitted pro hac vice)
Kara Ingelhart (admitted pro hac vice)
Carl Charles (admitted pro hac vice)

**OUTSERVE-SLDN, INC.**
Peter Perkowski (admitted pro hac vice)

---

00765-00820 (withholding presentation regarding "Health Data on Active Duty Service Members with Gender Dysphoria"; Ex. 27, Army Privilege Log, at ARMY 341 (withholding document concerning "surgical procedures performed at MTFs") and ARMY 352-383 (withholding presentation "summarizing health and readiness data of Active Duty members with gender dysphoria").

PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' DISCOVERY WITHHELD UNDER THE DELIBERATIVE PROCESS PRIVILEGE - 12
[Case No.:  2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**KIRKLAND & ELLIS LLP**
James F. Hurst, P.C. (admitted pro hac vice)
Jordan M. Heinz (admitted pro hac vice)
Scott Lerner (admitted pro hac vice)
Vanessa Barsanti (admitted pro hac vice)
Daniel I. Siegfried (admitted pro hac vice)
Ben Tyson (admitted pro hac vice)

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' DISCOVERY WITHHELD UNDER THE DELIBERATIVE PROCESS PRIVILEGE - 13
[Case No.: 2:17-cv-01297-MJP]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the United States of America and the laws of the State of Washington that all participants in the case are registered CM/ECF users and that service of the foregoing documents will be accomplished by the CM/ECF system on May 10, 2018.

_____
Jason B. Sykes, WSBA No. 44369
*jason@newmanlaw.com*
2101 Fourth Ave., Ste. 1500
Seattle, WA 98121
(206) 274-2800

PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' DISCOVERY WITHHELD UNDER THE DELIBERATIVE PROCESS PRIVILEGE - 17
[Case No.: 2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800