UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, et al.,<br><br>                Defendants. | CASE NO. C17-1297-MJP<br><br>ORDER TO SHOW CAUSE REGARDING MOTION TO STAY |

THIS MATTER comes before the Court on Defendants' Motion to Stay the Preliminary Injunction Pending Appeal. (Dkt. No. 238.) Having reviewed the Motion, the Response (Dkt. No. 250, 257), the Reply (Dkt. No. 261) and all related papers, the Court ORDERS as follows:

On December 11, 2017, this Court issued a nationwide preliminary injunction barring Defendants from "taking any action relative to transgender individuals that is inconsistent with the status quo" that existed prior to President Trump's Twitter Announcement and 2017 Memorandum excluding transgender people from serving openly in the military. (Dkt. No. 103 at 23.)

On April 13, 2018, the Court granted partial summary judgment for Plaintiffs and Washington, and ordered the preliminary injunction to remain in effect. (See Dkt. No. 233.) In its summary judgment order, the Court found that the 2018 Memorandum and the Implementation Plan did not "substantively rescind or revoke" the Ban, but instead "threaten the very same violations that caused it and others to enjoin the Ban in the first place." (Id. at 12.)

On April 30, 2018, Defendants filed concurrently their Notice of Appeal to the Ninth Circuit (Dkt. No. 236) and this Motion to Stay the Preliminary Injunction (Dkt. No. 238). Thereafter, Defendants filed a motion seeking identical relief from the Ninth Circuit. (See Defendants-Appellants' Motion for Stay Pending Appeal, Karnoski et al. v. Trump, et al., No. 18-35347 (9th Cir. May 4, 2018), ECF No. 3.) The Ninth Circuit has yet to issue its ruling.

It is well-settled that the filing of a notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); see also Paige v. State of Cal., 102 F.3d 1035, 1039 (9th Cir. 1996) (holding that appellate court's jurisdiction extends to matters "inextricably bound up with the injunctive order from which the appeal is taken").

Defendants' Motion addresses issues which are not only involved in the appeal, but are "inextricably bound up" with this Court's preliminary injunction. Therefore, the Court ORDERS the parties to show cause why Defendants' Motion to Stay the Preliminary Injunction should not be renoted until after the Ninth Circuit enters a ruling or otherwise disposes of the appeal. The parties shall file responses to the Court's Order to Show Cause within seven (7) days of the date of this Order. Each party's response shall be limited to no more than five pages.

1 | The clerk is ordered to provide copies of this order to all counsel.

2 | Dated May 30, 2018.

_Marsha J. Pechman_
Marsha J. Pechman
United States District Judge