The Honorable Marsha J. Pechman

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| RYAN KARNOSKI, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>DONALD J. TRUMP, et al.,<br><br>　　　　　　　　Defendants. | No. 2:17-cv-1297-MJP<br><br>**DEFENDANTS' MOTION TO STAY COMPLIANCE WITH THE COURT'S ORDER AND STAY DISCOVERY OF THE PRESIDENT OF THE UNITED STATES PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS**<br><br>NOTED FOR CONSIDERATION:<br>August 10, 2018 |

DEFENDANTS' MOTION TO STAY COMPLIANCE WITH THE COURT'S ORDER AND STAY DISCOVERY OF THE PRESIDENT OF THE UNITED STATES PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-4336

**INTRODUCTION**

On July 27, 2018, the Court granted Plaintiffs' Motion to Compel Defendants' Discovery Withheld Under the Deliberative Process Privilege, Dkt. 245, and denied Defendants' Motion for a Protective Order, Dkt. 268. *See* Order, Dkt. 299. The Court ordered the President and the Department of Defense (DoD) to (1) disclose "documents that have been withheld solely under the deliberative process privilege"; (2) prepare "a privilege log identifying the documents, communications, and other materials they have withheld under the presidential communications privilege"; and (3) produce "revised privilege logs" that "(a) identify individual author(s) and recipient(s); and (b) include *specific, non-boilerplate* privilege descriptions *on a document-by-document basis*" within 10 days of the Court's Order—that is, by August 6, 2018. *Id.* at 11.

Defendants are moving as expeditiously as possible to seek appellate review and will file a petition for a writ of mandamus no later than August 1, 2018. In light of this schedule, Defendants now move to stay the Court's Order pending resolution of the petition for a writ of mandamus and stay discovery against the President pending resolution of the petition for a writ of mandamus. Unless stayed, the Court's Order will require the sitting President of the United States and DoD to disclose tens of thousands of privileged documents and privileged information and undertake the herculean task of producing documents and revised privilege logs containing thousands of entries in 10 days. In addition, the Court should not allow discovery against the sitting President to continue while issues that may redefine the scope of the litigation are currently on appeal. *See Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 381 (2004) ("[I]n no case . . . would a court be required to proceed against the president as against an ordinary individual." (quotation omitted)). This is particularly true where, as here, this Court's denial of Defendants' motion to dissolve the preliminary injunction is currently before the Ninth Circuit.

**STANDARD FOR SEEKING A STAY**

A district court may stay an order pending resolution of an appeal of that order. Fed. R. App. 8. District courts apply a four-factor test to determine whether to issue a stay of an order: (1) the applicant's likely success on the merits; (2) irreparable injury to the applicant absent a stay; (3) substantial injury to the other parties; and (4) the public interest. *Hilton v. Braunskill*,

DEFENDANTS' MOTION TO STAY COMPLIANCE WITH THE COURT'S ORDER AND STAY DISCOVERY OF THE PRESIDENT OF THE UNITED STATES PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS - 1
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-3346**

481 U.S. 770, 776 (1987); *see Nken v. Holder*, 556 U.S. 418, 433–34 (2009); *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (applying a balancing test showing "that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor"). A party that shows that the "hardship balance . . . tips sharply" in its favor need not show a substantial likelihood of success on the merits; in that situation "serious questions going to the merits" are sufficient. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "A 'serious questions' standard is particularly appropriate when a district court is asked to stay its own order; under such circumstances, the court has already determined that the applicant failed to succeed on the merits." *In re A2P SMS Antitrust Litig.*, 2014 WL 4247744, at *2 (S.D.N.Y. Aug. 27, 2014).

## ARGUMENT

### I. The Court Should Stay Compliance with Its Order Because the Four Factors Weigh in Defendants' Favor.

A. <u>The President and DoD will suffer immediate, irreparable harm absent a stay</u>. Compliance with the Order will result in the irretrievable disclosure of tens of thousands of privileged documents, including from the Executive Office of the President, covering multiple military policies. Moreover, the production of a revised privilege log from the White House listing authors and recipients of each and every document could result in the disclosure of the identities of individuals who provided advice to the President or his immediate advisors, which is information subject to the presidential communications privilege. Because the disclosure of documents and information cannot be undone, courts routinely grant stays in such contexts. *See HHS v. Alley*, 129 S. Ct. 1667 (2009)[1] (in a FOIA case, ordering stay of district court's order directing agency to disclose records to plaintiff, pending final disposition of appeal, following denial of stay by court of appeals); *see also In re BankAmerica Corp. Sec. Litig.*, 270 F.3d 639, 641 (8th Cir. 2001) (after granting an emergency stay of the district court's order that directed

---

[1] The Supreme Court regularly grants stays of disclosure orders in FOIA cases pending appeal. *See, e.g.*, *DOJ v. Rosenfeld*, 111 S. Ct. 2846 (1991). Lower courts do the same. *See, e.g.*, *Hiken v. Dep't of Def.*, No., 2012 WL 1030091, at *2 (N.D. Cal. Mar. 27, 2012).

DEFENDANTS' MOTION TO STAY COMPLIANCE WITH THE COURT'S ORDER AND STAY DISCOVERY OF THE PRESIDENT OF THE UNITED STATES PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS - 2
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-3346**

disclosure of material covered by the attorney-client privilege, issuing a writ of mandamus that directed the court to vacate its disclosure order). As courts have found, the Government's right to secure meaningful appellate review would be undermined if disclosure were required by the district court:

> Meaningful review entails having the reviewing court take a fresh look at the decision of the trial court before it becomes irrevocable. Appellants' right of appeal here will become moot unless the stay is continued pending determination of the appeals. Once the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time. The status quo could never be restored.

*Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979); *see also In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008) ("[O]nce information is published, it cannot be made secret again."); *United States v. Fei Ye*, 436 F.3d 1117, 1123 (9th Cir. 2006) (recognizing that an order directing the disclosure of trade secrets would cause irreparable harm to the Government); *Hiken*, 2012 WL 1030091, at *2 (granting a stay of an order upon finding that DoD likely would suffer "irreparable injury" by disclosing information). The Court's Order requires immediate disclosure of information that would reveal internal deliberations from the Executive Office of the President and DoD concerning military policy and presidential communications, which could never be undone, thus causing irreparable harm to Defendants.

The harm imposed by the Order is not limited to the disclosure of Defendants' privileged documents and information. Orders imposing onerous discovery burdens may cause irreparable harm and justify a stay pending appeal. *See In re United States*, 138 S. Ct. 371 (2017) (staying district court's orders "to the extent they require discovery and addition to the administrative record"); *Pena v. Taylor Farms Pac., Inc.*, 2015 WL 5103157, at *4–5 (E.D. Cal. Aug. 31, 2015).

Here, absent a stay, the President and DoD will suffer irreparable harm as a result of the staggering burden that compliance with the Court's Order will impose. First, the production of a revised privilege log from the White House will require the President's staff to oversee the review of thousands of documents within a 10-day span, which is plainly the sort of "distract[ion][] from the energetic performance of [the President's] constitutional duties" that the Supreme Court in *Cheney* sought to prevent. 542 U.S. at 382. *Cheney* makes clear that courts should not

DEFENDANTS' MOTION TO STAY COMPLIANCE WITH THE COURT'S ORDER AND STAY DISCOVERY OF THE PRESIDENT OF THE UNITED STATES PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS - 3
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3346

"require the Executive Branch to bear the onus of critiquing . . . unacceptable discovery requests line by line." *Id.* at 388. Forcing the President's staff to shoulder this burden is particularly inappropriate where, as here, the Ninth Circuit is considering issues that may substantially redefine the litigation in an expedited appeal, which is currently scheduled for argument in October 2018. *See Karnoski v. Trump*, No. 18-35347. Finally, the disclosure of all of Defendants' documents that have been withheld under the deliberative process privilege requires DoD staff to re-review thousands of documents within a 10-day span to ensure that deliberative material related to other polices is not disclosed. *See* Andrew Carmichael Decl. Ex. 2 (Robert Easton Decl. ¶¶ 10–14), Dkt. 301. Accordingly, based on this substantial burden of compliance and the harm resulting from the disclosure of privileged information and tens of thousands of privileged documents, Defendants will be irreparably harmed absent a stay of the Court's Order.

B. <u>Plaintiffs will not be harmed by a stay.</u> On the other side of the balance, Plaintiffs have no countervailing interest that would require production on August 6, 2018. Because there is a preliminary injunction in place, there is plainly no meaningful harm to Plaintiffs simply by delaying compliance with this Court's Order until appellate review can be completed.[2] And if Plaintiffs do suffer any harm, it would pale in comparison to the Government's immediate and irreparable harm of sacrificing meaningful appellate review by producing the underlying documents. As another court found in a similar situation:

> Failure to grant a stay will entirely destroy appellants' rights to secure meaningful review. On the other hand, the granting of a stay will be detrimental to the Journal (and to the public's interest in disclosure) only to the extent that it postpones the moment of disclosure assuming the Journal prevails by whatever period of time may be required for us to hear and decide the appeals. Weighing this latter hardship against the total and immediate divestiture of appellants' rights to have effective review in this court, we find the balance of hardship to favor the issuance of a stay.

*Providence Journal Co.*, 595 F.2d at 890; *see also Hiken*, 2012 WL 1030091, at *2 (finding that the balance of harms "tips sharply" for Defendants because their right to appeal would be moot

---

[2] Notably, plaintiffs in the related case *Doe v. Trump*, No. 17-1597 (D.D.C.), have moved for summary judgment and represented that they could do so without the need to rely upon documents subject to privilege. Indeed, the *Doe* court has held in abeyance motions concerning privilege until after the resolution of the parties' cross-motions for summary judgment.

DEFENDANTS' MOTION TO STAY COMPLIANCE WITH THE COURT'S ORDER AND STAY DISCOVERY OF THE PRESIDENT OF THE UNITED STATES PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS - 4
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-3346**

1  if they had to disclose information, while a stay would only briefly postpone Plaintiffs' access to
2  that information). Accordingly, the balance of harms weighs heavily in Defendants' favor.

3        C. <u>Defendants are likely to prevail on the merits of their petition for a writ of mandamus</u>.
4  The Order requiring a revised privilege log from the Executive Office of the President cannot be
5  reconciled with *Cheney* because the Court did not first narrow discovery against the President,
6  require Plaintiffs to pursue alternative means of discovery, or inquire whether Plaintiffs came
7  close to making a focused demonstration of need. *See Cheney*, 542 U.S. at 390. *Cheney* makes
8  clear that in these circumstances, the Executive Branch shall not "bear the burden" of "making
9  particularized objections" to broad discovery requests. *Id.* at 388.

10       The Court's decision to allow discovery against the President relies on the premise that
11 the President did not "substantively rescind or revoke" his 2017 presidential memorandum and
12 that the 2018 policy is in substance the same. Dkt Nos. 233, 235. But this is precisely the issue
13 at the center of another appeal in this same case, *Karnoski v. Trump*, No. 18-35347, in which the
14 Government is challenging the Court's decision to extend its preliminary injunction of the 2017
15 memorandum to cover the 2018 policy on that basis. There is no doubt that the pending appeal
16 could substantially redefine the contours of what evidence is even relevant to this action. In
17 addition, the Court sought to distinguish *Hawaii v. Trump*, 138 S. Ct. 2392 (2018), on the ground
18 that "Defendants in this case have provided no information whatsoever concerning the process
19 by which the Ban was formulated." Order 5. This conclusion appears to overlook the 44-page
20 report by Secretary of Defense Mattis describing the new DoD policy as well as the voluminous
21 administrative record supporting that decision. *See* Dkt. 224-2. The Court's Order is thus
22 inconsistent with the Supreme Court's direction to "explore other avenues, short of forcing the
23 Executive to invoke privilege." *Cheney*, 542 U.S. at 390. More fundamentally, all discovery
24 against the President, his immediate staff, and discovery related to presidential deliberations and
25 communications should be precluded on separation-of-powers grounds, especially because the
26 President is not even a proper party in this case. *See Mississippi v. Johnson*, 71 U.S. 475, 501
27 (1866); *Cheney*, 542 U.S. at 389–90; *see also* Defs.' Cross-Mot. for Summ. J. 22–24, Dkt. 194.
28       Defendants are also likely to obtain appellate relief with respect to the Order requiring

DEFENDANTS' MOTION TO STAY COMPLIANCE WITH THE COURT'S ORDER AND STAY DISCOVERY OF THE PRESIDENT OF THE UNITED STATES PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS - 5
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-3346**

disclosure of all documents withheld under the deliberative process privilege, including documents from the Executive Office of the President. Although the Court applied the four factors from *FTC v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984), the Court erred in failing to examine specific documents or even categories of documents and instead finding that all of the tens of thousands of documents Plaintiffs seek are "undoubtedly relevant," Order 7, regardless of the subject matter of the withheld documents. This broad ruling will result in, for example, the disclosure of deliberative documents from the White House related to the formulation of the current policy, and, from DoD, deliberative documents related to the policy announced by former Secretary of Defense Ashton Carter during the prior administration, which are plainly not relevant to Plaintiffs' challenge to the President's 2017 Memorandum.

D. <u>A stay is in the public interest.</u> Disclosure of tens of thousands of deliberative documents from the White House and DoD covering multiple policies would hinder frank and independent discussion by military officials and White House advisors on future policies that could directly impact national security. *See* Carmichael Decl. Ex. 2 (Easton Decl. ¶¶ 15–19). Moreover, the production of White House privilege logs in this case has been burdensome, and revision of those logs will continue to divert resources away from other pressing matters. *See* Carmichael Decl. Ex. 1 (Gineen Bresso Decl. ¶ 9). This case is imposing very real harms on the Executive Branch and, hence, the public that it serves.

## II. Defendants Respectfully Request an Expedited Ruling.

Defendants respectfully request an expedited ruling on this motion. Absent a stay from this Court, Defendants will file a petition for a writ of mandamus and an emergency stay motion in the Ninth Circuit on August 1, 2018.[3] If this Court rules on Defendants' motion after Defendants have filed their motion with the Ninth Circuit, Defendants will provide the Ninth Circuit with this Court's ruling.

Defense counsel has conferred with counsel for both Plaintiffs and Washington regarding this motion. Plaintiffs and Washington oppose this motion.

---

[3] As explained in Defendants' Response to the Court's May 30, 2018 Order to Show Cause, the Court would have jurisdiction to rule on this motion even after Defendants file a motion for a stay in the Ninth Circuit. *See* Dkt. 276.

DEFENDANTS' MOTION TO STAY COMPLIANCE WITH THE COURT'S ORDER AND STAY DISCOVERY OF THE PRESIDENT OF THE UNITED STATES PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS - 6
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-3346**

| | |
|---|---|
| Dated: July 31, 2018 | Respectfully submitted, |
| | CHAD A. READLER<br>Acting Assistant Attorney General<br>Civil Division |
| | BRETT A. SHUMATE<br>Deputy Assistant Attorney General |
| | JOHN R. GRIFFITHS<br>Branch Director |
| | ANTHONY J. COPPOLINO<br>Deputy Director |
| | JOSHUA E. GARDNER<br>Assistant Director |
| | */s/ Andrew E. Carmichael*<br>ANDREW E. CARMICHAEL<br>Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>Telephone: (202) 514-3346<br>Email: andrew.e.carmichael@usdoj.gov |
| | *Counsel for Defendants* |

DEFENDANTS' MOTION TO STAY COMPLIANCE WITH THE COURT'S ORDER AND STAY DISCOVERY OF THE PRESIDENT OF THE UNITED STATES PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS - 7
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-3346**

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2018, I electronically filed the foregoing Motion to Stay Compliance with the Court's Order and Stay Discovery of the President of the United States Pending Resolution of Petition for Writ of Mandamus using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

Dated: July 31, 2018  */s/ Andrew E. Carmichael*
ANDREW E. CARMICHAEL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Telephone: (202) 514-3346
Email: andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

DEFENDANTS' MOTION TO STAY COMPLIANCE WITH THE COURT'S ORDER AND STAY DISCOVERY OF THE PRESIDENT OF THE UNITED STATES PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS - 8
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-3346**