The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, et al., <br><br> Defendants. | No. 2:17-cv-1297-MJP <br><br> **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY COMPLIANCE WITH THE COURT'S ORDER AND STAY DISCOVERY OF THE PRESIDENT OF THE UNITED STATES PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS** <br><br> NOTED FOR CONSIDERATION: August 10, 2018 |

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY COMPLIANCE WITH THE COURT'S ORDER AND STAY DISCOVERY OF THE PRESIDENT OF THE UNITED STATES PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-4336

**INTRODUCTION**

Plaintiffs have again confirmed that their alleged need for privileged documents both from the President and the Department of Defense ("DoD") is premised on the Court's finding that strict scrutiny is the proper standard of review and that the Supreme Court's holding in *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367 (2004), is inapplicable to this case. Pls.' Opp. 3–5, 10, 11, Dkt. 306. These findings are presently before the Ninth Circuit for review as part of the Defendants' preliminary injunction appeal and petition for a writ of mandamus, which is set for oral argument in less than two months. This Court should stay its Order until the Ninth Circuit resolves these issues. Plaintiffs will not be harmed by this modest delay in receiving information and in fact will suffer no harm at all because the Court has issued a preliminary injunction. Further, failure to grant a stay imposes heavy burdens on both the President and DoD resulting from the revision of voluminous privilege logs and the production of thousands of deliberative documents concerning military policies—the exact type of burdens that the executive privilege and military deference doctrines are intended to avoid.

**ARGUMENT**

**I.   The Balance Of Harms Weighs Heavily In Defendants' Favor.**

Plaintiffs do not seriously dispute that Defendants' compliance with the Court's Order would cause irreparable harm. Instead, they propose modifying the Court's Order and extending the deadlines for the production of documents and revised privilege logs. Plaintiffs argue that they would be harmed by a stay because "if and when Defendants' petition is denied, discovery will be further delayed while Defendants then comply with the Court's July 27, 2018 order." Pls.' Opp. 10. But Plaintiffs fail to acknowledge that they suffer no harm while a preliminary injunction is in place. *See* Order, Dkt. 145, *Doe v. Trump*, No. 17-cv-1597 (D.D.C. June 19, 2018) (emphasizing that holding discovery disputes in abeyance would "not prejudice Plaintiffs, because the Court's preliminary injunction remains in place").

Defendants, on the other hand, would suffer irreparable harm absent a stay. Plaintiffs' proposal entirely ignores that the burden faced by the President is not merely the impossibility of complying with the Court's Order within the allotted 10 days, but rather the staggering

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY COMPLIANCE WITH THE COURT'S ORDER AND STAY DISCOVERY OF THE PRESIDENT OF THE UNITED STATES PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS - 1
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3346

intrusion on the President and his staff in producing a revised privilege log. *See Cheney*, 542 U.S. at 391 (2004) (directing courts to be "mindful of the burdens imposed on the Executive Branch"). Approximately 9,000 documents are at issue, and the White House has already provided a detailed privilege log for these documents that spans 66 categories of documents and describes the nature of the documents "without revealing information [that is] itself privileged." Fed. R. Civ. P. 26(b)(5)(A)(ii). It took White House staffers and attorneys "hundreds of hours to complete" both the initial version of the privilege log and the supplemental log. Andrew Carmichael Decl. Ex. 1 (Gineen Bresso Decl. ¶¶ 4, 7), Dkt. 301. The Court's Order would require creation of a new, highly specific privilege log on a "document-by-document basis"—that is, a log with approximately 9,000 individual entries. *Cheney* forecloses this "line-by-line" scrutiny of privileged information and documents, which would plainly "interfer[e] with a coequal branch's ability to discharge its constitutional responsibilities." 542 U.S. at 382. Ordering the preparation of a revised privilege log—even for an *in camera* review—before the Ninth Circuit has ruled on the pending appeal imposes the very burden at issue in the petition.[1]

There is also a significant risk that the Court's Order, which requires a highly specific privilege log, will itself require disclosure of privileged material. *See* Carmichael Decl. Ex. 1 (Bresso Decl. ¶ 10 (noting that prior privilege log was designed to describe materials without disclosing privileged information)). For example, the Court ruled that the log "must … identify individual author(s) and recipients," together with the date of each document or communication. Order 11, Dkt. 299. Although Plaintiffs argue that the identity of the President's advisors is not privileged, Pls.' Opp. 8–9, the privilege protects facts and "sources of information," as well as "documents or other materials that reflect presidential decisionmaking and deliberations," *In re Sealed Case*, 121 F.3d 729, 744, 750 (D.C. Cir. 1997). It thus protects the President from being compelled to disclose the identities of the particular advisors from whom he sought advice on particular subjects, or the timing or sequence of those deliberations—particularly in a field in

---

[1] For this reason, Plaintiffs' proposal that Defendants re-review deliberative documents and "certify to the Court and Plaintiffs that all documents are ready for production, by October 10th" should also be rejected. Pls.' Opp. 12. The White House withheld documents under the deliberative process privilege, and this re-review and certification process is a burden akin to producing a revised privilege log and similarly is inconsistent with *Cheney*.

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY COMPLIANCE WITH THE COURT'S ORDER AND STAY DISCOVERY OF THE PRESIDENT OF THE UNITED STATES PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS - 2
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-3346**

which concerns about the "confidentiality of Presidential communications in performance of the President's responsibilities," *United States v. Nixon*, 418 U.S. 683, 711 (1974), are at their zenith.

Defendants also would suffer harm by disclosing tens of thousands of deliberative documents, including sensitive communications to Secretary of Defense James Mattis and his personal notes on those communications. Carmichael Decl. Ex. 2 (Robert Easton Decl. ¶ 10). Plaintiffs' argument that *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009), forecloses Defendants' claim of irreparable harm is meritless. Pls.' Opp. 9. The *Mohawk* Court "express[ed] no view" on executive privileges, 558 U.S. at 609 n.4, and recognized that "a party may petition the court of appeals for a writ of mandamus" to seek relief from an order directing the disclosure of privileged materials, 558 U.S. at 111, just as Defendants have done here and in other cases that post-date *Mohawk*. *See, e.g.*, *In re Perez*, 749 F.3d 849, 854 (9th Cir. 2014). And the rationale underlying *Mohawk*—that "deferring review until final judgment does not meaningfully reduce the *ex ante* incentives for full and frank consultations between clients and counsel," 558 U.S. at 109—is plainly inapplicable to the deliberative process privilege, as disclosure of deliberative material would chill discussions of future military policies, Carmichael Decl. Ex. 2 (Easton Decl. ¶¶ 15–19); *see Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1117 (9th Cir. 1988).

**II.     Defendants Are Likely To Prevail On The Merits Of Their Mandamus Petition.**

Plaintiffs fail to acknowledge the pending appeal and its potential effect on discovery. Plaintiffs rely on this Court's finding that "strict scrutiny" is the appropriate standard of review as a basis for showing need for the privileged information and argue that the requested information is "central to the constitutional analysis," Pls.' Opp. 5, but Plaintiffs ignore the fact that the level of scrutiny is a central issue on appeal. Moreover, the Ninth Circuit set argument for the petition for a writ of mandamus on the same day as the appeal of the denial of Defendants' Motion to Dissolve the Preliminary Injunction, which supports Defendants' position that the issues in this discovery dispute are intertwined with the merits of the case and that the resolution of the related appeal will clarify the issues presented in the discovery dispute and the standard of review. *See* Order, *In re Donald J. Trump*, No. 18-72159, Dkt. 4.

Moreover, Plaintiffs' arguments that the Court did not err by requiring the White House

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY COMPLIANCE WITH THE COURT'S ORDER AND STAY DISCOVERY OF THE PRESIDENT OF THE UNITED STATES PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS - 3
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-3346**

to produce revised privilege logs are based upon a misreading of *Cheney*. Plaintiffs' cramped, fact-specific reading of *Cheney*, *see* Pls.' Opp. 3, 5, ignores that numerous courts have applied *Cheney* outside the context of the dispute in that case, *see* Dkt. 268 at 6–9, and fails to recognize that the Order here is broader and more intrusive than in *Cheney*. The requests here seek, *inter alia*, communications between the President and high-level officials and members of Congress, including "[a]ll documents and communications" in his possession related to the military's policies regarding servicemembers who are transgender, and communications regarding "transgender people in general." Dkt. 268 at 2–3; Dkt. 269 at 3. The notion that discovery from the President about presidential deliberations concerning the development of military policy would be less intrusive of his interests than the discovery directed to the Vice President in *Cheney* defies common sense.

Next, Plaintiffs argue that *Nixon* should control because constitutional claims are at issue and the "function of the courts" in adjudicating such claims is implicated. Pls.' Opp. 3–4. But *Nixon* turned on the nature of *criminal* proceedings, and *Cheney* explains why greater protection is afforded the President in a civil case. Numerous civil cases involve constitutional claims, and Plaintiffs' argument would render *Cheney* a nullity. Plaintiffs further argue that this case is more similar to *Nixon* than *Cheney* because the "Ban" allegedly "on its face expressly discriminates against a minority group" and the discovery in question is "indispensable" to "heightened scrutiny analysis." Pls.' Opp. 4. But Plaintiffs' argument confirms the appropriateness of a stay, as the issues of which policy is properly the subject of the court's review and the standard of review—and thus what discovery is relevant—are precisely the issues at the center of Defendants' appeal.

Plaintiffs argue that they have already exhausted alternative sources of discovery by seeking the *same* privileged information in the possession of others. Pls.' Opp. 5. However, as Defendants have previously explained, that is not the kind of alternative source of discovery that *Cheney* contemplates. *See* Dkt. 281 at 2–3. The core purpose of *Cheney*'s holding is to avoid discovery that unnecessarily intrudes upon the President and to thereby defer (and ideally eliminate) the need for a privilege assertion over presidential information. Although these

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY COMPLIANCE WITH THE COURT'S ORDER AND STAY DISCOVERY OF THE PRESIDENT OF THE UNITED STATES PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS - 4
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-3346**

concerns are most acute when the President must personally respond to discovery, *Cheney* makes clear that separation-of-powers principles are not so limited, but rather "afford Presidential confidentiality the greatest protection consistent with the fair administration of justice." 542 U.S. at 382. *Cheney*'s protections would soon become a nullity if litigants could evade them by seeking presidential communications from the individuals with whom the President communicated.

Finally, as the court in the related *Doe* case recently emphasized, *Cheney* directs that "'occasion[s] for constitutional confrontation between the two branches should be avoided whenever possible.'" *Doe* Mem. Op. 4–5, Dkt. 155. Consistent with that principle, the *Doe* Court dismissed the President as a party to that case. *Doe* Order, Dkt. 154. This further supports Defendants' argument that the discovery requests served on the President as a party to this case—and the requirement that the President create a revised privilege log in response—were improper and should have been precluded on separation-of-powers grounds. *See Cheney*, 542 U.S. at 381.

Plaintiffs' arguments pertaining to the disclosure of tens of thousands of deliberative documents covering multiple military policies are also misguided. Plaintiffs contend that no case requires courts to apply the balancing test set forth in *FTC v. Warner Communications, Inc.*, 742 F.2d 1156 (9th Cir. 1984), on a document-by-document basis.[2] Pls.' Opp. 6–7. But the balancing test in *Warner* necessarily requires a court to analyze the relevance of particular documents or specific categories of documents to the litigation. *See* 742 F.2d at 1161–62 (addressing two specific memoranda and the effects of their potential release). This is especially true here, where, owing to Plaintiffs' broad discovery requests, Defendants have withheld deliberative materials spanning numerous military policies, across two administrations, running years before the creation of the current policy.[3] *See* Carmichael Decl. Ex. 2 (Easton Decl. ¶¶ 7, 10).

---

[2] Plaintiffs' proposal that Defendants "certify to the Court and Plaintiffs that all documents are ready for production, by October 10th" ignores the fact that one of the primary issues on appeal is the Court's application of *Warner* on a universal basis, rather than on a document-by-document or categorical basis. Pls.' Opp. 12. Plaintiffs' proposal assumes that the Ninth Circuit not only will accept the Court's reasoning in full, but also that it will rule on the same day as the oral argument. Further, DoD and the Services have been diligently revising their privilege logs.

[3] Plaintiffs also argue that "the deliberative process privilege has no application where, as here, Plaintiffs' claims turn on the government's intent and deliberations." Pls.' Opp. 8 (citing *In re Subpoena Duces Tecum*, 145 F.3d 1422, 1424 (D.C. Cir. 1998)). But this principle from *In re Subpoena* has not been adopted by the Ninth Circuit, is inconsistent with the balancing test set forth in *Warner*, and the Court did not adopt this approach.

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY COMPLIANCE WITH THE COURT'S ORDER AND STAY DISCOVERY OF THE PRESIDENT OF THE UNITED STATES PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS - 5
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3346

Plaintiffs also sweep aside DoD's concern that "release of DoD information protected by the deliberative process privilege would have a substantial and immediate chilling effect on policy deliberation and development within DoD." *Id.* at Easton Decl. ¶ 15. Rather than contest this point, Plaintiffs argue that courts have "reject[ed] [the] application of the privilege even in the military and national security context." Pls.' Opp. 6–7. But Plaintiffs' sole case, *Vietnam Veterans of America v. CIA*, did not "reject[] [the] application of the privilege," but instead directed an *in camera* review of specific categories of documents, along with the submission of a declaration explaining the chilling effect so the court could carefully evaluate the privilege. 2011 WL 4635139, at *12 (N.D. Cal. Oct. 5, 2011). Accordingly, because the Court conducted the *Warner* balancing test *en masse* and set aside DoD's concern about the chilling effects resulting from disclosure, Defendants are likely to prevail on the merits on this issue.

**III.   A Stay Is In The Public Interest.**

Plaintiffs ignore Defendants' arguments and supporting declarations showing that disclosure of deliberative documents would hinder decisionmaking directly related to national security and that revision of the privilege logs will continue to divert resources away from more pressing matters. Instead, Plaintiffs argue that a stay is not in the public interest because it delays the Court's ability to obtain information. Pls.' Opp. 10 (citing *Cheney*, 542 U.S. at 385; *Nixon*, 418 U.S. at 707). But Plaintiffs rely on case law related to the importance of obtaining information for *criminal* proceedings, which are clearly distinguishable from civil cases. Plaintiffs also argue that a stay is not in the public interest because it "would allow the government to continue to disregard this Court's prior April 19, 2018 order that it prepare a legally sufficient privilege log." *Id.* at 11. But the White House *did* already prepare a detailed privilege log that describes the nature of the documents "without revealing information [that is] itself privileged." Fed. R. Civ. P. 26(b)(5)(A)(ii). It is not in the public interest to pull staff and resources away from other pressing matters to prepare a revised log when the Ninth Circuit's decision may obviate the need to do so.

## CONCLUSION

For these reasons, and those set forth in Defendants' Motion to Stay, the Court should

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY COMPLIANCE WITH THE COURT'S ORDER AND STAY DISCOVERY OF THE PRESIDENT OF THE UNITED STATES PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS - 6
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 514-3346

stay its Order of July 27, 2018, pending the resolution of the mandamus petition.

Dated: August 10, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Branch Director

ANTHONY J. COPPOLINO
Deputy Director

JOSHUA E. GARDNER
Assistant Director

*/s/ Andrew E. Carmichael*
ANDREW E. CARMICHAEL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Telephone: (202) 514-3346
Email: andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY COMPLIANCE WITH THE COURT'S ORDER AND STAY DISCOVERY OF THE PRESIDENT OF THE UNITED STATES PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS - 7
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-3346**

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2018, I electronically filed the foregoing Defendants' Reply in Support of Their Motion to Stay Compliance with the Court's Order and Stay Discovery of the President of the United States Pending Resolution of Petition for Writ of Mandamus using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

Dated:  August 10, 2018

*/s/ Andrew E. Carmichael*
ANDREW E. CARMICHAEL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Telephone: (202) 514-3346
Email: andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY COMPLIANCE WITH THE COURT'S ORDER AND STAY DISCOVERY OF THE PRESIDENT OF THE UNITED STATES PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS - 8
*Karnoski, et al. v. Trump, et al.*, No. 2:17-cv-1297 (MJP)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-3346**