# Exhibit A

*Karnoski v. Trump*, No. 18-35347 (9th Cir.), Dkt. No. 124



**U.S. Department of Justice**
Civil Division
950 Pennsylvania Ave. NW, Rm. 3138
Washington, DC 20530

Tel: 202-305-7920

VIA CM/ECF

November 7, 2018

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1526

RE: *Karnoski v. Trump*, No. 18-35347 (9th Cir.) (oral argument held October 10, 2018, before Judges Fisher, Clifton, Callahan)

Dear Ms. Dwyer:

This is an appeal from the district court's preliminary injunction against the Department of Defense's policy concerning military service by transgender individuals. In July 2018, this Court denied the government's motion for a stay pending appeal and announced that it would hear argument in October 2018. Shortly thereafter, the government filed a motion to expedite oral argument in order to allow the Court to issue a decision as soon as possible, and no later than December 2018. As the government explained, such expedition would preserve the opportunity for the Supreme Court to decide these issues in the 2018 Term.

On further consideration of the Supreme Court's calendar, the Solicitor General has determined that the government would need to seek the Supreme Court's review in this case by November 23 in order to preserve that Court's ability to hear and decide the case this Term. If this Court decides the case before that time and the government does not prevail, the government will likely file a petition for a writ of certiorari to review this Court's judgment. If this Court has not yet decided the case by that time,

the government will file a petition for a writ of certiorari before judgment.* If this Court were then to issue an adverse decision before the Supreme Court considered that petition in January, the government would ask the Supreme Court to treat the petition as one for a writ of certiorari seeking review of this Court's decision.

The government recognizes and appreciates the time and energy that this Court has already invested in this case, including in the recent oral argument, and we would not lightly seek certiorari before judgment in these circumstances. But it may be necessary to do so here, in light of the importance of the issues at stake, to preserve the Supreme Court's ability to consider those issues this Term. The district court's preliminary injunction prevents the military from implementing a policy that, in its professional judgment, is necessary to ensure readiness, good order and discipline, steady leadership, unit cohesion, and effectiveness and lethality, among other interests. *See, e.g.*, ER195-204. It is critically important to the armed forces that the injunction not remain in place any longer than is necessary. The government therefore respectfully requests that this Court issue its decision this month, or in any event by early January, so that the Supreme Court will have the benefit of this Court's decision in considering whether to grant review.

Sincerely,

*s/ Brinton Lucas*
Brinton Lucas
Counsel to the Assistant Attorney General

cc: all counsel (via CM/ECF)

---

* The government will also seek certiorari before judgment in the related case of *Doe 2 v. Trump*, 315 F. Supp. 3d 474 (D.D.C. 2018), *appeal docketed*, No. 18-5257 (D.C. Cir. Aug. 29, 2018).

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*s/ Brinton Lucas*
BRINTON LUCAS