The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, et al., | Case No. 2:17-cv-01297-MJP |
| *Plaintiffs*, and | **JOINT STIPULATION TO REVISE CASE SCHEDULE** |
| STATE OF WASHINGTON, | |
| *Plaintiff-Intervenor*, | NOTE ON MOTION CALENDAR: July 12, 2019 |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | |
| *Defendants*. | |

JOINT STIPULATION TO REVISE CASE SCHEDULE
[Case No.: 2:17-cv-01297-MJP]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Plaintiffs Ryan Karnoski, Cathrine Schmid, D.L., formerly known as K.G., by his next friend and mother, Laura Garza, Lindsey Muller, Terece Lewis, Phillip Stephens, Megan Winters, Jane Doe, Human Rights Campaign, Gender Justice League, and American Military Partner Association n/k/a Modern Military Association of America (collectively, "Plaintiffs"); Plaintiff-Intervenor State of Washington; and Defendants Donald J. Trump, the United States of America, Mark Esper, and the United States Department of Defense (collectively, "Defendants"), stipulate and move the Court as follows:

WHEREAS, the Court granted the Parties' stipulation on September 28, 2018, vacating the deadlines for filing and noting discovery motions, completing discovery, and filing dispositive motions, and further ordered the Parties to submit proposed revisions to the case schedule within 21 days after the Ninth Circuit ruled on the Mandamus Petition. (Dkt. No. 319.) All other deadlines in the case schedule remained unchanged. (*Id*.)

WHEREAS, on February 19, 2019 the Parties further agreed that revisions to the case schedule were warranted because the Ninth Circuit still had not ruled on the pending Mandamus Petition—including vacating the March 4, 2019 motions in limine deadline, the March 27, 2019 pretrial order deadline, the March 27, 2019 proposed findings of fact and conclusions of law deadline, the March 29, 2019 pretrial conference, and the April 8, 2019 trial date. (Dkt. No 330.)

WHEREAS, the Court granted the Parties' stipulation on February 20, 2019 and further ordered the Parties to submit proposed revisions to the case schedule within 21 days after the Ninth Circuit ruled on the Mandamus Petition. (Dkt. No. 331.)

WHEREAS, the Ninth Circuit issued its order on the Mandamus Petition on June 14, 2019. (Dkt. No. 338.)

WHEREAS, the Parties have indicated that they will not file a petition for panel rehearing, a petition for rehearing en banc, or a petition for a writ of certiorari.

WHEREAS, the Parties disagree on the order in which the Court should resolve the Parties' discovery disputes and Defendants' motion to dissolve the preliminary injunction. The Parties' respective positions are set forth below:

JOINT STIPULATION TO REVISE CASE SCHEDULE - 1
[Case No.: 2:17-cv-01297-MJP]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

- **Plaintiffs and Plaintiff-Intervenor's Position:** Plaintiffs and Plaintiff-Intervenor believe that the Court should resolve the Parties' dispute over Defendants' claims of privilege (and subsequent withholding of documents) first. The Ninth Circuit specified that "Plaintiffs on remand may present additional evidence" beyond "the current record" in support of the preliminary injunction. (Dkt. No. 338 at 44.) The Ninth Circuit also "vacate[d] the district court's discovery order, so that the district court may reconsider Plaintiffs' discovery requests," and it set forth guidance for resolution of privilege disputes. (Dkt. No. 338 at 56.) In order for the Plaintiffs to "present additional evidence", as contemplated by the Ninth Circuit, the discovery disputes must be resolved. And this delay in considering Defendants' dissolution motion does no harm to Defendants because the preliminary injunction has been stayed "through the district court's further consideration of the motion to dissolve," and if that motion is denied, "throughout [the Ninth Circuit's] disposition of any appeal by the Government" (Dkt. No. 338 at 56). Plaintiffs and Plaintiff-Intervenor are not requesting an "indefinite amount of time" to oppose Defendants' motion as Defendants suggest below, and instead only request that the threshold privilege issues be addressed first since such discovery is very likely to inform the Court's consideration of Defendants' motion.

- **Defendants' Position:** Defendants believe that there is no legal basis for permitting Plaintiffs and Plaintiff-Intervenor to take an indefinite amount of time to oppose Defendants' motion to dissolve the preliminary injunction, Dkt. 223, which was filed on March 29, 2018 and noted for consideration on April 27, 2018, while Plaintiffs take additional discovery. Preliminary relief is appropriate only when a party can show that "(1) it is likely to succeed on the merits of its claim, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of hardships tips in its favor, and (4) a preliminary injunction is in the public interest." *Int'l Franchise Ass'n, Inc. v. City of Seattle*, 803 F.3d 389, 399 (9th Cir. 2015). If Plaintiffs and Plaintiff-Intervenor believe they need to take more discovery before they can satisfy this standard, then there is no basis in law for the preliminary injunction to remain in place in the interim.

JOINT STIPULATION TO REVISE CASE SCHEDULE - 2
[Case No.: 2:17-cv-01297-MJP]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

| | |
|---|---|
| 1 | Although the Ninth Circuit stated that "Plaintiffs on remand may present additional |
| 2 | evidence to support th[eir] *theory*"—that the 2018 policy was not the product on |
| 3 | independent military judgment—the Ninth Circuit nowhere stated that Plaintiffs or |
| 4 | Plaintiff-Intervenor may indefinitely delay resolution of Defendants' pending motion to |
| 5 | dissolve the preliminary injunction. Dkt. 338 at 45 (emphasis added). To the contrary, |
| 6 | the Ninth Circuit instructed that "the district court on remand must apply the 'traditional' |
| 7 | standard for injunctive relief to determine whether dissolution of the injunction is |
| 8 | warranted." *Id.* at 45. Accordingly, Defendants respectfully request that the Court order |
| 9 | that if Plaintiffs or Plaintiff-Intervenor wish to file an opposition to Defendants' motion |
| 10 | to dissolve the preliminary injunction, they must do so on or before August 2, 2019; and |
| 11 | Defendants will file a reply on or before August 23, 2019. |
| 12 | WHEREAS, the Parties disagree about whether Plaintiffs and Plaintiff-Intervenor are |
| 13 | entitled to discovery beyond the administrative record. |
| 14 | • **Defendants' Position:** The Ninth Circuit definitively set the standard for judicial review |
| 15 | in this case. This Court "must apply appropriate deference to its evaluation" of the |
| 16 | challenged policy under "intermediate scrutiny." *Id.* at 45. This means that, to prevail, |
| 17 | the government must "establish[] that [the military] reasonably determined the policy |
| 18 | 'significantly furthers' the government's important interests." *Id.* Under no |
| 19 | circumstance is the reviewing court to "substitute its 'own evaluation of evidence for a |
| 20 | reasonable evaluation' by the military." *Id.* (quoting *Rostker*, 453 U.S. at 68). Thus, |
| 21 | because "the reasonableness of the 2018 Policy must be evaluated on the record |
| 22 | supporting that decision and with the appropriate deference due to a proffered military |
| 23 | decision," *id.* at 56, Plaintiffs' and Plaintiff-Intervenor's claims are properly adjudicated |
| 24 | based on a review of the administrative record supporting Defendants' decision, and the |
| 25 | case should proceed directly to dispositive motions. *See id.* at 54 n.22 (noting that that a |
| 26 | 12-page memo was sufficient to evaluate the government policy in *Trump v. Hawaii*, 138 |
| 27 | S. Ct. 2392, 2421–22, (2018)). However, in the event that the Court disagrees or requires |
| 28 | further briefing on this issue, Defendants agree with the below schedule. |

JOINT STIPULATION TO REVISE CASE  
SCHEDULE - 3  
[Case No.: 2:17-cv-01297-MJP]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500  
Seattle, Washington 98121  
(206) 274-2800

- **Plaintiffs and Plaintiff-Intervenor's Position:** Plaintiffs and Plaintiff-Intervenor maintain that this Court has already rejected Defendants' contention that Plaintiffs' and Plaintiff-Intervenor's direct constitutional claims should be confined to an administrative record. *E.g.*, Dkt. 235 at 2. Nothing in the Ninth Circuit's opinion disturbed that manifestly correct decision—and in fact the opinion further undermines Defendants' position. The Ninth Circuit expressly held that Plaintiffs' and Plaintiff-Intervenor's claims are subject to heightened scrutiny, which requires testing the government's purported justifications for a discriminatory classification to ensure they are "exceedingly persuasive … genuine, not hypothesized or invented *post hoc* in response to litigation." (Slip op. at 39.) Equally plain, the Ninth Circuit observed that the government had already produced the administrative record, yet far from foreclosing additional discovery, as Defendants suggest this Court should do, the Ninth Circuit repeatedly recognized that Defendants may seek additional discovery. (*E.g. id.* at 44, 49, 52-55.)

NOW THEREFORE, Plaintiffs, Plaintiff-Intervenor, and Defendants, through their respective counsel of record, do hereby stipulate and agree, and respectfully request, that the Court enter an order as follows:

1. The Parties stipulate that amended pleadings may be filed two weeks from the date the Court issues the revised case schedule.

2. Before filing any motion pertaining to the Deliberative Process Privilege, the Parties will meet and confer to try to attempt to narrow any remaining discovery disputes.

3. Motions pertaining to the Deliberative Process Privilege will be filed on or before August 22, 2019 with a noting date of Friday, September 27, 2019. Oppositions will be filed on or before September 13, 2019. Replies will be filed on or before September 27, 2019. This schedule shall not apply to Plaintiff-Intervenor, as Defendants' responses to Plaintiff-Intervenor's discovery requests are pending.

4. All motions related to discovery will be filed on or before January 30, 2020 and noted on the motion calendar on the third Friday thereafter.

5. The discovery cutoff will be February 28, 2020.

JOINT STIPULATION TO REVISE CASE SCHEDULE - 4
[Case No.: 2:17-cv-01297-MJP]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

6. Dispositive Motions will be filed on or before March 27, 2020 with a noting date of Friday, May 1, 2020. Oppositions will be filed on or before April 24, 2020. Replies will be filed on or before May 1, 2020.

7. Motions in Limine will be filed on or before June 4, 2020 with a noting date of Friday, June 19, 2020.

8. The Joint Pretrial Order will be due on or before July 2, 2020.

9. Trial Briefs and Proposed Findings of Fact and Conclusions of Law will be filed on or before July 13, 2020.

10. The Pretrial Conference will be held the week of July 20, 2020

11. Trial will start on July 27, 2020.

SO STIPULATED

Respectfully submitted July 16, 2019.

| **NEWMAN DU WORS LLP** | **UNITED STATES DEPARTMENT OF JUSTICE** |
|---|---|
| s/ Jason B. Sykes | s/ Ashley Cheung |
| Derek A. Newman, WSBA No. 26967<br>*dn@newmanlaw.com*<br>Jason B. Sykes, WSBA No. 44369<br>*jason@newmanlaw.com*<br>2101 Fourth Ave., Ste. 1500<br>Seattle, WA 98121<br>(206) 274-2800<br><br>**LAMDBA LEGAL DEFENSE AND EDUCATION FUND, INC.**<br>Tara Borelli, WSBA No. 36759<br>*tborelli@lambdalegal.org*<br>Camilla B. Taylor (admitted pro hac vice)<br>Peter C. Renn (admitted pro hac vice)<br>Sasha Buchert (admitted pro hac vice)<br>Kara Ingelhart (admitted pro hac vice)<br>Carl Charles (admitted pro hac vice) | Andrew E. Carmichael, VA Bar # 76578<br>*andrew.e.carmichael@usdoj.gov*<br>Gerald Brinton Lucas, VA Bar # 84129<br>*brinton.lucas@usdoj.gov*<br>Joshua E. Gardner, D.C. Bar #478049<br>*Joshua.e.gardner@usdoj.gov*<br>Ashley Cheung<br>*ashley.cheung@usdoj.gov*<br>1100 L Street NW, Suite 12108<br>Washington, DC 20530<br>(202) 514-3346<br><br>Counsel for Defendants |

JOINT STIPULATION TO REVISE CASE SCHEDULE - 5
[Case No.: 2:17-cv-01297-MJP]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

| | |
|---|---|
| 1  Paul D. Castillo (admitted pro hac vice)<br><br>2  **OUTSERVE-SLDN, INC. N/K/A**<br>   **MODERN MILITARY ASSOCIATION**<br>3  **OF AMERICA**<br>   Peter Perkowski (admitted pro hac vice)<br>4<br>   **KIRKLAND & ELLIS LLP**<br>5  James F. Hurst, P.C. (admitted pro hac vice)<br>   Steve Patton (admitted pro hac vice)<br>6  Jordan M. Heinz (admitted pro hac vice)<br>7  Vanessa Barsanti (admitted pro hac vice)<br>   Daniel I. Siegfried (admitted pro hac vice)<br>8  Joseph B. Tyson (admitted pro hac vice)<br>9  Counsel for Plaintiffs | **OFFICE OF THE WASHINGTON**<br>**STATE ATTORNEY GENERAL**<br><br>s/ Chalia I. Stallings-Ala'ilima<br>La Rond Baker, WSBA No. 43610<br>*larondb@atg.wa.gov*<br>Colleen M. Melody, WSBA No. 42275<br>*colleenm1@atg.wa.gov*<br>Chalia I. Stallings-Ala'ilima, WSBA No. 40694<br>*chalias@atg.wa.gov*<br>Assistant Attorneys General<br>Civil Rights Unit<br>Attorney General's Office<br>800 5th Ave, Suite 2000<br>Seattle, WA 98104<br>(206) 464-7744<br><br>Counsel for Intervenor-Plaintiff State of Washington |

JOINT STIPULATION TO REVISE CASE SCHEDULE - 6
[Case No.: 2:17-cv-01297-MJP]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**ORDER**

This matter comes before the Court on the Parties' Joint Stipulation to Revise Case Schedule. After considering the Parties' Joint Stipulation, **the Court grants the revision and further alters the dates to accommodate the Court's schedule.** IT IS HEREBY ORDERED THAT:

1. The Parties stipulate that amended pleadings may be filed two weeks from the date the Court issues the revised case schedule.

2. Before filing any motion pertaining to the Deliberative Process Privilege, the Parties will meet and confer to try to attempt to narrow any remaining discovery disputes.

3. [If Plaintiffs wish to file an opposition to Defendants' motion to dissolve, they must do so on or before August 2, 2019; and Defendants will file a reply on or before August 23, 2019.]

4. Motions pertaining to the Deliberative Process Privilege will be filed on or before August 22, 2019 with a noting date of Friday, September 27, 2019. Oppositions will be filed on or before September 13, 2019. Replies will be filed on or before September 27, 2019. This schedule shall not apply to Plaintiff-Intervenor, as Defendants' responses to Plaintiff-Intervenor's discovery requests are pending.

5. All motions related to discovery will be filed on or before January 21, 2020 and noted on the motion calendar on the third Friday thereafter.

6. The discovery cutoff will be February 18, 2020.

7. Dispositive Motions will be filed on or before March 17, 2020 and noted on the motion calendar on the fourth Friday thereafter.

8. Motions in Limine will be filed on or before 5/26/2020 and noted on the motion calendar on the third Friday thereafter.

9. The Joint Pretrial Order will be due on or before June 10, 2020.

10. Trial Briefs and Proposed Findings of Fact and Conclusions of Law will be filed on or before June 10, 2020.

//

JOINT STIPULATION TO REVISE CASE SCHEDULE - 7
[Case No.: 2:17-cv-01297-MJP]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

// 

//

11. The Pretrial Conference will be held on June 12, 2020 at 1:30 p.m.

12. Trial will start on June 22, 2020 at 9:00 a.m.

IT IS SO ORDERED.


Dated this 16th day of July, 2019.

*[signature]*

Marsha J. Pechman
United States District Judge

PRESENTED BY:

| **NEWMAN DU WORS LLP** | **UNITED STATES DEPARTMENT OF JUSTICE** |
|---|---|
| s/ Jason B. Sykes | s/ Ashley Cheung |
| Derek A. Newman, WSBA No. 26967 | Andrew E. Carmichael, VA Bar # 76578 |
| *dn@newmanlaw.com* | *andrew.e.carmichael@usdoj.gov* |
| Jason B. Sykes, WSBA No. 44369 | Gerald Brinton Lucas, VA Bar # 84129 |
| *jason@newmanlaw.com* | *brinton.lucas@usdoj.gov* |
| 2101 Fourth Ave., Ste. 1500 | Joshua E. Gardner, D.C. Bar #478049 |
| Seattle, WA 98121 | *Joshua.e.gardner@usdoj.gov* |
| (206) 274-2800 | Ashley Cheung |
| | *ashley.cheung@usdoj.gov* |
| **LAMDBA LEGAL DEFENSE AND EDUCATION FUND, INC.** | 1100 L Street NW, Suite 12108 |
| Tara Borelli, WSBA No. 36759 | Washington, DC 20530 |
| *tborelli@lambdalegal.org* | (202) 514-3346 |
| Camilla B. Taylor (admitted pro hac vice) | Counsel for Defendants |
| Peter C. Renn (admitted pro hac vice) | |
| Sasha Buchert (admitted pro hac vice) | |
| Kara Ingelhart (admitted pro hac vice) | |
| Carl Charles (admitted pro hac vice) | |
| Paul D. Castillo (admitted pro hac vice) | |

**OUTSERVE-SLDN, INC. N/K/A MODERN MILITARY ASSOCIATION**

JOINT STIPULATION TO REVISE CASE SCHEDULE - 8
[Case No.: 2:17-cv-01297-MJP]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**OF AMERICA**
Peter Perkowski (admitted pro hac vice)

**KIRKLAND & ELLIS LLP**
James F. Hurst, P.C. (admitted pro hac vice)
Steve Patton (admitted pro hac vice)
Jordan M. Heinz (admitted pro hac vice)
Vanessa Barsanti (admitted pro hac vice)
Daniel I. Siegfried (admitted pro hac vice)
Joseph B. Tyson (admitted pro hac vice)

Counsel for Plaintiffs

**OFFICE OF THE WASHINGTON STATE ATTORNEY GENERAL**

s/ Chalia I. Stallings-Ala'ilima
La Rond Baker, WSBA No. 43610
*larondb@atg.wa.gov*
Colleen M. Melody, WSBA No. 42275
*colleenm1@atg.wa.gov*
Chalia I. Stallings-Ala'ilima, WSBA No. 40694
*chalias@atg.wa.gov*
Assistant Attorneys General
Civil Rights Unit
Attorney General's Office
800 5th Ave, Suite 2000
Seattle, WA 98104
(206) 464-7744

Counsel for Intervenor-Plaintiff State of Washington

JOINT STIPULATION TO REVISE CASE SCHEDULE - 9
[Case No.: 2:17-cv-01297-MJP]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

# CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the United States of America and the laws of the State of Washington that all participants in the case are registered CM/ECF users and that service of the foregoing documents will be accomplished by the CM/ECF system on July 16, 2019.

_____
Jason B. Sykes, WSBA No. 44369
*jason@newmanlaw.com*
2101 Fourth Ave., Ste. 1500
Seattle, WA 98121
(206) 274-2800

JOINT STIPULATION TO REVISE CASE SCHEDULE - 10
[Case No.: 2:17-cv-01297-MJP]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800