UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN KARNOSKI et al.,

    Plaintiffs, and

STATE OF WASHINGTON,

    Plaintiff-Intervenor,

v.

DONALD J TRUMP et al.,

    Defendants.

CASE NO. C17-1297 MJP

ORDER ON PLAINTIFF'S MOTION TO COMPEL DOCUMENTS WITHHELD UNDER THE DELIBERATIVE PROCESS PRIVILEGE

THIS MATTER comes before the Court on Plaintiffs' Renewed Motion to Compel Documents Withheld Under the Deliberative Process Privilege. (Dkt. No. 364.) Having reviewed the Motion, the Response (Dkt. No. 380), the Reply (Dkt. No. 385), and all related papers, the Court GRANTS in part and DENIES in part Plaintiffs' Motion.

## Background

### I. Requested Discovery

Plaintiffs allege that the creation and implementation of Defendants' ban on transgender military service (the "Ban") is unconstitutional. (See Dkt. No. 347, Second Amended Complaint ("SAC").) The Ban began with the July 26, 2017 Twitter announcement by President Donald J. Trump of a prohibition against military service by openly transgender people, which reversed the (former) Secretary of Defense Ashton Carter's Directive-type Memorandum 16-005 (the "Carter Policy") providing that transgender people would be allowed to accede into the military not later than July 1, 2017. (Dkt. No. 144, Ex. C at 5; Dkt. No. 145 at ¶ 12; Dkt. No. 146 at ¶ 8.) The announcement of the Ban was followed by the "Mattis Plan"—then-Secretary of Defense James Mattis's strategy for implementing the President's new policy—and the President's March 23, 2018 Presidential Memorandum directing the Department of Defense ("DoD") to implement the Ban. (Dkt. No. 224, Ex. 3.)

Plaintiffs seek discovery to substantiate their allegations that the Ban was not animated by independent military judgment but was instead the product of impermissible discriminatory intent. (Dkt. No. 364 at 6.) To this end, Plaintiffs have served 68 Requests for Production, which seek, among other things, documents related to the Government's justifications for the Ban; communications and materials considered by the "Panel of Experts" (the "Panel"), and statistics and data regarding transgender military service. (Dkt. No. 364.) Defendants have produced documents without responding to individual Requests for Production, producing documents as stored in the ordinary course of business by creating and searching lists of terms and custodians—without input from Plaintiffs—and then reviewing the collections for privilege. (Dkt. No. 381, Ex. 1, Declaration of Robert E. Easton ("Easton Decl."), ¶ 5.)

## II. Procedural History

On July 27, 2019, this Court granted Plaintiffs' previous Motion to Compel Discovery Withheld Under the Deliberative Process Privilege. (Dkt. No. 245; Dkt. No. 299). In reaching its conclusion, the Court found that Plaintiffs' interest in the documents prevailed under the balancing test set forth in FTC v. Warner Commc'ns Inc., 742 F.2d 1156, 1161 (9th Cir. 1984), which weighs: "(1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." Id.

Defendants appealed, and on June 14, 2019 the Ninth Circuit issued a writ of mandamus, vacating this Court's Order. Karnoski v. Trump, 926 F.3d 1180 (9th Cir. 2019). The Ninth Circuit approved of the Court's reliance on Warner, 742 F.2d at 1161, and found that the second and third Warner factors—the availability of other evidence and the government's role in the litigation—favor Plaintiffs. Karnoski, 926 F.3d at 1206. Regarding the first and fourth Warner factors, however, the Ninth Circuit concluded that "the current record is insufficient to establish relevance" and the fourth factor in particular "deserves careful consideration, because the military's interest in full and frank communication about policymaking raises serious—although not insurmountable—national defense interests." Id. The Ninth Circuit suggested that on remand this Court should "consider classes of documents separately when appropriate" and, "[i]f Defendants persuasively argue that a more granular analysis would be proper, [the Court] should undertake it." Id.

To date, Defendants have asserted the deliberative process privilege as a basis for withholding or redacting more than 50,000 responsive documents, and as the sole basis for withholding or redacting approximately 35,000 responsive documents. (Dkt. No. 364 at 6.) In

the instant motion, Plaintiffs again seek to compel documents withheld under the deliberative process privilege, suggesting nine broad categories, meant to encompass the 68 Requests for Production, through which the Court can evaluate the withheld documents. (Dkt. No. 364 at 10-12; Dkt. No. 365, Exs. 1-3.)

**III.     Doe Opinion**

On September 13, 2019, in a related case, Doe 2 v. Esper, No. CV 17-1597 (CKK), 2019 WL 4394842, at *8 (D.D.C. Sept. 13, 2019), the United States District Court for the District of Columbia concluded that the deliberative process privilege does not apply to documents that were used or considered in the development of the Mattis Plan. The Doe court found that "the deliberative process privilege should not be used to shield discovery into Defendants' decision-making process and intent when the extent and scope of that decision-making process is a central issue in this lawsuit." Id. at *7. The court further found that the plaintiffs' need for the requested documents outweighed the deliberative process privilege, using a balancing test not unlike the one described in Warner, 742 F.2d at 1161. Id. at *8 (citing In re Sealed Case, 121 F.3d 729, 737 (D.C. Cir. 1997)). Pursuant to the Doe court's ruling, Defendants will produce documents from three of the categories Plaintiffs seek to compel in this case: Panel Communications; Testimony, Documents, and Data the Panel Received; and Panel Deliberations and Decisions. (Dkt. No. 389 at 2 (citing Dkt. No. 364 at 7).)

**Discussion**

**I.     Legal Standards**

The Federal Rules of Civil Procedure authorize parties to conduct discovery into "any nonprivileged matter that is relevant to any party's claim or defense." FRCP 26(b)(1). The Rules authorize parties to discover material which is likely to be inadmissible at trial, so long as

1  the requested information "appears reasonably calculated to lead to the discovery of admissible
2  evidence." Id. "[V]irtually any document not privileged may be discovered by the appropriate
3  litigant, if it is relevant to his litigation . . . ." N.L.R.B. v. Sears, Roebuck & Co., 421 U.S. 132,
4  149 (1975). The party resisting discovery has a heavy burden of showing why discovery should
5  be denied. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975).

6  The deliberative process privilege protects documents and materials which would reveal
7  "advisory opinions, recommendations and deliberations comprising part of a process by which
8  governmental decisions and policies are formulated." N.L.R.B., 421 U.S. at 150. For the
9  privilege to apply, a document must be (1) "predecisional," meaning that it was "generated
10 before the adoption of an agency's policy or decision," and (2) "deliberative," meaning that it
11 contains "opinions, recommendations, or advice about agency policies." Warner, 742 F.2d at
12 1161. "Purely factual material that does not reflect deliberative processes is not protected." Id.

13 **II.  Privilege Assessment**

14 On the current record, the Court finds no avenue for evaluating Defendants' privilege
15 assertions within the framework of the Ninth Circuit's guidance. Defendants have asserted the
16 deliberative process privilege over 35,000 responsive documents, a volume that prevents the
17 Court from evaluating documents on an individual basis. (Dkt. No. 364 at 6.) Further, the Court
18 cannot evaluate Defendants' privilege assertions by individual Requests for Production because
19 Defendants produced documents as kept in the ordinary course of business, without responding
20 to individual Requests. (Easton Decl., ¶ 5.) Finally, Plaintiffs suggest the Court should evaluate
21 privilege assertions based on nine overarching categories of documents meant to encompass all
22 68 Requests for Production, but, as Defendants note, these proposed categories are too broad to
23 be meaningful. (Dkt. No. 364 at 10-12; Dkt. No. 380 at 6-7.)

24

Defendants' current production is therefore insufficient, as it does not allow Plaintiffs or the Court to assess Defendants' privilege claims, FRCP 26(b)(5)(ii), or conduct the type of "granular analysis" suggested by the Ninth Circuit, Karnoski, 926 F.3d at 1206. Thus, the Parties must take several actions before the Court can review Defendants' privilege assertions:

1) Defendants must produce their complete list of custodians and search terms within seven (7) days of the date of this Order;

2) Plaintiffs shall provide Defendants with a list of Requests for Production, sorted by order of priority, within ten (10) days of the date of this Order. Plaintiffs may also provide Defendants with a list of additional custodians and search terms. Plaintiffs are encouraged to coordinate with counsel in the other active cases concerning the Ban, in order to consolidate and prioritize the Requests for Production;

3) Once the Plaintiffs have provided their list of Requests for Production by order of priority, the Government must begin responding to each Request, consulting with Plaintiff to apply additional search terms or search additional custodians.

This Court will adopt the reasoning and conclusions of the Doe court concerning documents related to the Mattis plan. Doe, 2019 WL 4394842, at *5-10. Whether Defendants may assert the privilege over documents related to the Carter Policy remains an open question that the Court will address upon a motion by the Plaintiffs. In December, the Parties and the Court will begin reviewing Defendants' privilege assertions by individual Requests for Production, beginning with the first five prioritized Requests.

**Conclusion**

Because the Defendants' current production does not permit Plaintiffs or the Court to assess Defendants' privilege claims, after Plaintiffs have provided Defendants with a list of

Requests for Production ordered by priority, Defendants are ORDERED to begin responding to each Request. On December 10, 2019 at 4 p.m., the Parties will meet with the Court to begin assessing Defendants' privilege claims by individual Requests for Production.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 19, 2019.

_Marsha J. Pechman_
Marsha J. Pechman
United States District Judge