UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI et al, | CASE NO. C17-1297 MJP |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION FOR CLARIFICAITON; |
| v. | |
| DONALD J TRUMP et al, | DENYING DEFENDANTS' MOTION FOR STAY |
| Defendants. | |

THIS MATTER comes before the Court on Defendants' Motion for Clarification and Motion for Stay In Re Dkt. 401. (Dkt. No. 405.) Having reviewed the Motions, and all related papers, the Court GRANTS Defendants' Motion for Clarification and DENIES Defendants' Motion for a Stay.

**Background**

The Parties are well-acquainted with the facts and procedural history of this case. Briefly, Defendants argue that their ban on transgender military service (the "Ban") is consistent with the recommendations of a "Panel of Experts" convened by former-Secretary of Defense James Mattis and tasked with "conduct[ing] an independent multi-disciplinary review and study

of relevant data and information pertaining to transgender Service members."  (See Dkt. No. 226 at 9-10; Dkt. No. 224, Ex. 2 at 19.)  The Panel received its information from several working groups that gathered and sorted information before passing it along to the Panel.  (Dkt. No. 402, December 10, 2019 Hr'g Tr. ("Hr'g Tr.") at 23:1-8; Dkt. No. 375 at 12, 18.)

On July 27, 2018 this Court granted Plaintiffs' Motion to Compel Discovery Withheld Under the Deliberative Process Privilege.  (Dkt. No. 245; Dkt. No. 299.)  Defendants appealed, and on June 14, 2019 the Ninth Circuit issued a writ of mandamus, vacating this Court's Order. Karnoski v. Trump, 926 F.3d 1180, 1206 (9th Cir. 2019).  The Ninth Circuit found that the record was insufficient to evaluate Defendants' privilege assertions and suggested that on remand this Court should "consider classes of documents separately when appropriate" and, "[i]f Defendants persuasively argue that a more granular analysis would be proper, [the Court] should undertake it."  Id.

On August 22, 2019, Plaintiffs filed a renewed Motion to Compel Documents Withheld Under the Deliberative Process Privilege (Dkt. No. 364).  Noting that Defendants asserted the privilege as the sole basis for withholding or redacting 35,000 responsive documents, (Dkt. No. 394 at 3) and produced documents by creating and searching lists of terms and custodians, without responding to individual Requests for Production, (Dkt. No. 381, Ex. 1, Declaration of Robert E. Easton ("Easton Decl."), ¶ 5), the Court found that Defendants' production did not permit Plaintiffs or the Court to assess Defendants' privilege claims in the "granular" fashion mandated by the Ninth Circuit.  (Dkt. No. 394 at 6-7.)  The Court therefore ordered Defendants to begin producing documents responsive to Plaintiffs' Requests for Production and the Parties to periodically appear before the Court to review Defendants' deliberative process privilege assertions, in groupings of five Requests for Production at a time.  (Id. at 6.)

On December 18, 2019 the Court issued an Order Granting Plaintiffs' Motion to Compel Documents Withheld Under the Deliberative Process Privilege pursuant to Plaintiffs' Requests for Production Nos. 15, 29, 33, 36, and 44. (Dkt. No. 401.) Relevant here, the Court ordered Defendants to produce:

1) All documents responsive to Request for Production No. 29, including the names, communications, and deliberative documents of non-voting members of the Panel; and

2) Drafts, communications, and documents created or relied upon by officials in the Undersecretary of Defense's Office in drafting the Report and Recommendations.

(Id. at 7.) Further, during the December 10, 2019 Status Conference, the Court directed Defendants to "supply [Plaintiffs] with the working group names, who's on the working group, the dialogue in e-mail or any other communication within those working groups, and the data that they produced. And the communications between those people on each working group." (Hr'g Tr. at 22:1-3.) Defendants now request clarification of the first part of the Court's Order and seek a stay of any part of the Order that requires Defendants to produce more than the "documents of Members of the Panel of Experts." (Dkt. No. 405 at 7, 11.)

**Discussion**

**A. Motion for Clarification**

Defendants ask the Court to clarify whether the first part of its December 19, 2019 Order requires Defendants to produce "communications solely between non-Panel members and other non-Panel members, or other documents non-Panel members never shared with Panel members." (Dkt. No. 405 at 7.) It does.

As stated in the Order, Defendants are required to produce "the names, communications, and deliberative documents of non-voting members of the Panel." (Dkt. No. 401 at 7.) This

includes the communications of members of the working groups and the data reviewed by these groups, discussed at length during the December 10, 2019 Status Conference, where the Court ordered Defendants to "supply the dialogue in e-mail or any other communication within those working groups, and the data that they produced."[1]  (Hr'g Tr. at 22:1-3.)  This also includes responsive communications among members of the services.[2]  (Dkt. No. 412, Feb. 3, 2020 Hr'g Tr. at 17:22-18:15.)

The data collected and reviewed by the working groups is not deliberative and understanding the decision-making regarding what information the working groups or anyone within the services chose to withhold from the Panel is relevant to evaluating Defendants' argument that the Panel's decision was based on the "study of relevant data and information." (See Dkt. No. 226 at 9-10; Dkt. No. 224, Ex. 2 at 19.)  Further, as noted by the Court during the December Status Conference, (Hr'g Tr. at 23:16-17), the relevance of these documents outweighs any deference owed to members of the working groups or services, who were not "the most senior executive branch officials."  Karnoski, 926 F.3d at 1206.  The Court therefore

---

[1] The Parties are advised that any Order from the Court must be read in the context of the Court's oral rulings during the discovery conferences.

[2] In the February 3, 2020 Status Conference, the Court provided Defendants with the following instruction:

> The other thing I would say is that under the civil rules, a motion to compel is not necessary.  It is a motion to protect.  If you've got documents out there that you believe are responsive but you're still withholding, you have the burden of bringing on the motion to protect.  They don't have to move to compel.  So among these thousands of documents, if you think that there is something out there that is responsive to this RFP, you've got to put it in a log and you've got to defend why it is that the deliberative privilege still applies.  It's not the other way around.  You have the documents.  You can see what's there.  They can't.

> And when you throw out ideas that maybe the services are offering up and saying this is the wrong data, of course that's responsive.  If you think it's deliberative, you have to apply the privilege.

> So, let's go back and talk again.  I'm going to issue an order that covers – we've covered now the first two categories, we're going to get to the third.  If you think there's something else out there, because the order says you have to respond, it's your obligation to identify what it is, it's not theirs. Okay?

(Dkt. No. 412, Feb. 3, 2020 Hr'g Tr. at 17:20-18:15.)

GRANTS Defendants' Motion to Clarify the first part of its Order[3] regarding Request for Production No. 29.

**B. Motion for Partial Stay**

The Government also moves the Court for a stay of its December 19, 2019 Order, which required Defendants to produce all documents responsive to Request for Production No. 29. (Dkt. No. 401 at 7; Dkt. No. 405 at 8-11.) Because Plaintiffs have overcome the deliberative process privilege for these documents (see Section A, supra; Dkt. No. 401 at 5-7) and this dispute has been pending for nearly two years (Dkt. No. 245), the Court will not issue a stay for an unspecified amount of time while Defendants decide whether to appeal. (Dkt. No. 405 at 9.) This is an ongoing process and until the process is complete it is wasteful to appeal one segment at a time. Further, to the extent the Government's Motion is in fact a Motion for Reconsideration of the Court's December Order (see Dkt. No. 405 at 9-11), the Local Rules provide that motions for reconsideration must be filed "within fourteen days." LCR 7(h). The Government has missed its deadline.

<strong>Conclusion</strong>

Accordingly, the Court GRANTS Defendants' Motion for Clarification. Defendants are required to produce all documents responsive to Request for Production No. 29, this includes, but is not limited to:

(1) All responsive working group communications, including communications that were never seen or reviewed by the Panel;

---

[3] Defendants have not requested that the Court clarify the second part of its Order regarding drafts from the Undersecretary of Defense's Office and it declines to do so.

(2) all responsive data reviewed by members of the working groups or members of the services, including data that was never seen or reviewed by the Panel; and

(3) all responsive communications among members of the services, regardless of whether those communications were shared with the Panel.

Defendants are ORDERED to produce all documents responsive to Request for Production No. 29, including those documents from the categories above, within seven (7) days of the date of this Order.  The Court DENIES Defendants' Motion for a Stay.

The clerk is ordered to provide copies of this order to all counsel.

Dated February 7, 2020.


Marsha J. Pechman
United States District Judge