UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, et al., | CASE NO. C17-1297 MJP |
| Plaintiffs, | ORDER ON MOTION TO COMPEL REGARDING THE GOVERNMENT'S WITHHELD COMMUNICATIONS WITH THIRD PARTIES |
| v. | |
| DONALD J TRUMP, et al., | |
| Defendants. | |

The above-entitled Court, having received and reviewed the LCR 37 Joint Submission Regarding the Government's Withheld Communications with Third Parties (Dkt. No. 440), the Government's Surreply to Plaintiffs' Reply (Dkt. No. 443), along with relevant portions of the record, rules as follows:

IT IS ORDERED that the Government's motion to strike Plaintiffs' reply for violation of LCR 37(a)(2) is DENIED.

IT IS FURTHER ORDERED that the motion to compel the Government's Withheld Communication with Third Parties is GRANTED as follows:

(1) The Government will complete their review of the list of 487 individuals provided in Plaintiffs' December 13, 2019 letter, responding directly to Plaintiffs with information about individuals listed who are government officials; those individuals identified as government employees shall be identified by their employer and job title (as of the date of the communication). This review is to be completed and the information provided to Plaintiffs by **March 14, 2020.**

(2) For every individual for whom the Government intends to invoke a privilege under the consultant corollary exception, the Government will provide evidence *in camera* establishing that:

   a. The individual identified as a consultant was solicited to aid in the Government's decision-making process (i.e., the letter or email or other communication which solicited the individual's participation),

   b. The individual identified as a consultant was hired or solicited by the agency to provide neutral advice that did not represent an interest of its own or the interest of any other client upon providing the requested advice,

   c. The communications are otherwise covered by the deliberative process privilege (e.g., the communications with the consultant were *pre*-deliberative).

This evidence must be provided to the Court no later than **March 14, 2020**.

(3) Communications from all other third parties (those who are not identified as either consultants or government employees) shall be disclosed to Plaintiffs by no later than **March 14, 2020.**

**Motion to strike**

The Government moves, pursuant to LCR 37(a)(2)[1], to strike Plaintiffs' reply section because it is three pages in length. The motion is denied.

The length of Plaintiffs' reply appears necessitated by the obligation to respond substantively to the Government's introduction of its intent to claim the "consultant corollary" exception as a privilege to withhold the production of documents. In the first place, the Court notes that the Government's claim that it has "repeatedly and consistently maintained… that their confidential communications with non-government third parties are privileged, pursuant to the 'consultant corollary' doctrine" (Dkt. No. 440, LCR 37 Submission at 11) is unsupported by any citations to the record, and flatly contradicted both by Plaintiffs ("The Government has … never formally invoke[ed] consultant corollary theory prior to this filing;" Id. at 24) and the Court's own recollection. The consultant corollary doctrine is a substantive legal concept which the Government asserts but goes to no lengths to describe, necessitating an explanatory reply by Plaintiffs. Simply listing the elements of the privilege takes half a page.

Additionally, the Court notes that LCR 37 indicates: "The total text that each side may contribute to a joint LCR 37 submission shall not exceed twelve pages." LCR 37(2)(E). Including their three-page reply, Plaintiffs' total submission does not exceed twelve pages. The Court finds Plaintiffs' pleadings within the spirit, if not the exact letter, of the rule. The motion to strike is denied.

**Motion to Compel**

The Court will not reiterate the lengthy procedural history that brings us to this juncture. The basic facts do not appear to be in dispute (even if the characterizations differ) and the Court

---

[1] "The moving party's reply, if any… shall not exceed one half page for each reply."

incorporates by reference the factual statements found in the LCR 37 joint submission. Dkt. No. 440 at 2-9, 12-18.

Plaintiffs seek by this motion an order requiring the Government to review the list of 487 potential third parties provided by Plaintiffs in their December 13, 2019 letter and, alternatively:

(1) Produce all communications with individuals who are confirmed to be third parties; or

(2) Require the Government to amend its privilege logs and provide declarations attesting to the elements of the consultant corollary doctrine with respect to each third party for whom communications continue to be withheld, produce all communications for non-consultant, non-government employed third parties, and identify the employer and job title (as of the date of the communication) for all individuals designated as government employees.

The Government seeks to shield its communications behind the "consultant corollary" doctrine, which states that communications with third parties solicited by the Government to aid in its decision-making process are privileged. All. For the Wild Rockies v. Pena, 2017 WL 8778579, at *4-5 (E.D. Wash. Dec. 12, 2017). Plaintiffs initially attempt to argue that the consultant corollary exception has never been adopted by the Ninth Circuit, but the case which they cite for that proposition (Rojas v. Fed. Aviation Admin., 927 F.3d 1046, 1054 (9th Cir. 2019)) has been granted an *en banc* rehearing and, by order of the Ninth Circuit, "shall not be cited as precedent by or to any court of the Ninth Circuit." Rojas v. FAA, 2020 U.S. App. LEXIS 3042; ___ F.3d ___ (January 30, 2020).

The Court agrees with Plaintiffs, however, in the following regard: "[T]he Government has done nothing to support the application of that doctrine here." LCR 37 Memo at 23. The Defendants are required to establish, for every third party claimed under the consultant corollary

doctrine, that (1) the third party was contacted to assist the agency in its decision-making process; (2) "the consultant[] [was] hired or solicited by the agency to provide neutral advice and did not… 'represent . . . the interest of any other client, when it advise[d] the agency that hire[d] it.'" (Friends of the Earth v. United States Army Corps of Eng'rs, 374 F. Supp. 3d 1045, 1054 (W.D. Wash. 2019))(*quoting* (Department of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 11 (2001))); and (3) that any communications the Government seeks to protect are indeed deliberative and *pre*-decisional.[2]

That is the burden the Government must discharge in order to successfully invoke the consultant corollary privilege. Additionally, for any persons on the list claimed to be privileged as government employees, the Government must produce evidence which identifies the employer and job title (as of the date of the communication) for all individuals so designated. If it does not go without saying, communications to any third party not falling into either the consultant or government employee category must be turned over.

The Government must review the list of 487 names and (1) provide the information and discovery relative to any invocation of the consultant corollary privilege described above to the Court for *in camera* review; (2) provide the information relative to job title and employer of any claimed government employee to Plaintiffs; and (3) produce all non-consultant, non-government employee third party communications to Plaintiffs; all this must be accomplished by **March 14, 2020.**

---

[2] The Court believes this should not be an overly-burdensome task for the Government, which presumably performed a similar search and analysis in order to determine that the third-party communications could be withheld under the consultant corollary exception in the first place.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 4, 2020.

Marsha J. Pechman
United States Senior District Judge