|  |  |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| RYAN KARNOSKI, et al., | CASE NO. C17-1297 MJP |
|---|---|
| Plaintiffs, | ORDER ON LCR 37 JOINT SUBMISSION REGARDING DOCUMENTS WITHHELD BY THE GOVERNMENT AS NON-RESPONSIVE |
| v. | |
| DONALD J TRUMP, et al., | |
| Defendants. | |

The above-entitled Court, having received and reviewed the LCR 37 Joint Submission Regarding Documents Withheld by the Government as Non-Responsive (Dkt. No. 449), the Government's Surreply to Plaintiffs' Reply (Dkt. No. 452), all attached declarations and exhibits, along with relevant portions of the record, rules as follows:

IT IS ORDERED that the Government's motion to strike Plaintiffs' reply for violation of LCR 37(a)(2) is DENIED.

IT IS FURTHER ORDERED that the motion to compel the production of documents withheld by the Government as non-responsive is GRANTED:

(1) The Government will produce, by **March 14, 2020**, all documents previously withheld from families of responsive documents and for which the Government produced a "Withheld for Non-responsiveness" slipsheet.

(2) Going forward, the Government will be required to produce every non-privileged document in a family of one or more responsive documents; the practice of inserting "non-responsiveness" slip sheets will be discontinued.

**Motion to strike**

The Government moves, pursuant to LCR 37(a)(2)[1], to strike Plaintiffs' reply section because it is over-length. The motion is denied.

The rule permits "one half page for each reply" – although this is a unified pleading and Plaintiffs are requesting essentially a single remedy (production of the withheld documents), the motion spans multiple requests for production, each (as will be seen below) with their own separate issues and rationale for withholding. Plaintiffs could have brought separate motions for each of the discovery requests; they did the Court the courtesy of uniting them in a single pleading. The Court will permit Plaintiffs separate allocations of space for their reply to each of the issues, finding it inequitable and impractical to limit the entirety of their arguments to a half page only.

Additionally, the Court notes that LCR 37 indicates: "The total text that each side may contribute to a joint LCR 37 submission shall not exceed twelve pages." LCR 37(2)(E). Including their reply, Plaintiffs' total submission does not exceed twelve pages. The Court finds

---

[1] "The moving party's reply, if any… shall not exceed one half page for each reply."

Plaintiffs' pleadings within the spirit, if not the exact letter, of the rule.[2] The motion to strike is denied.

**Motion to Compel**

This motion concerns the Government's practice of withholding, on the grounds of "non-responsiveness," documents which are part of an otherwise responsive "family group" of produced material; e.g., producing a responsive email, but withholding attachments to the email on grounds of "non-responsiveness." *See, e.g.,* Dkt. No. 450, Barsanti Decl. ¶ 2, Ex. 1.

The Federal Rules of Evidence favor the *complete* production of non-privileged evidence if some portion of the evidence is deemed responsive. ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time." FRE 106.) At least one court has found that the federal evidentiary rules create, at minimum, a "presumption… that if something was attached to a relevant e-mail, it is likely also relevant to the context of the communication." Abu Dhabi Comm'l Bank v. Morgan Stanley & Co., No. 08 Civ. 7508(SAS), 2011 WL 3738979 at *5 (S.D.N.&. Aug. 18, 2011), *adopted without objection*, 2011 WL 3734236 (S.D.N.&. Aug 24, 2011).

To hold otherwise is to permit the producing party to essentially unilaterally redact otherwise responsive discovery. *See* Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc., 2019 WL 581715 at *11 (S.D. Cal. Feb. 13, 2019); Vireco Mfg. Corp. V. Hertz Furniture Sys., 2014 WL 12591482 at *5-6 (C.D. Cal. Jan. 21, 2014); Families for Freedom v. U.S. Customs & Border Prot., 2011 WL 4599592 at *5 (S.D.N.Y. Sept. 30, 2011)("Context matters. The

---

[2] The Court takes the point of the Government's "one-page opening, eleven-page reply" hypothetical, and will only comment at this point that such a strategy would *not* be "within the spirit… of the rule."

attachments can only be fully understood and evaluated when read in the context of the emails to which they are attached. That is the way they were sent and the way they were received. It is also the way in which they should be produced.")

In reviewing the documents provided to them by Plaintiffs which Plaintiffs believed showed "obvious indicia of responsiveness," the Government responded that "the vast majority (…over 95%) of the documents with the extension .msg in the file name were Outlook delivery or read receipts," and argues then and now (without citation to authority or further explanation) that such "delivery and read receipts are not responsive to any discovery request and are plainly irrelevant to Plaintiffs' claims." Barsanti Decl., ¶ 6, Ex 4. This Court disagrees and joins a plethora of other courts which have found that electronic read receipts have relevance on the issue of whether someone received information which was sent (a highly relevant issue when examining a witness at deposition or trial who denies or claims no recollection of having read a particular communication). *See* Azeveda v. Comcast Cable Communic's LLC, 2019 WL 5102607 at *2 (N.D. Cal. Oct. 11, 2019); Solomon v. Jacobson, 2016 WL 6156189 at *2 (C.D. Cal. May 25, 2016); Metro Gov't of Nashville v. Davidson Cty, 432 F.App'x 435, 452 (6th Cir. 2011).

A portion of the withheld material concerns service members' gender dysphoria medical treatment plans and documents related to the cost of gender transition surgeries or insurance coverage for such surgeries. Regarding the individual treatment plans, Defendants object on the grounds that they "have already produced or agreed to produce the inputs to the Panel of Experts [involved in the formation and implementation of the Ban], including all deliberative documents and communications related to the work of the Panel of Experts that were sent, received or presented to any member of the Panel during the decision-making process." Dkt. No. 449, LCR

37 Joint Submission at 12.  But the documents which Plaintiffs received from Defendants and then reviewed were culled from "material reasonably related to the formation and implementation" of the Ban.  Dkt. No. 371-1, 8/29/19 Easton Decl. (Plaintiffs describe them as "attachments to communications between individuals supporting the Panel and even member of the Panel itself."  LCR 37 Joint Submission at 7.)  If individual treatment plans were transmitted to Panel members in advance of the creation of the Ban, they are relevant and responsive.  Additionally, this Court has previously found that medical documents such as these are relevant to the formation of the policy.  Dkt. No. 421, Hearing Transcript at 50:1-14.

Regarding the evidence (found in file names of withheld attachments, etc.) that documents related to the cost of gender transition surgeries or insurance coverage for such surgeries were withheld as "non-responsive," the Government defends its decision by explaining that the documents related to the "private sector," with no further explanation of how that renders them categorically non-responsive when it appears that they were considered in the formation and implementation of the Ban.   If they were exchanged and analyzed in the course of developing the policy at issue in this lawsuit, they are relevant and responsive.

Defendants interpose, at several points in their argument, the FRCP 26 argument that the discovery requested by Plaintiffs is overly burdensome.  The Court is not persuaded.  In the first place, the Government makes no attempt to detail in what way the production of the withheld material would be burdensome (e.g., evidence of associated time or cost).  As regards both the read receipts and individual treatment plans, it appears to the Court that the Government has already gathered the material, thus the burden of producing it should be relatively *de minimis.*

**Conclusion**

Defendants' motion to strike is denied. Plaintiffs' motion to compel the production of documents previously withheld by the Government as non-responsive is granted. The Government will produce, by **March 14, 2020**, all document previously withheld from families of responsive documents and for which the Government produced a "Withheld for Non-responsiveness" slipsheet. Going forward, the Government will be required to produce every non-privileged document in a family of one or more responsive documents; the practice of inserting "non-responsiveness" slip sheets will be discontinued.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 4, 2020.

Marsha J. Pechman
United States Senior District Judge