UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN KARNOSKI, et al.,

                Plaintiffs,

    v.

DONALD J TRUMP, et al.,

                Defendants.

CASE NO. C17-1297 MJP

ORDER ON LCR 37 JOINT SUBMISSION REGARDING THE GOVERNMENT'S RESPONSES TO INTERROGATORIES WITHHELD UNDER DELIBERATIVE PROCESS PRIVILEGE

The above-entitled Court, having received and reviewed the LCR 37 Joint Submission Regarding the Government's Responses to Interrogatories Withheld Under Deliberative Process Privilege (Dkt. No. 445), all attached declarations and exhibits, along with relevant portions of the record, rules as follows:

IT IS ORDERED, as regards Interrogatories No. 16 and 17, that the Defendants will identify the "principal authors" of the Mattis Memorandum and DoD report.

IT IS FURTHER ORDERED, as regarding Interrogatory No. 18, that the Defendants will supply the names of the transgender services members and commanders who participated in any

Panel of Experts meetings. The names of transgender services members are to be provided pursuant to the parties' protective order, and for "attorneys' eyes only."

IT IS FURTHER ORDERED, regarding Interrogatory No. 18, that the Defendants will provide information describing in detail, for each attendee and person supporting the Panel who has been identified, the information or input provided by that person.

IT IS FURTHER ORDERED that the Defendants shall comply with the above by no later than **March 16, 2020.**

## Discussion

This motion concerns Plaintiffs' contention that the Government has not fully responded to Interrogatories No. 16-18. Interrogatory No. 16 requests the Government to identify the persons who "reviewed, revised, or commented on any drafts" of Secretary Mattis' February 22, 2018 Memorandum for the President. Interrogatory No. 17 seeks the identities of all persons who "reviewed, revised, or commented on any drafts" of the "February 2018 Department of Defense Report and Recommendations on Military Service by Transgender Persons." Interrogatory No. 18 asks that the Government identify the attendees of any meeting of the "Panel of Experts," and/or individuals who "provided the Panel of Experts or its members any information, statement, advice, opinion, or other input of any nature or kind."

In the face of Plaintiffs' objections to the responses to Interrogatories 16 and 17, Defendants supplemented their interrogatory responses with a list of individuals who "reviewed, revised, or commented" on drafts of Secretary Mattis' February 22, 2018 Memorandum and February 2018 Department of Defense Report. Dkt. No. 446, Barsanti Decl. ¶ 7, Ex. 6 at 5-7, 9-12. However, the supplemental responses fail to include the identity of the "principal authors" of the Mattis Memorandum and DoD Report, information which is necessary and relevant to permit Plaintiffs to properly focus their discovery efforts.

| 1 | Concerning Interrogatory No. 18, the Government maintains that it has a privacy obligation to withhold the names of the transgender services members and commanders who participated in the Panel of Experts meeting. Discovery related to those individuals, both as to the nature of their testimony before the Panel and what they witnessed at the Panel meetings, is relevant to understanding the Panel's process and how it arrived at its recommendations. (The Court also agrees with Plaintiffs that the privacy concerns interposed by the Government do not apply to the non-transgender commanders.) Additionally, there is a protective order in place in this case; Plaintiffs have indicated a willingness to treat the names of the transgender service members who attended the Panel meetings as "attorneys' eyes only," and the Court will include that stipulation in its order.

The Government also contends that FRCP 33(d) allows it to shift to Plaintiffs the burden of discovering what each person identified actually contributed to the Panel's deliberations on the grounds that it has previously provided Plaintiffs with documents from which that information may be derived. However, as Plaintiffs point out,

> the Panel minutes and other documents pointed to in [the Government's] response do not actually reveal who provided what input to the Panel… the Government's responses do not even identify all minutes of meetings of the Panel, and the minutes the government [*sic*] cites contain only anonymized and minimal information.

Dkt. No. 445, LCR 37 Joint Submission at 22 (citing Barsanti Decl., ¶¶ 3-5, Exs. 2-5). The Defendants may not rely on Rule 33(d) where they have produced documents which do not completely respond to the legitimate request of the interrogatory. Plaintiffs have a right to know who contributed what to the Panel's deliberations and Defendants have an obligation to provide any documents in their possession which reveal that information.

Finally, it is not clear from the Government's response in the LCR 37 Joint Submission whether it is still relying on the interrogatory objections it interposed on the grounds of attorney work product, attorney-client privilege or the deliberative process privilege. Id. at 12. The Court has previously ruled that "the deliberative process privilege does not apply to documents that were used or considered in the development of the Mattis Plan." Dkt. No. 394, Order at 4-6. And Defendants provide no evidence in support of any argument that the material sought through this interrogatory qualifies for protection as work product or privileged attorney-client communication. In the absence of any evidentiary support, the objections will not stand.

## Conclusion

Plaintiffs have established their right, on grounds of relevance and lack of privilege, to the identities of the "principal authors" of the Mattis Memorandum and DoD report, and the transgender services members and commanders who attended meetings of the Panel of Experts. The names of any transgender services member-attendees will be provided under the terms of the parties' protective order and "for attorneys' eyes only." Additionally, the Defendants are ordered to provide any information in their possession indicating what each person identified pursuant to Interrogatory No. 18 actually contributed to the Panel's deliberations.

The deadline for compliance with this order will be **March 16, 2020.**

The clerk is ordered to provide copies of this order to all counsel.

Dated March 5, 2020.

Marsha J. Pechman
United States Senior District Judge