The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, et al.,<br><br>*Plaintiffs*, and<br><br>STATE OF WASHINGTON,<br><br>*Plaintiff-Intervenor*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>*Defendants*. | Case No. 2:17-cv-01297-MJP<br><br>**JOINT STATUS REPORT** |

JOINT STATUS REPORT
[Case No.: 2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

In advance of the April 2, 2020 status hearing, the parties respectfully submit the following Joint Status Report.

### PLAINTIFFS' STATEMENT[1]

In this Joint Status Report, Plaintiffs provide the Court an update on five issues:

1. The Government's production of documents in response to Request for Production Nos. 20, 43, and 54;

2. The Government's revised written objections to Plaintiffs' first fifteen prioritized Requests for Production;

3. The Government's responses to Plaintiffs' most recent prioritized Requests for Production;

4. The Government's responses to Plaintiffs' Fourth Set of Requests for Production; and

5. Deposition scheduling.

**A.   Requests for Production Nos. 20, 43, and 54**

The parties conferred on March 18, 2020 with regard to numerous issues, including the Government's production in response to Request No. 20 (Washington-based applications to join the military), No. 43 (evacuations of transgender service members from deployment), and No. 54 (waivers of gender dysphoria as disqualifying condition), as Plaintiffs still had not received documents responsive to these Requests. The Government stated that it had initiated searches and started to collect documents responsive to these requests.[2] Plaintiffs have requested that the Government produce documents on a rolling basis as they are available. Time is of the essence moving forward, as depositions are swiftly approaching, and therefore the Government's prompt production of these documents is critical.

**B.   First Fifteen Prioritized Requests for Production**

On March 3, 2020, the Government served supplemental written objections and responses to Plaintiffs' first 15 Prioritized Requests for Production, pursuant to the Court's oral ruling on

---

[1] Plaintiff-Intervenor State of Washington agrees with Plaintiffs' Statement herein.
[2] The Government confirmed its search for Washington-specific information is limited to Request No. 20.

JOINT STATUS REPORT - 1
[Case No.: 2:17-cv-01297-MJP]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

February 3, 2020 that the Government amend its written discovery responses and remove boilerplate objections. (*See* 2/3/2020 Hr'g Tr., Dkt. No. 410, at 57:8–17.) Shortly thereafter, Plaintiffs raised a number of deficiencies regarding the Government's amended responses to Request Nos. 13, 26, 44, 65, 66, and 68. During the parties' March 18 meet and confer, the Government confirmed that it had produced all documents responsive to Request Nos. 13, 65, 66, and 68. The Government also agreed to consult with the Department of Defense ("DoD") to determine if there is a location or office in the DoD where documents responsive to Request No. 26 (cost of hormone therapy by condition for service members) are likely to exist.

With regard to Request No. 44, however, the parties are at an impasse. In particular, Request No. 44 seeks "[d]ocuments sufficient to show, for each service branch since June 30, 2016, the name, rank, and service unit of each transgender service member rendered non-deployable on account of gender dysphoria or transition-related medical care, and the duration of and specific reason(s) for such non-deployability." In its supplemental response, the Government stated merely that it had produced all data "presented to the Panel of Experts" and underlying data used by the Military Services "to formulate data presented to the Panel of Experts." Plaintiffs believe that all data should be produced regarding the deployability of transgender service members, not just the data presented to the Panel. Yet despite this Court previously ruling that other discovery should *not* be limited to Panel information (*see, e.g.*, 2/3/2020 Hr'g Tr., Dkt. No. 410, at 12:24–13:8), the Government still refuses to produce all documents responsive to Request No. 44. The parties are preparing a LCR 37 joint motion regarding this Request and anticipate filing the motion by April 10, 2020.

**C.    Next Five Prioritized Requests for Production**

On March 6, 2020, Plaintiffs identified Request Nos. 16, 19, 23, 27, and 28 as their next five prioritized RFPs, and the parties discussed these Requests during their March 18 meet and confer. With regard to Request No. 16 (accession waivers for transgender applicants) and No. 23 (June 2017 delay of transgender accessions), the Government stated that other than documents withheld on deliberative process privilege grounds, documents responsive to these requests have already been produced. With regard to Request No. 19 (discharge proceedings against

JOINT STATUS REPORT - 2
[Case No.: 2:17-cv-01297-MJP]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

transgender service members), the Government has objected to the request as burdensome, but has agreed to provide additional information on the burden of collecting responsive documents. In response to Request No. 27 (documents relating to February 22, 2018 Mattis Memorandum, including drafts) and No. 28 (policies considered as alternatives to the Ban), the Government contends that further discussion regarding withheld documents cannot occur because these documents purportedly overlap entirely with Request No. 29, which is subject to the Ninth Circuit administrative stay. Plaintiffs disagree that any requests other than Request Nos. 15 and 29 are subject to the Ninth Circuit administrative stay, and that the Government should engage in the application of the privilege to other requests that may be subsumed within Request No. 29.

Plaintiffs also note that the Government has objected overall to moving forward with the prioritized RFP procedure on a rolling basis. In particular, the Government contends that Plaintiffs can only identify new RFPs after further direction from the Court, though Plaintiffs understood the Court to order the parties to operate on a 30-day timeframe of issuing new prioritized requests:

> MR. HEINZ: So the next five, we will send those over to the government by the end of the week and we'll begin work on those.
>
> THE COURT: Okay. Now, please, don't be asking for more than you need. We have enough problems. Okay? What I'm asking of you is to get to work on those, because I'm going to expect that you turn out your next five. ***They are due in 30 days.***

(2/3/2020 Hr'g Tr. at 61:15–23 (emphasis added).) Plaintiffs request that the Government promptly serve amended written discovery responses for the latest prioritized RFPs identified on March 6, 2020 and commit to continuing the prioritized RFP process on a rolling 30-day basis.

**D.   Fourth Set of Requests for Production**

On March 9, 2020, the Government served objections and responses to Plaintiffs' Fourth Set of Requests for Production. On March 12, Plaintiffs wrote to the Government identifying deficiencies in the Government's responses to the Fourth Requests and requesting a meet and confer. The parties met and conferred concerning Request Nos. 73, 74, 75, 77, 80, 81, 82, and

JOINT STATUS REPORT - 3
[Case No.: 2:17-cv-01297-MJP]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

83. The parties are still discussing these Requests except for two, Request Nos. 73 and 74, at which the parties are at an impasse.

In particular, Request No. 73 seeks "[a]ll Documents related to transgender military service in the possession, custody, or control of Lt. Col. Kevin Cron, Col. Christopher D. Meyering, or Col. Steven E. Pflanz." Request No. 74 seeks "[a]ll Documents related to transgender-related medical care in the possession, custody, or control of Lt. Col. Kevin Cron, Col. Christopher D. Meyering, or Col. Steven E. Pflanz." The Government disclosed these three witnesses as "hybrid fact/expert witnesses" pursuant to Federal Rule of Civil Procedure 26(a)(2)(A). According to the Government's Rule 26(a) disclosures, these Government employees are expected to offer testimony concerning medical deployment standards and the military's capabilities with respect to treating medical conditions in the deployed environment, medical accessions standards, and medical retention standards. In response to Request Nos. 73 and 74, however, the Government will only produce documents relied upon by these witnesses in forming their expert opinions. But these witnesses are not just experts; they are Government employees disclosed by the Government as *hybrid* fact/expert witnesses. Thus, the Government has no basis to refuse to produce documents in the possession, custody, and control of these witnesses that relate to the core issues in this case, namely transgender military service and transgender healthcare.[3] The parties are preparing a LCR 37 joint motion regarding these Requests and anticipate filing the motion by April 10, 2020.

E.  **Depositions**

The parties started to schedule depositions for late March through May but have since cancelled many depositions as a result of the coronavirus pandemic. Plaintiffs have started to resume scheduling depositions in late April and May in the event travel restrictions and public health demands loosen in the next three weeks.

---

[3] Plaintiffs clarified to the Government that they are not seeking individual medical records in the possession of these witnesses, but rather documents relating to transgender military service and transgender healthcare generally.

JOINT STATUS REPORT - 4
[Case No.: 2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**DEFENDANTS' STATEMENT**

**A.     The Court's Recent Discovery Orders**

The Court recently has issued a series of discovery orders. First, on March 4, 2020, the Court ordered Defendants to (1) review a list of hundreds of names and/or email addresses on a list created by Plaintiffs and provide names and titles for any government officials; (2) provide the Court *in camera* evidence and documents related to any communications with third parties on Plaintiffs' list that Defendants wish to protect; and (3) produce to Plaintiffs all other communications with third parties on Plaintiffs' list, all within ten days. Order, Dkt. 454. Defendants complied with the Court's order. On March 14, 2020, Defendants (1) provided Plaintiffs with updated information regarding the hundreds of names and emails addresses on Plaintiffs' list; (2) submitted to the Court *in camera* declarations and evidence establishing consultant relationships with a contract law clerk, the RAND Corporation, and Kennell and Associates, as well as privileged communications with those consultants, *see* Notice, Dkt. 460; and (3) produced to Plaintiffs all other communications with the third parties on Plaintiffs' list.

Second, the same day the Court issued its order related to third parties, it ordered Defendants to produce thousands of "family" documents that Defendants had withheld for non-responsiveness, again within ten days. Order, Dkt. 455. Defendants complied with the Court's order. On March 14, 2020, they produced thousands of documents previously marked non-responsive. In addition, Defendants filed a consent motion for clarification that Defendants were not required to produce *privileged* documents that previously had been withheld for non-responsiveness. The Court granted the consent motion, but ordered Defendants to file a privilege log by March 20, 2020, and to file any such privileged documents with the Court *in camera* by March 27, 2020. Order, Dkt. 464. Defendants complied with the Court's order. On March 20, 2020, they filed a privilege log to the Court, and, on March 26, 2020, filed the documents ex parte on the docket *in camera* review.[4] *See* Notice, Dkt. 465; Notice, Dkt. 468.

Third, on March 5, 2020, the Court ordered Defendants, within eleven days, to supplement

---

[4] Defendants attempted to deliver paper copies of these documents to chambers, but due to the Court's current closures, were unable to do so.  If the Court desires paper copies of these records, Defendants can arrange for staff from the U.S. Attorney's Office for the Western District of Washington to provide them.

JOINT STATUS REPORT - 5
[Case No.: 2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

their responses to (1) Plaintiffs' Interrogatory Nos. 16 and 17 to provide the "principal authors" of Secretary Mattis's memorandum to the President and the Department of Defense's ("DoD") Report and Recommendations; and (2) Plaintiffs' Interrogatory No. 18 to provide the names of the transgender services members and commanders who participated in any Panel of Expert meetings, and to "provide information describing in detail, for each attendee and person supporting the Panel who has been identified, the information or input provided by that person." Order, Dkt. 458. Defendants complied with this order. On March 16, 2020, they served Plaintiffs with supplemental interrogatory responses identifying the principle authors of the Mattis Memorandum and DoD's Report, providing the names of the commanders and transgender servicemembers who presented to the Panel, and describing in detail the information and input to the panel. On March 27, 2020, Defendants again supplemented their response to Interrogatory No. 18, with additional detail they had obtained.

**B.     Supplemental Searches for Requests for Production Nos. 20, 43, and 54**

As Plaintiffs note above, Defendants have initiated searches for additional documents responsive to RFP Nos. 20, 43, and 54. Defendants are proceeding as expeditiously as possible to complete these searches and review relevant documents. Defendants will produce non-privileged documents responsive to RFP Nos. 20, 43, and 54 on a rolling basis and anticipate making a production by April 3, 2020.

**C.     Plaintiffs' Next Set of Prioritized Requests for Production**

At the time of the February 3, 2020 status conference, Plaintiffs had identified ten prioritized requests for production. The Court explained that, prior to the next status conference, scheduled for April 2, 2020, Plaintiffs were to identify an additional five prioritized RFPs. This would put the parties at a total of 15 prioritized RFPs. The Court was clear: "[T]he next time to come see me. You know there's an additional five." (2/3/20 Hr'g at 68:20–21). In turn, the question of whether deliberative process privilege should be lifted for such documents depends on the "need for the materials and the need for accurate fact-finding override[s] the government's interest in non-disclosure," *Karnoski*, 926 F.3d at 1206 (quoting *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984)). This is a recursive process; the Court must examine what

JOINT STATUS REPORT - 6
[Case No.: 2:17-cv-01297-MJP]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1  Defendants have already released in order to assess whether there remains a need for any
2  additional documents.

3  Plaintiffs have not conformed to the Court's direction. Rather than identify an additional
4  five prioritized RFPs, Plaintiffs since the February 3 status conference have attempted to identify
5  *ten* prioritized RFPs, for a total of twenty. This is despite the Court's clear instruction and
6  repeated statements at multiple hearing that Plaintiffs were to identify five—not ten—additional
7  RFPs. (*Id.* at 17:16 ("I say, fine, we're going to do five at a time."); 61:22 ("I'm going to expect
8  that you turn out your next five"); 59:19 ("We're about to pick five more")); (12/10/19 Hr'g at
9  41:15–17 ("Okay. Well, this is what you need to do: Five more, okay? Five more interrogatories
10 that you put together in order of priority"); 43:3–4 ("Okay. All right. So we've got our plan. You
11 have to, by Friday, get your next five.")). Tellingly, at the February 3 status conference,
12 Plaintiffs' themselves acknowledged that they were supposed to pick five RFPs. (2/3/20 Hr'g at
13 61:15–17 (Statement by Plaintiffs' counsel: "So the next five, we will send those over to the
14 government by the end of the week and we'll begin work on those."); 61:5–8 (Statement by
15 Plaintiffs' counsel: "In terms of the next five, I think, Your Honor, we just need to confer based
16 on Your Honor's guidance today and can get back to the government with our next five in the
17 next day or so.")).

18 Plaintiffs now suggest that they were permitted to identify more than five RFPs before the
19 next hearing, so long as they did so in groups of five spread thirty days apart. But they fail to
20 explain how selecting more than five new RFPs could be consistent with the Court's instruction
21 that "the next time to come see me. You know there's an additional five." (2/3/20 Hr'g at 68:20–
22 21) Plaintiffs point to the Court's statement that the next five RFPs are "due in 30 days." (2/3/20
23 Hrg. Tr. at 61:23) But Defendants understood that statement to refer to the deadline by which
24 they were to supplement their responses to the five RFPs—not the date by which Plaintiffs could
25 select an additional five RFPs without coming back before the Court.

26 This is not just an issue of technical compliance with the Court's instructions. The whole
27 point of the Court's procedure is that Plaintiffs would be forced to prioritize those RFPs they felt
28 they actually needed to prove their case—and for which they asserted their need overcame

JOINT STATUS REPORT - 7
[Case No.: 2:17-cv-01297-MJP]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Defendants' significant interests in protecting confidential deliberations concerning military policy. Plaintiffs can hardly contend that deliberative documents responsive to their 19th or 20th most important RFP are a priority for proving their case. (*See* 11/12/19 Hr'g at 63:18–20 (statement by the Court: "You're not going to have to do 50. You're not going to have to do 100. You're not going to have to do 200. You're probably going to have to do three, four or five. Okay?")). This is especially true given that Plaintiffs repeatedly have selected overbroad and overlapping RFPs, despite this Court's direction that Plaintiffs should not "be asking for more than [they] need," (Feb. 3, 2020 Hr'g at 61:19). At this stage, the Court should order the parties to focus on resolving the fifteen RFPs already identified, so that document discovery can be completed and further extensions of the case schedule are not necessary.

**D.     Plaintiffs' RFP No. 26**

With respect to RFP No. 26 (cost of hormone treatment for service members broken out by medical condition), Plaintiffs state correctly that Defendants have agreed to consult with the Department of Defense to see if there is an office or location within DoD where responsive documents are likely to exist.

**E.     Plaintiffs' RFP No. 44**

As Plaintiffs point out, the parties have reached an impasse with respect to RFP No. 44 (documents showing name, rank, service unit, reasons, and duration, for each service member rendered non-deployable due to gender dysphoria or transition). The parties currently are preparing an LCR 37 joint motion concerning the request, which they anticipate filing by April 10, 2020. Defendants will respond on the merits to Plaintiffs' contentions regarding RFP No. 44 in that filing.

**F.     Plaintiffs' 16th Through 20th Prioritized RFPs**

As set forth above, the Court should order the parties to focus on the fifteen RFPs already identified. The need for any further documents cannot be determined without an assessment of DPP documents responsive to the first fifteen RFPs that Defendants have already produced. *Karnoski*, 926 F.3d at 1206. Nevertheless, in the interest of efficiency, Defendants have met and conferred with Plaintiffs regarding the additional RFPs they improperly have attempted to

JOINT STATUS REPORT - 8
[Case No.: 2:17-cv-01297-MJP]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

prioritize.

With respect to RFP No. 16 (all documents "relating" to waivers of transgender applicants for accession), this RFP overlap almost entirely with RFP No. 54, for which Defendants have already initiated a search for responsive documents. Accordingly, Defendants disagree with Plaintiffs that the parties currently have a dispute about privilege as to RFP No. 16. *See* Pls.' Statement at 2.

With respect to RFP No. 23 (documents "relating" to the June 2017 decision to delay implementation of the Carter accessions policy), Defendants agree with Plaintiffs that, other than documents withheld on privilege grounds, all responsive documents have been produced.[5]

With respect to RFP No. 19 (all documents "relating" to discharge proceedings of transgender service members), as Plaintiffs state, Defendants have agreed to provide additional information about the burdens of collecting responsive documents.

With respect to RFP No. 27 (all documents "relating or referring" to the February 22, 2018 Mattis Memorandum) and No. 28 (all document "reflecting, referring, or relating" to policies considered as alternatives to current policy), both requests substantially overlap with and are entirely encompassed within RFP No. 29, which is at issue in the Ninth Circuit mandamus petition and covered by its administrative stay. *See* Order, Dkt. 415. To order production of documents responsive to RFP Nos. 27 or 28 would thus plainly circumvent the Ninth Circuit's stay order.

In fact, RFP No. 27 is essentially co-extensive with RFP 29. The only difference between the two requests is that one seeks documents relating to the Mattis Memorandum (No. 27) and the other seeks documents related to DoD's Report and Recommendations (No. 29). But the Report and the Mattis Memorandum each contain the same policy recommendation—the Mattis policy—and any material associated with the development of the Mattis policy would "relate" to both documents. Put differently, any document responsive to RFP No. 27 would be responsive to

---

[5] To be clear, Defendants are withholding documents responsive to RFP No. 23 not just on deliberative process grounds, but pursuant to other privileges as well, such as the attorney-client privilege. *Contra* Pls.' Statement at 2 ("[T]he Government stated that other than documents withheld on deliberative process privilege grounds, documents responsive to these requests have already been produced.").

JOINT STATUS REPORT - 9
[Case No.: 2:17-cv-01297-MJP]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

RFP No. 29, and vice versa. Accordingly, Plaintiffs' selection of RFP No. 27, *after the administrative stay was issued*, is urging the Court to disregard that stay.

Defendants do not dispute that they "should engage in the application of the privilege" as to RFP Nos. 27 and 28. Pls.' Statement at 3. In fact, they already have done so, by listing every privileged document responsive to the requests on privilege logs that explain which privilege is being invoked and the basis for the withholding. What Defendants object to, however, is any order that would compel production of deliberative documents responsive to RFP Nos. 27 or 28 when production of those same documents has been stayed by the Ninth Circuit and is subject to further proceedings before the Court of Appeals.

In any event, if Plaintiffs believe the Ninth Circuit's stay is ineffectual, the proper recourse is to ask the Ninth Circuit for relief, which is better positioned to interpret the breadth of its own stay order. In the meantime, this Court should not order disclosures that circumvent the Ninth Circuit's order.

G.  **Plaintiffs' Fourth and Fifth Sets of Discovery Requests**

Despite having engaged in more than two years of discovery, Plaintiffs recently served two entirely new sets of requests for production—bringing the total number of requests for production served by Plaintiffs and Plaintiff-Intervenor to over 100.

Two of these new requests—RFP Nos. 73 and 74—relate to documents in the possession of Defendants' hybrid fact/expert witnesses. As Plaintiffs state, the parties are preparing an LCR 37 joint motion addressing these two RFPs, which they anticipate filing by April 10, 2020. Defendants will respond on the merits to Plaintiffs' contentions regarding RFP Nos. 73 and 74 in that filing.

H.  **Depositions**

Due to the ongoing COVID-19 pandemic, the parties have canceled a number of previously scheduled depositions. Defendants disagree with Plaintiffs that depositions should be re-scheduled for late April because, in all likelihood, any depositions scheduled for the month of April will end up cancelled again. Defendants intend to work with Plaintiffs to tentatively schedule depositions for May and June.

JOINT STATUS REPORT - 10
[Case No.: 2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Respectfully submitted, March 31, 2020.

| | |
|---|---|
| **NEWMAN DU WORS LLP** | **UNITED STATES DEPARTMENT OF JUSTICE** |
| s/ Rachel Horvitz | s/ Matthew Skurnik |
| Derek A. Newman, WSBA No. 26967<br>dn@newmanlaw.com<br>Jason B. Sykes, WSBA No. 44369<br>jason@newmanlaw.com<br>Rachel Horvitz, WSBA No. 52987<br>rachel@newmanlaw.com<br>2101 Fourth Ave., Ste. 1500<br>Seattle, WA 98121<br>(206) 274-2800 | JOSEPH H. HUNT<br>Assistant Attorney General<br>Civil Division<br><br>ALEXANDER K. HAAS<br>Branch Director<br><br>ANTHONY J. COPPOLINO<br>Deputy Director |
| **LAMDBA LEGAL DEFENSE AND EDUCATION FUND, INC.**<br>Tara Borelli, WSBA No. 36759<br>tborelli@lambdalegal.org<br>Camilla B. Taylor (admitted pro hac vice)<br>Peter C. Renn (admitted pro hac vice)<br>Sasha Buchert (admitted pro hac vice)<br>Kara Ingelhart (admitted pro hac vice)<br>Carl Charles (admitted pro hac vice)<br>Paul D. Castillo (admitted pro hac vice) | ANDREW E. CARMICHAEL, VA Bar # 76578<br>andrew.e.carmichael@usdoj.gov<br>MATTHEW SKURNIK, NY Bar # 5553896<br>Matthew.Skurnik@usdoj.gov<br>JAMES R. POWERS, TX Bar #24092989<br>james.r.powers@usdoj.gov<br>Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street NW, Suite 12108<br>Washington, DC 20530<br>(202) 514-3346 |
| **OUTSERVE-SLDN, INC. N/K/A MODERN MILITARY ASSOCIATION OF AMERICA**<br>Peter Perkowski (admitted pro hac vice) | *Counsel for Defendants*<br><br>**OFFICE OF THE WASHINGTON STATE ATTORNEY GENERAL** |
| **KIRKLAND & ELLIS LLP**<br>James F. Hurst, P.C. (admitted pro hac vice)<br>Steve Patton (admitted pro hac vice)<br>Jordan M. Heinz (admitted pro hac vice)<br>Vanessa Barsanti (admitted pro hac vice)<br>Daniel I. Siegfried (admitted pro hac vice)<br><br>*Counsel for Plaintiffs* | s/ Chalia Stallings-Ala'ilima<br>Chalia I. Stallings-Ala'ilima, WSBA No. 40694<br>chalias@atg.wa.gov<br>Colleen M. Melody, WSBA No. 42275<br>colleenm1@atg.wa.gov<br>Assistant Attorney General<br>Wing Luke Civil Rights Division<br>Office of the WA Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>(206) 464-7744<br><br>*Counsel for Intervenor-Plaintiff State of Washington* |

JOINT STATUS REPORT - 11
[Case No.: 2:17-cv-01297-MJP]

Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the United States of America and the laws of the State of Washington that all participants in the case are registered CM/ECF users and that service of the foregoing documents will be accomplished by the CM/ECF system on March 31, 2020.

/s/ Rachel Horvitz
Rachel Horvitz, WSBA No. 52987
*rachel@newmanlaw.com*
2101 Fourth Ave., Ste. 1500
Seattle, WA 98121
(206) 274-2800

JOINT STATUS REPORT - 12
[Case No.: 2:17-cv-01297-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800