# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, et al., | CASE NO. C17-1297 |
| Plaintiffs, | ORDER APPOINTING SPECIAL MASTER |
| v. | |
| DONALD J TRUMP, et al., | |
| Defendants. | |

This Order follows the Court's Notice of the Appointment of a Special Master. (Dkt. No. 466.) Finding that the Parties' two-year discovery dispute cannot be effectively and timely addressed by the Court or by any available district judge or magistrate judge of the district, and having heard from the Parties (Dkt. Nos. 470, 472, 474, 476, 478), the Court appoints retired United States Magistrate Judge, the Honorable James P. Donohue to serve as Special Master.

In its Notice of Appointment, the Court requested that the Parties propose names of special master candidates (Dkt. No. 466). During the April 2, 2020 Status Conference, the Court discussed Plaintiffs' proposed candidates—Defendants did not submit proposals by the

deadline—and asked for feedback on three candidates proposed by the Court. (Dkt. No. 476 at 34:10-36:17.) During this discussion, Defendants requested a master "who has substantial experience adjudicating claims of government privilege" and "somebody who has prior federal judicial experience." (Dkt. No. 35:25-36:5.) Of the candidates proposed by the Parties and the Court, only Judge Donohue holds those qualifications.

Judge Donohue was appointed United States Magistrate Judge for the Western District of Washington in 2005, serving for 14 years before his retirement in March 2019. In 2015, he was appointed Chief Magistrate Judge for the District. Prior to his appointment to the bench, Judge Donohue was a shareholder in the Seattle office of Heller Ehrman White & McAuliffe, LLP where his practice was focused on commercial and intellectual property litigation. Judge Donohue also served as the Articles Editor for the Federal Courts Law Review.

He received his A.B. from the University of Illinois in 1973, and his J.D. from the University of California, Los Angeles, in 1976, where he was a member of the UCLA Law Review. After his graduation, he served as a VISTA volunteer before going into private practice. Judge Donohue served on the Ninth Circuit *Pro Se* Committee, a committee he chaired from 2009-13. He was also on the Ninth Circuit Magistrate Judge Education Committee and was elected to serve on the Board of Directors of the Federal Magistrate Judges Association, representing the Ninth Circuit. He was one of the founding members and first president of the Seattle Intellectual Property Inns of Court. Judge Donohue also served on the Board of Directors of the Special Olympics of Washington.

Defendants have objected to the appointment of Judge Donohue, arguing that an article he recently authored demonstrates "at a minimum, an appearance of bias against Defendants." (Dkt. No. 478 at 2.) The Court has reviewed the article and finds no bias; to the contrary, the

central argument of the article is that judges must remain apolitical and impartial.  See James P. Donohue, *I was a Federal Judge. My Former Colleagues Must Stop Attending Federalist Society Events*, Slate.com, https://slate.com/news-and-politics/2019/11/federalist-society-federal-judges-unethical.html (last visited April 8, 2020 ("Judges are supposed to be apolitical.  The rule of law requires that decisions be based on the laws and Constitution of the United States, and not a judge's personal views or political preference.")  Further, the article neither mentions the subject matter of this lawsuit nor the named parties.  (See id.)  And based on his extensive experience and conduct for fourteen years as a federal magistrate judge, the Court has every confidence that Judge Donohue will carry out his duties as Special Master with impartiality.

Defendants also expressed concerns about whether the special master's fees could be split equitably between the Parties and whether such fees would be in line with the Government's sovereign immunity.  (Dkt. No. 476 at 10:18-11:2.)  Because Judge Donohue has agreed to act as Special Master, *pro bono*, those concerns are no longer relevant.

The Court therefore appoints Judge Donahue Special Master, with the following duties and limitations pursuant to Rule 53 of the Federal Rules of Civil Procedure.

1. **Appointment and Scope.**  Pursuant to Rule 53(a)(1)(C), the Court appoints Judge Donohue as Special Master to assist the Court in reviewing Defendants' privilege assertions over documents the Defendants have submitted for *in camera* review.

2. **No Grounds for Disqualification.**  Pursuant to Rules 53(a)(2) and 53(b)(3), the Court attaches to this Order the Special Master's declaration identifying any relationship to the Parties, counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. § 455.

3. **Fairness Considerations.** Pursuant to Rule 53(a)(3), the Court will protect against unreasonable delay through communication with the Special Master and the Parties as appropriate.

4. **Notice.** Pursuant to Rule 53(b)(1), the Court provided notice to the Parties of its intent to appoint a Special Master and provided an opportunity to be heard on the appointment. (See Dkt. Nos. 466, 470, 472, 474, 476, 478.)

5. **Diligence.** Pursuant to Rule 53(b)(2), the Court directs the Special Master to proceed with all reasonable diligence.

6. **Special Master's Duties and Scope of Authority.** Pursuant to Rule 53(b)(2)(A), the Special Master shall assist with certain matters, as the Court may determine after notice to the Parties. At this point, the Court limits the scope of the Special Master's authority to the evaluation of Defendants' privilege assertions over documents the Defendants submitted for *in camera* review. The Special Master shall identify to the Court those documents over which he believes the Defendants erroneously made privilege assertions. The Court will then review those documents *de novo*. The Special Master may recommend but not issue sanctions, Fed. R. Civ. P. 53(c)(2), and may not issue orders, Fed. R. Civ. P. 53(c)-(d), but shall report his findings directly to the Court.

7. ***Ex Parte* Communications.** Pursuant to Rule 53(b)(2)(B), the Special Master may communicate *ex parte* with the Court without restriction. The Special Master shall not communicate *ex parte* with any party.

8. **Preservation of Materials.** Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain orderly files consisting of all documents submitted to him by the Parties.

9. **Compensation.** Judge Donohue has agreed to serve as the Special Master, *pro bono*.

10. **Amendments.** Pursuant to Rule 53(b)(4), the Court may amend this Order at any time after notice to the Parties and an opportunity to be heard.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 9, 2020.

Marsha J. Pechman
Senior United States District Judge