UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, et al., | CASE NO. C17-1297 MJP |
| Plaintiff, | ORDER ON LCR 37 JOINT SUBMISSION REGARDING |
| v. | PLAINTIFFS' RFP NO. 44 |
| DONALD J TRUMP, et al., | |
| Defendant. | |

The above-entitled Court, having received and reviewed the LCR 37 Joint Submission Regarding Plaintiffs' RFP No. 44 (Dkt. No. 480), along with relevant portions of the record, rules as follows:

IT IS ORDERED that Plaintiffs' motion to compel documents responsive to their Request for Production No. 44 is GRANTED:

(1) The Defendants must provide a full response to Plaintiffs' RFP No. 44. To protect service members' privacy, Defendants shall produce to the Court for *in camera* review a list of the name, rank, and service unit of each transgender service member

1  rendered non-deployable on account of gender dysphoria or transition-related

2  medical care, and the duration of and specific reason(s) for such non-deployability

3  for each service branch since June 30, 2016;

4 (2) Defendants shall provide Plaintiffs with a version of the list, subject to the Parties'

5  protective order, and substituting a unique anonymized identifier in place of each

6  member's name;

7 (3) Defendants shall provide the above information by **May 1, 2020**.

## Discussion

In this LCR 37 Joint Submission, Plaintiffs move to compel the production of documents responsive to their Request for Production No. 44, which seeks:

> Documents sufficient to show, for each service branch since June 30, 2016, the name, rank, and service unit of each transgender service member rendered non-deployable on account of gender dysphoria or transition-related medical care, and the duration of and specific reason(s) for such non-deployability.

(Dkt. No. 480 at 4.) The Government asserts that it has appropriately responded to this Request by producing "documents sufficient to show the number of service members in each military service with a diagnosis of gender dysphoria that were on limited or restricted duty status, for the period September 1, 2016 to August 31, 2017." (Dkt. No. 480 at 6.) While difficult to determine from the Parties' briefing, the Court assumes from their arguments that the Government's production does not include "the name, rank, and service unit of each transgender service member rendered non-deployable" or specify how many members in each service were on limited or restricted duty status because of their diagnosis of gender dysphoria. Further, Defendants have only produced documents that were reviewed by the Panel of Experts, which is a narrower production than requested by RFP No. 44. (Id. at 7.)

1         The Government makes two arguments against producing further responsive material: (1)
2  The Court may only review material considered by the Panel of Experts, so any additional
3  information is irrelevant, and; (2) Plaintiffs' Request is not proportional to the needs of the case
4  and would jeopardize the privacy of service members.  The Court finds that neither of these
5  arguments prevent the Government from providing a full response to RFP No. 44.
6         The Government first argues that Plaintiffs are not entitled to further documents because
7  in granting the Government's writ of mandamus in this matter, the Ninth Circuit was clear that
8  "'the reasonableness of the 2018 Policy must be evaluated on the record supporting that decision
9  and with the appropriate deference due to a proffered military decision.'"  (Dkt. No. 480 at 7
10 (citing Karnoski v. Trump, 926 F.3d 1180, 1207 (9th Cir. 2019)).)  Defendants contend that if
11 Plaintiffs were to introduce evidence that was not considered by the Panel of Experts, it would
12 "invite the Court to make its own determination of the appropriate policy on the basis of data the
13 Panel never gathered and did not consider in reaching its conclusions."  (Dkt. No. 480 at 7.)
14        In support of its argument, the Government cites several cases that do not concern
15 discovery disputes.  See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7 (2008) (evaluating a
16 motion for a preliminary injunction); Goldman v. Weinberger, 475 U.S. 503 (1986) (discussing
17 the standard for enjoining an air force regulation); Rostker v. Goldberg, 453 U.S. 57, 60 (1981)
18 (assessing the constitutionality of the Military Selective Service Act).  In fact, only one of
19 Defendants' citations mentions discovery at all, the concurring opinion of Judge Williams in Doe
20 2 v. Shanahan, 917 F.3d 694, 696 (D.C. Cir. 2019) (Williams, J., concurring), where Judge
21 Williams concludes that the defendants were entitled to judgment as a matter of law on the
22 record and should not be subjected to further discovery.  But as the court noted in response to a
23 similar argument raised by the Government in Doe 2 v. Esper, No. CV 17-1597 (CKK), 2019
24

1  WL 4394842, at *2 (D.D.C. Sept. 13, 2019), the defendants "are overly reliant on the concurring

2  opinion of Judge Williams [because] . . . [i]n order to determine whether or not the military's

3  evaluation was reasonable, some discovery into Defendants' decision-making process is

4  required." Id.; see also Karnoski, 926 F.3d at 1202 ("Defendants bear the burden of establishing

5  that they reasonably determined the policy 'significantly furthers' the government's important

6  interests, and that is not a trivial burden.").

7        The standard for evaluating the record at trial is not currently before the Court on this

8  discovery Motion. And the applicable discovery standard is far broader, allowing parties to

9  obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

10 defense. Fed. R. Civ. P. 26. Under Rule 26, the concept of relevance "'has been construed

11 broadly to encompass any matter that bears on, or that reasonably could lead to other matter that

12 could bear on, any issue that is or may be in the case.'" Olberg v. Allstate Ins. Co., No. C18-

13 0573-JCC, 2019 WL 6033699, at *2 (W.D. Wash. Nov. 14, 2019) (quoting Oppenheimer Fund,

14 Inc. v. Sanders, 437 U.S. 340, 351 (1978)). The Court finds that Plaintiffs' Request seeks

15 relevant information under this standard. As Plaintiffs note, documents identifying those service

16 members rendered non-deployable due to a gender dysphoria diagnosis or transition-related

17 medical care are relevant to the Government's asserted justification for the transgender service

18 military ban. One of the Government's central arguments is that a diagnosis of gender dysphoria

19 renders a service member non-deployable and thus negatively impacts readiness. (Dkt. No.

20 224-2, Department of Defense Report and Recommendations ("Report and Recommendations"),

21 at 32-41.)

22       The Government also argues that Plaintiffs' request should be denied because it is not

23 proportional to the needs of this case and would require "a burdensome process of consulting

24

with numerous combatant commands and the military services to obtain the specific information it seeks, such as the precise circumstances of each individual's non-deployability." (Dkt. No. 480.) The Court finds that the Government has failed to support its claim of undue burden, especially where it has not contradicted the Plaintiffs' assertion that only about 100 service members would fall within the scope of this Request. (Dkt. No. 480 at 5; Barsanti Decl., ¶ 4.) Further, Plaintiffs have agreed to receive information responsive to Request No. 44 in the form of an interrogatory response, alleviating the burden of gathering and reviewing additional documents. (Dkt. No. 480 at 10.) When weighed against the relevance of these documents, the Court finds the burden on the Government is low.

The Government also raises concerns that producing specific information about service members' medical status along with personally identifiable information is a "gratuitous invasion of privacy for dozens of service members that have not asked to be a part of this lawsuit." (Dkt. No. 480 at 9.) The Court agrees but finds that this concern can be addressed. Defendants shall provide to the Court for *in camera* review an interrogatory-type response to Request No. 44, which will include a list of the name, rank, and service unit of each transgender service member rendered non-deployable on account of gender dysphoria or transition-related medical care. Defendants will provide the same list to the Plaintiffs, but will list each service member by a unique, anonymized identifier.

## Conclusion

Plaintiffs' motion to compel the production of documents responsive to Plaintiffs' Request for Production No. 44 is GRANTED. The Government will produce, by **May 1, 2020**, all documents responsive to this Request.

//

//

The clerk is ordered to provide copies of this order to all counsel.

Dated April 15, 2020.

*[signature]*

Marsha J. Pechman
Senior United States District Judge