|||
|---|---|
| RYAN KARNOSKI, et al.,<br><br>                    Plaintiffs,<br><br>         v.<br><br>DONALD J TRUMP, et al.,<br><br>                    Defendants. | CASE NO. C17-1297 MJP<br><br>ORDER REQUIRING ADDITIONAL INFORMATION TO COMPLETE *IN CAMERA* PRIVILEGE REVIEW RE DOCUMENTS WITHHELD AS NON-RESPONSIVE (DKT. NOS. 449, 455, 464) |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THIS MATTER comes before the Court pursuant to the Defendants' submission of documents for *in camera* review following the Court's March 17, 2020 Order granting the Parties' agreed Motion for Clarification or Reconsideration. (Dkt. No. 464, 467.) Finding that Defendants' submissions make the Court's *in camera* review unnecessarily difficult, the Court ORDERS Defendants to file the following documents by **May 1, 2020**:

   (1) The "root" documents to which the claimed privileged family documents were attached;

   (2) A privilege log that contains the document number of the root document, matching it with the corresponding document number of the family documents submitted for *in

*camera* review.  This log will also contain the corresponding "PrivWithhold" page ranges of the documents submitted for *in camera* review.

**Background**

On March 4, 2020 the Court ordered Defendants to produce documents withheld on the grounds of "non-responsiveness" which are part of an otherwise responsive "family group" of produced material; e.g., Defendants produced a responsive email, but withheld attachments to the email on grounds of "non-responsiveness." (Dkt. No. 455 at 3.)  On March 13, 2020, the Defendants submitted a Motion for Reconsideration, informing the Court that "during the course of preparing these non-responsive family documents for production, Defendants have discovered that a small subset of the documents are subject to privilege." (Dkt. No. 463 at 2.)  The Court granted the Motion, clarifying that Defendants are not required to produce privileged documents. (Dkt. No. 464.)  To evaluate the Defendants' new privilege claims, the Court ordered Defendants to produce privilege logs describing each and every privilege asserted and an explanation for why the Defendants believe each privilege applies.  (Id. at 2.)  The Court also ordered Defendants to produce the privileged documents for *in camera* review.  (Id.)

The Court now finds that Defendants' privilege log and production lack certain information to facilitate *in camera* review.  (Dkt. Nos. 465, 467.)  In reviewing the family group of documents submitted for *in camera* review, the Court has discovered that Defendants failed to produce the underlying root document to which the family documents were attached.  Thus, the Court is unable to conduct a complete review of the issue of compliance and privilege review.  In addition, each page of the family documents submitted for *in camera* review bears a sequentially numbered "Priv.Withhold" page number.  However, the privilege log does not contain a column

with a "PrivWithhold" page range.  Because the privilege log is 57 pages long, the lack of reference to the sequential "PrivWithhold" page range makes review unduly difficult.

**Conclusion**

Accordingly, the Court ORDERS Defendants to produce by **May 1, 2020**: (1) the "root" documents to which the claimed privileged family documents were attached, and (2) a revised privilege log that includes the document number of the root document and the corresponding document number of the family documents submitted for *in camera* review.  The privilege log should also include the "PrivWithhold" page ranges of the documents submitted for *in camera* review.  Further, any future privilege logs for documents withheld based upon an assertion of privilege will contain a column designated "PrivWithold" which will identify the page range of any documents withheld pursuant to a claim of privilege.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 23, 2020.

Marsha J. Pechman
Senior United States District Judge