UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, et al.,<br><br>                    Plaintiffs,<br><br>       v.<br><br>DONALD J TRUMP, et al.,<br><br>                    Defendants. | CASE NO. C17-1297 MJP<br><br>ORDER ON LCR 37 JOINT SUBMISSION RE DEFENDANTS DELIBERATIVE PROCESS PRIVILEGE CLAIMS (DKT. NO. 497) |

The above-entitled Court, having received and reviewed the LCR 37 Joint Submission Regarding Defendants' Deliberative Process Privilege Claims (Dkt. No. 497), along with relevant portions of the record, ORDERS that Plaintiffs' motion to compel Defendants to produce a random sampling of 350 documents for *in camera* review is GRANTED as follows:

(1) Defendants shall provide Plaintiffs with an updated master privilege log, reflecting an accurate list of withheld documents and privilege assertions by May 22, 2020;

(2) From the updated master privilege log, Plaintiffs will provide Defendants with a randomized list of 350 documents that were withheld solely on the basis of the deliberative process privilege by May 26, 2020;

ORDER ON LCR 37 JOINT SUBMISSION RE DEFENDANTS DELIBERATIVE PROCESS PRIVILEGE CLAIMS (DKT. NO. 497) - 1

(3) After reviewing the list provided by Plaintiffs, if Defendants find a document that has been withheld on the basis of more than the deliberative process privilege, Defendants will remove that document from the sampling. The Plaintiffs may then substitute another randomized selection for a total of 350;

(4) Defendants shall file the 350 documents for an *in camera* review with the Court by May 29, 2020.

**Discussion**

Since May 2018, Plaintiffs have steadily attempted to compel or obtain further information about the 35,000 to 50,000 documents Defendants have withheld on the basis of the deliberative process privilege. (See e.g., Dkt. Nos. 245, 364, 398, 408, 440, 445, 469.) When Defendants recently produced 300 of these previously withheld documents, Plaintiffs found that for dozens of these documents "no colorable claim of privilege exists." (Dkt. No. 497 at 2 (citing Dkt. No. 472)). Several of these documents were news reports and post-decisional explanations of policies that are not subject to the deliberative process privilege. (Dkt. No. 497 at 5.) Other documents contained talking points drafted and disseminated by the Australian and British Governments over which Defendants—various officials and agencies of the United States Government—cannot assert the privilege. (Id. at 16.) Because of this and other similar disclosures, Plaintiffs "have grown increasingly concerned that the Government has been broadly misapplying the privilege." (Dkt. No. 497 at 2.)

Plaintiffs therefore seek an Order requiring Defendants to submit 350 documents for an *in camera* review by the Special Master, where the Master will determine whether Defendants have appropriately asserted the privilege. (Id. at 5.) This random sampling will include documents withheld solely on the basis of the deliberative process privilege, selected by a

1  randomization algorithm available through Plaintiffs' discovery review platform, Relativity.

2  (Id.)

3  Defendants argue that Plaintiffs have failed to make a showing that the deliberative
4  process privilege has been misapplied because the privilege was in fact applied correctly over
5  some of the documents recently released and even if it was not, those documents represent only a
6  small fraction of the total documents Defendants have withheld in this case.  (Id. at 6-13.)  But as
7  Plaintiffs note, the Government does not defend asserting the privilege over eight of the
8  contested documents; applying even this conceded error rate to the 50,000 documents
9  Defendants have withheld on the basis of the deliberative process privilege would suggest that
10 Defendants have erroneously withheld 1,300 documents.  (Id. at 16.)

11 Additionally, the Court recently found that Defendants had erroneously asserted the
12 privilege over hundreds of pages of documents submitted to the Court for *in camera* review at a
13 much higher error rate than conceded by the Government in the present Motion.  (See Dkt. No.
14 509.)  The Court therefore finds that Plaintiffs have raised significant and legitimate concerns
15 that Defendants are improperly withholding documents where no colorable claim of privilege
16 exists.

17 Defendants also argue that Plaintiffs' request would circumvent the Ninth Circuit's
18 administrative stay pending a ruling on Defendants' current Petition for a Writ of Mandamus.
19 (Id. at 13-15.)  Defendants are concerned that if the Court were to review these documents to
20 determine whether the privilege has been overcome pursuant to the Warner factors it would
21 violate the Ninth Circuit's administrative stay because the question of whether the Warner
22 factors permit such disclosure is now pending before the Ninth Circuit.  (Dkt. No. 497 at 14.)
23 But the documents have not been chosen, so the Court cannot determine at this juncture whether

24

1   the sampling will include "'deliberative documents' from RFPs Nos. 15 and 29." (Dkt. No. 497

2   at 14 (citing Dkt. No. 414-1 (Defendants' pending Petition for a Writ of Mandamus).)

3   Defendants' argument is therefore premature. Further, where Defendants identify documents

4   responsive to RFP Nos. 15 and 29 and implicated by the Ninth Circuit's stay, Defendants may

5   note the documents to Plaintiffs and provide a replacement document for the Court's *in camera*

6   review.

**Conclusion**

Finding that Plaintiffs have raised significant and legitimate concerns that Defendants are improperly withholding documents where no colorable claim of privilege exists, the Court GRANTS Plaintiffs' Motion and ORDERS Defendants to produce the random sample of 350 documents to the Court for an *in camera* review by May 29, 2020. Further, Defendants must provide Plaintiffs with an accurate list of withheld documents and privilege assertions by May 22, 2020 and the Plaintiffs must provide Defendants with the randomized list of 350 documents by May 26, 2020.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 14, 2020.

Marsha J. Pechman
Senior United States District Judge