UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J TRUMP, et al., <br><br> Defendants. | CASE NO. C17-1297 MJP <br><br> ORDER RE LCR 37 JOINT DISCOVERY SUBMISSION REGARDING PLAINTIFFS' FRCP 30(B)(6) DEPOSITION TOPICS |

The above-entitled Court, having received and reviewed the LCR 37 Joint Submission Regarding Plaintiffs' FRCP 30(b)(6) Deposition Topics (Dkt. No. 503), along with relevant portions of the record, rules as follows:

(1) Plaintiffs' Rule 30(b)(6) deposition topics are within the scope of the litigation;

(2) Plaintiffs are entitled to take seven-hour depositions for each designated witness, regardless of whether Plaintiffs have obtained previous discovery containing similar information and regardless of whether the witness has previously been deposed in their individual capacity;

(3) Defendants may instruct their witnesses not to answer questions related to Plaintiffs' deposition topic numbers three, four, six, and seven, where the answer is implicated by the Ninth Circuit's administrative stay (Dkt. No. 415), but Defendants must state the basis for their objection on the record in detail;

(4) If the Court rules that the Plaintiffs have overcome the deliberative process privilege or misapplied the privilege in any area where Defendants have objected, Defendants will be required to provide dates for their witnesses' availability within 10 days of any ruling and will bear the cost of these additional depositions, including travel costs and expenses for Plaintiffs' counsel.

**Discussion**

In this LCR 37 Joint Submission, Defendants seek a protective order limiting the nine topics Plaintiffs have identified for their 30(b)(6) depositions, or, in the alternative, limiting Plaintiffs to one seven-hour deposition of DoD officials (or former officials) and deferring any deposition topics that may be implicated by the Government's pending mandamus petition until after the Ninth Circuit has issued its ruling on the extent of the privilege. (Dkt. No. 503 at 2.) The Government makes three arguments in support of its Motion: (1) several of Plaintiffs' topics extend well beyond the scope of the litigation; (2) Plaintiffs' topics are duplicative of information they have obtained through other discovery methods; and (3) four of Plaintiffs' topics seek privileged deliberations that are currently at issue in the Government's pending mandamus petition. (Dkt. No. 503 at 9.) The Court addresses each argument in turn.

1. <u>Deposition Topics are Proportional to the Needs of the Case</u>

Defendants first argue that any Rule 30(b)(6) deposition should be limited to the DoD's reasons and justifications for the challenged policy because the Court "'must apply appropriate

military deference to its evaluation of the 2018 policy.'" (Dkt. No. 503 (quoting <u>Karnoski v. Trump</u>, 926 F.3d 1180, 1202 (9th Cir. 2019)).) Defendants therefore contend that any questions beyond Defendants' explanations of its reasons for the challenged policy are irrelevant and not proportional to the needs of the case. (<u>Id.</u>) The Court finds Defendants' argument unpersuasive.

First, even if Defendants' position on the application of military deference in a case requiring intermediate scrutiny were correct, Defendants have confused the evidentiary standard at trial with the broader discovery standard, which allows parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. (<u>See</u> Dkt. No. 486 at 3-4 (citing Fed. R. Civ. P. 26).) Plaintiffs' topics concern the process for drafting the meeting minutes of the Panel of Experts (topic 2); discussions of DoD's Medical and Personnel Executive Steering Committee (topic 4); details about a particular meeting involving the Deputy Secretary of Defense and Vice Chairman of the Joint Chiefs (topic 5); the process of drafting DoD's Report and Secretary Mattis' Memorandum (topics 6 and 7), and Waiver and Exceptions to Policy Requests extending after the formation of the challenged policy (topic 8). (Dkt. No. 503 at 10.) Each of these topics are related to the challenged policy at the center of this lawsuit and seek information "designed to define and clarify the issues." <u>Klopman-Baerselman v. Air & Liquid Sys. Corp.</u>, No. 3:18-CV-05536-RJB, 2019 WL 5227332, at *2 (W.D. Wash. Oct. 16, 2019).

Second, while Defendants attack the relevance of the Plaintiffs' deposition topics, they fail to make any arguments about the factors the Court must weigh to determine whether the topics are proportional to the needs of the case. These factors include: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). This case presents issues of national and constitutional importance and the

1  Government has not put forth even the barest explanation of why preparing the deponents to
2  answer the proposed deposition topics would be burdensome or expensive.  The Defendants have
3  therefore failed to meet their "heavy burden of showing why discovery should be denied."
4  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

    2.  Duplicative Topics

Defendants next argue that Plaintiffs may not conduct depositions where they have already obtained the information described in their deposition topics through other discovery methods.  (Dkt. No. 503 at 11.)  But Defendants have provided no support for their argument and, as Plaintiffs note, Courts "uniformly reject the Government's argument that parties may avoid Rule 30(b)(6) testimony 'by providing written answers' or 'supply[ing] the answers in a written response to an interrogatory.'"  (Dkt. No. 503 (quoting F.D.I.C. v. 26 Flamingo, LLC, No. 2:11-CV-01936-JCM, 2013 WL 3975006, at *5 (D. Nev. Aug. 1, 2013); Kelly v. Provident Life & Acc. Ins. Co., No. 04CV807-AJB BGS, 2011 WL 2448276, at *3 (S.D. Cal. June 20, 2011)).)  Even where Plaintiffs have previously received some of the information through discovery, they are entitled to question Defendants' designated Rule 30(b)(6) witnesses about the nature of the documents or interrogatory answers under oath.

Defendants also object to providing the information through multiple depositions of the same witnesses, contemplating a situation where a witness is deposed in both an individual capacity for seven hours and then again as a 30(b)(6) witness for an additional seven hours on the same topic.  (Dkt. No. 503 at 13.)  But Defendants offer no support for this argument either.  And "the fact that a party has already taken depositions of individuals does not insulate a corporation from producing the same individuals as corporate representatives to give Rule 30(b)(6) depositions on the same topics."  Landmark Screens, LLC v. Morgan, Lewis & Brokius

1  LLP, No. C08-02581 JF(HRL), 2010 WL 3221859, at *2 (N.D. Cal. Aug. 13, 2010).  The Court

2  expects the Parties to cooperate in order to minimize the burden on deponents who testify in both

3  their individual and Rule 30(b)(6) capacities; Plaintiffs are entitled to seven hours for each of

4  these depositions but should hold these depositions on consecutive days or even a single day

5  where the two depositions together total no more than seven hours.

6      3.   <u>Topics Implicated by the Government's Pending Mandamus Petition</u>

7  On February 11, 2020, Defendants filed a petition for a writ of mandamus, challenging

8  three of the Court's orders granting Plaintiffs' motions to compel responses to Plaintiffs' RFP

9  Nos. 15 and 29, and arguing that in each instance, the relevance of the information Plaintiffs seek

10  does not overcome the chilling effect of producing the information. (Dkt. No. 414, Ex. 1.)  In

11  particular, Defendants challenged the Court's orders requiring production of DoD drafts of the

12  Report and Recommendations, documents and communications discussing issues related to the

13  policy but never produced to the Panel, and documents and communications related to the Carter

14  policy.  (<u>Id.</u>)

15  On February 12, 2020 the Ninth Circuit granted Defendants' request for a temporary

16  administrative stay, writing: "The district court's December 18, 2019, February 3, 2020, and

17  February 7, 2020 orders challenged in this petition are temporarily stayed pending further court

18  order." (Dkt. No. 415.)  While the Court only addressed depositions in the February 3, 2020

19  Order, (<u>see</u> Dkt. No. 412 at 64:16-20), Defendants now argue that topic numbers six and seven—

20  which concern the processes used in drafting the DoD's Report and Recommendations on

21  Military Service by Transgender Persons and the February 22, 2018 Memorandum for the

22  President from Secretary Mattis—and portions of topic numbers three and four—requesting

23

24

information about the deliberative processes of two DoD working groups—seek privileged information that is implicated in the Ninth Circuit's stay. (Dkt. No. 503 at 15-17.)

Evaluating the scope of the Ninth Circuit's broadly-worded stay with an abundance of caution, the Court finds that the stay applies to information about drafts of the Report and Recommendations, documents and communications discussing issues related to the policy but never produced to the Panel, and documents and communications related to the Carter policy, subjects raised by several of Plaintiffs' topics. Defendants may therefore instruct their witnesses not to answer where Defendants believe the response is implicated by the Ninth Circuit's stay. But the Court cautions that only some questions under these topics are implicated by the stay and Defendants should proceed with precision. If the Court determines that the Plaintiffs have overcome the deliberative process privilege in any area or the Defendants have asserted the privilege inappropriately, Defendants will be required to provide dates for their witnesses' availability within 10 days of the date of the Ninth Circuit's ruling to provide the withheld answers.

Finally, while the Court interprets the administrative stay broadly and will therefore allow Defendants to instruct their witnesses not to answer certain deposition questions, the Court notes that if Plaintiffs disagree, they may seek clarification from the Ninth Circuit regarding the scope of its stay, especially where the order granting the stay totals two cursory sentences. (Dkt. No. 415.) Further, Plaintiffs may bring to the Court's attention at any time any objection they believe has been inappropriately asserted.

**Conclusion**

The Court finds that Defendants may instruct their witnesses not to answer where the answer is implicated by the Ninth Circuit's administrative stay. But Defendants must proceed

1  with caution because Defendants will be required to produce the witness again at their own
2  expense should the Court rule against Defendants. The remainder of Defendants' arguments on
3  the scope and nature of Plaintiffs' topics are unconvincing. The Court therefore DENIES
4  Defendants' Motion for a Protective Order (Dkt. No. 503) but allows that Defendants may
5  instruct their designated Rule 30(b)(6) witnesses not to answer where necessary to assert the
6  deliberative process privilege over topics implicated by the Ninth Circuit's administrative stay.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 29, 2020.

_____
Marsha J. Pechman
United States Senior District Judge