UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J TRUMP, et al.,<br><br>Defendants. | CASE NO. C17-1297 MJP<br><br>ORDER RE *IN CAMERA* REVIEW OF DOCUMENTS SUBMITTED PURSUANT TO THE COURT'S ORDER ON DOCUMENTS WITHHELD BY THE GOVERNMENT AS NON-RESPONSIVE (DKT. NOS. 455, 464) |

This matter comes before the Court on Defendants' submission of documents for *in camera* review pursuant to the Court's Order on Plaintiffs' Motion to Compel Documents Withheld by the Government as Non-Responsive. (Dkt. Nos. 449, 455, 465.) Having conferred with the Special Master concerning the approximately 1,700 pages of documents the

Government filed for *in camera* review, the Court has made the following privilege determinations on a document-by-document basis, as listed in the attachment to this Order[1]:

(1) The Government must produce all documents listed in the attached exhibit in which "N" has been marked in the column labelled "Privileged" not later than **June 5, 2020**;

(2) Where the negative privilege decision is followed by an indication in the "Reasons" column that only a portion of the document needs to be produced, the balance of the document may be redacted;

(3) Documents that are privileged have been labelled by "Y" in the "Privileged" column; where the column is blank, the Court has determined that the document is not relevant and need not be produced.

**Background**

On March 4, 2020, the Court granted Plaintiffs' motion to compel documents which are part of an otherwise responsive "family group" of produced material but were withheld on the grounds of "non-responsiveness"; as an example, the Government withheld attachments to emails as "non-responsive" where the email itself was produced. (Dkt. No. 455.) While the Government had not asserted any privilege over these documents or listed them on a privilege log, shortly after the Court issued its Order, the Government submitted an agreed motion for clarification or reconsideration, informing the Court that "during the course of preparing these non-responsive family documents for production, Defendants [] discovered that a small subset of the documents are subject to privilege." (Dkt. No. 463 at 2.) Defendants believed these

---

[1] The Special Master has adjusted the privilege log provided to the Court as an Excel spreadsheet so that the documents would be listed in PrivWithhold order, while still identifying the Defendants' document numbering scheme.

1  documents were protected from disclosure by the attorney-client privilege, the attorney work

2  product privilege, the deliberative process privilege, and the executive privilege. (Id.) The Court

3  granted Defendants' Motion for Clarification, ordering Defendants to submit the subset of

4  documents that Defendants believed to be privileged to the Court for *in camera* review along

5  with a privilege log. (Dkt. No. 464.)

## Discussion

7  Each of the documents submitted for *in camera* review, covering PrivWithholding page

8  numbers 1415 through 3180, have now been reviewed. For a sizeable number of these

9  documents, Defendants' privilege assertions were not justified. This blanket assertion of

10  privilege without close analysis or articulated rationale must stop.

11  Defendants are reminded of the Ninth Circuit's guidance concerning the deliberative

12  process privilege:

> The deliberative process privilege … still commands judicial consideration. We have held that '[a] litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." As the district court here correctly recognized, we balance four factors in determining whether this exception to the deliberative process privilege is met "1) the relevance of the evidence: 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. In balancing these factors, we note that the second and third favor plaintiffs.

Karnoski v. Trump, 926 F.3d 1180, 1206 (9th Cir 2019) (internal citation omitted). Here,

because the Court has determined that the documents at issue are relevant (see Dkt. No.

455), the Government was required to establish that the "chilling effect" of disclosure

outweighs the three other factors. This means, as a non-exhaustive list, that the following

types of documents meant for public disclosure or describing public reports are not protected by the deliberative process privilege[2]:

1. <u>Press Accounts.</u>  Many of the documents claimed privileged are summaries of press inquiries about transgender service policies and the responses to those inquiries.  Obviously, these constitute reporting on who was asking questions, the answers provided to the press, and similar public issues.  Similarly, "Close of Business" memos reporting on news reports summaries as a historical accounting of the week's news events should not have been withheld pursuant to the deliberative process privilege.

2. <u>Cards for prepared responses.</u>  These documents reported the use of certain "cards" by categories, including "Transgender."  Prepared responses to common or expected public questions are not deliberative.

3. <u>Confirmation preparation.</u>  Questions and prepared responses to actual or potential confirmation, budget, or Congressional questions are not deliberative.  Instead, they are designed for public consumption, the very antithesis of deliberate privilege.

As to claims involving the attorney-client privilege, not all documents that include the name of an attorney are subject to withholding pursuant to the privilege.  Instead, the communication must seek or elicit legal advice or send information relevant to that end.  See In re Grand Jury Investigation, 974 F.2d 1068, 1071 n.2 (9th Cir. 1992) (internal citation omitted) ("The attorney-client privilege may be divided into eight essential elements: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived").  Transmittal emails that do not otherwise contain privileged information are not

---

[2] In the attachment to this Order, the Court lists these documents as "not deliberative," a shorthand for rejection of Defendants' deliberative process privilege claims.

1  privileged, even if they are sent to attorneys, and even if the attachment would otherwise
2  be privileged.
3        The Court makes its privilege determinations in a document-by document basis in
4  the attachment to this Order, using the following demarcations. The "Privilege" column
5  indicates whether each document is privileged by "Y" (yes) or "N" (no) designations.
6  Where the privilege column is blank this indicates, per the "Reasons" column, that the
7  document is not relevant and need not be produced. Where the negative privilege
8  decision is followed by an indication in the "Reasons" column that only a portion of the
9  document need to be produced, meaning the balance of the document can be redacted if
10 the Government chooses to do so.

**Conclusion**

12       After close consultation with the Special Master following the review of each document
13 submitted by the Defendants, the Court finds that the Government has been overbroad in its
14 privilege assertions, straying far outside the bounds of the deliberative process privilege and
15 asserting the attorney-client privilege without care. The Government can and should do better.
16 The Court therefore ORDERS the Government to produce all documents listed in the attached
17 exhibit in which "N" has been marked in the column labelled "Privileged" (as modified by
18 permissible redactions set forth in the "Reasons" column) not later than **June 5, 2020**. The
19 Government need not produce documents that have been labelled by a "Y" or have no
20 designation in the "Privileged" column.
21 //
22 //
23 //
24

1 The clerk is ordered to provide copies of this order to all counsel.

Dated May 29, 2020.

*[signature]*

Marsha J. Pechman
United States District Judge