UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J TRUMP, et al., <br><br> Defendants. | CASE NO. C17-1297 MJP <br><br> ORDER RE: JULY 21, 2020 STATUS CONFERENCE; <br><br> HOLDING DEADLINES IN ABEYANCE (DKT. NO. 545); <br><br> PROVIDING NEW TRIAL DATE |

THIS MATTER comes before the Court upon the Parties' Joint Status Report (Dkt. No. 546), Defendants' Motion to Stay (Dkt. No. 547), and upon issues raised by the Parties during the Court's July 21, 2020 Status Conference (Dkt. No. 548). Having reviewed the Joint Status Report, the Motion to Stay, and having heard from the Parties, the Court HOLDS IN ABEYANCE the deadlines in its July 15, 2020 Order (Dkt. No. 545), GRANTS Plaintiffs' request to postpone setting a new discovery deadline and sets a new trial date of **April 26, 2021**.

//

//

1. <u>Defendants' Motion to Stay</u>

On July 15, 2020 the Court issued an Order requiring the Government to review its deliberative process privilege ("DPP") claims and produce those documents that are not predecisional or deliberative.  See <u>National Wildlife Federation v. U.S. Forest Service</u>, 861 F. 2d 1114, 1117 (9th Cir. 1988) (requiring a document to be "*both* (1) 'predecisional' or 'antecedent to the adoption of agency policy' and (2) 'deliberative,' meaning 'it must actually be related to the process by which policies are formulated.'") (citation omitted, emphasis in original).  The Order followed the Court's assessment of the 850 documents the Government submitted for *in camera* review and its finding that the Government had erroneously asserted the privilege over many of these documents.  Indeed, for hundreds of the submitted documents, the Court could find no plausible basis for the Government's privilege claims at all.

Noting the enormous task remaining before the Parties and the Court of evaluating the Government's assertion of the DPP over approximately 48,000[1] documents, as a discovery management tool the Court outlined a timeframe for documents that are presumptively not entitled to DPP protection because they do not fall within the decision period for the Carter and Mattis policies.  Defendants were ordered to produce documents that were reviewed *in camera* and not entitled to DPP protection by July 22, 2020 and to produce all documents that fall outside the date ranges of July 13, 2015 to June 30, 2016 (Carter policy) and September 14, 2017 to January 11, 2018 (Mattis policy) and all documents or portions of documents that are purely factual by July 29, 2020.  The Court explicitly excepted from this production any documents

---

[1] The Government claims this figure is now approximately 40,000 documents and the number of documents withheld solely on the basis of the DPP is now 25,000, down from the original 35,000 documents the Government withheld.  (Dkt. No. 547 at 2 n.1.)  The Government provides no explanation for why it has disclosed 10,000 documents it vigorously defended as privileged for nearly three years, documents that were the subject of two petitions for writs of mandamus to the Ninth Circuit.

implicated by the Government's pending Petition for a Writ of Mandamus with the Ninth Circuit. (See Dkt. Nos. 414-16.)

On the evening of July 20, 2020, Defendants filed a motion to stay the Court's July 15, 2020 Order until the pending mandamus petition is resolved. (Dkt. No. 545.) Defendants informed the Court that if it did not grant Defendants' motion for a stay within 24 hours, Defendants would file an emergency motion in the Ninth Circuit requesting a stay of this Court's July 15, 2020 Order. (Dkt. No. 547 at 3.) Because the 24-hour timeline Defendants propose does not allow for a response from Plaintiffs, and because the Court will not issue a ruling on Defendants' Motion to Stay until it is fully briefed, the Court HOLDS IN ABEYANCE the production deadlines in its July 15, 2020 Order (Dkt. No. 545) until it issues a ruling on Defendants' Motion to Stay (Dkt. No. 547).

2. Trial Date and Discovery Deadline

In the Parties' July 17, 2020 Joint Status Report, Plaintiffs requested that the Court postpone setting a new discovery cutoff and noted that this will likely delay trial beyond the current, October 22, 2020 trial date. (Dkt. No. 546 at 6.) Among other things, Plaintiffs noted Defendants' pending mandamus petition and stalled productions have impacted Plaintiffs' ability to depose witnesses. (Id. at 4.) While Defendants objected to Plaintiffs' request to vacate the trial date "and indefinitely extend discovery" in the Joint Status report, two days later they filed their Motion to Stay, threatening to file another petition for a writ of mandamus with the Ninth Circuit if the Court did not stay Defendants' current production deadlines. (Dkt. No. 547.) Given the enormous number of relevant documents that remain contested in this matter, the Court will postpone setting a new discovery cutoff and will set a new trial date of April 26, 2021.

Plaintiffs may wait to take depositions until after Defendants have produced documents in line with the Court's rulings and relevant to the particular witness being deposed.

**Conclusion**

In summary, the production deadlines in the Court's July 15, 2020 Order (Dkt. No. 545) are HELD IN ABEYANCE until the Court issues a written order on Defendants' Motion to Stay (Dkt. No. 547). Further, the Court sets a new trial date of April 26, 2021 and will not set a new discovery cutoff deadline at this time.

Dated July 23, 2020.

_____
Marsha J. Pechman
United States Senior District Judge