UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, et al., | CASE NO. C17-1297 MJP |
| Plaintiffs, | ORDER RE: AUGUST 24, 2020 STATUS CONFERENCE |
| v. | |
| DONALD J TRUMP, et al., | |
| Defendants. | |

THIS MATTER comes before the Court upon the Parties' Joint Status Report and the Court's August 24, 2020 Status Conference (Dkt. No. 567-68). Having reviewed the Joint Status Report and having heard from the Parties, the Court ORDERS Defendants to submit the following documents for *in camera* review:

(1) The 245 communications listed on Defendants' privilege log that were identified in Plaintiffs' August 17, 2020 letter to the Government by **August 28, 2020**. These are communications sent in the two weeks following President Trump's July 26, 2017 tweet banning transgender military service. (Dkt. No. 567 at 3);

      (2) All privileged documents from the time period January 11, 2018 to February 22, 2018 by **September 4, 2020**.

These submissions must be accompanied by a certification that at least one of the eight Government attorneys who have entered appearances in this matter has personally reviewed the documents.

Further, the transcript of the Court's December 10, 2019 Status Conference will not be amended. (See Dkt. No. 402.) Pursuant to the Government's recent *ex parte* email request to the Court Reporter asking that she change the transcript from the December 10, 2020 Status Conference, the Court listened to the original recording and finds that it is ambiguous. Because the Government failed to justify its eight-and-a-half-month delay in challenging the recording—particularly noteworthy when the disputed language was quoted in Plaintiffs' February briefing to the Ninth Circuit—the Court finds no good cause to change the transcript at this juncture. (See Pl. Ans. at 15, Donald Trump, et al v. USDC-WAWSE, No. 20-70365 (9th Cir. Feb. 28, 2020).)

Finally, the Court denies the Government's request to submit objections to the Special Master's communications with the Court. (Dkt. No. 567 at 7-8.) The Government explicitly consented to the Court's special master process, wherein the Special Master acts as an additional law clerk, assisting the Court in reviewing and organizing *in camera* submissions. (Dkt. No. 515 at 24:13-17.) The Government now contends that the Court's spreadsheet attachments which delineate the Court's rulings on specific documents submitted for *in camera* review are Special Master orders and argues that it is entitled to object to these spreadsheets. (Id.) The Government also asks to review and object to the Special Master's communications with the Court. (Dkt. No. 568.) But spreadsheets are not orders and the Rules of Civil Procedure do not permit the

1 | Government to view or object to the Court's internal process of reviewing and organizing
2 | documents or its communications with staff.  The Court will not change the scope of the Special
3 | Master's review, which was consented to by the Parties and has now been in place for more than
4 | three months.

**Conclusion**

The Government is ORDERED to submit to the Court for *in camera* review the 245 communications on Defendants' privilege log identified in Plaintiffs' August 17, 2020 letter by **August 28, 2020**.  All privileged documents from the time period January 11, 2018 to February 22, 2018 shall be submitted by **September 4, 2020**.  These submissions will include a certification that at least one of the Government's counsel has personally reviewed these documents.  The transcript of the Court's December 10, 2020 Status Conference and the Court's special master process will not be amended.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 24, 2020.

*[signature]*

Marsha J. Pechman
United States Senior District Judge