UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, et al, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, et al., <br><br> Defendants. | CASE NO. C17-1297 MJP <br><br> ORDER RE DOCUMENTS SUBMITTED FOR *IN CAMERA* REVIEW (DKT. NOS. 599, 624, 633, 639) |

THIS MATTER comes before the Court upon the Government's submission of documents for *in camera* review (Dkt. Nos. 599, 624, 633, 639), filed in response to the Court's Orders on Defendants' assertion of the Deliberative Process Privilege (Dkt. Nos. 545, 566, 569, 617). After careful examination of each document submitted for *in camera* review, the Court has sorted the documents into three categories:

(1) Documents that do not fall within the proper scope of the Deliberative Process Privilege are marked with an "N" in the privilege column of the spreadsheets attached to this Order. Defendants are ORDERED to produce these documents to Plaintiffs no later than **December 9, 2020**;

(2) Documents where Defendants' Deliberative Process Privilege assertion is sustained are marked with a "Y" in the privilege column of the spreadsheets attached to this Order.  Where the Court has not indicated a further review should occur under FTC v. Warner Commc'ns Inc., 742 F.2d 1156, 1161 (9th Cir. 1984), the Parties should assume that the Court finds Defendants would prevail on a subsequent Warner analysis of these documents and Defendants need not take any further action; and

(3) Documents that require further input from the Parties as to how they may be impacted by an analysis under Warner, as discussed below.  As to these documents, the Government will prepare a submission outlining its position as to why the Warner factors favor the Government not later than **December 9, 2020**.  The Plaintiffs will have until **December 16, 2020** to respond.  The Court will then issue a subsequent Warner determination.

**Background**

On July 15, 2020 the Court ordered Defendants to apply a temporal filter to documents withheld solely on the basis of the Deliberative Process Privilege ("DPP") of July 13, 2015 through June 30, 2016 and September 14, 2017 through January 11, 2018. (Dkt. No. 545.)  The timeframes encompass the period during which the Obama administration was considering what would become the Carter Policy, which allowed open military service by transgender individuals, and the period of time during which the Trump administration was considering its policy of barring military service by transgender individuals, respectively.  (Dkt. Nos. 536, 540-42).  The Court concluded that going forward, documents outside these timeframe are presumptively not privileged under the DPP because they were not predecisional, as required under the test set forth in National Wildlife Federation v. U.S. Forest Service, 861 F. 2d 1114,

1117 (9th Cir. 1988) (to qualify for the privilege, "a document 'must be *both* (1) 'predecisional' or 'antecedent to the adoption of agency policy' and (2) 'deliberative,' meaning 'it must actually be related to the process by which policies are formulated'")(citation omitted, emphasis in original).

The Court has now reviewed and analyzed five sets of documents from the presumptively non-predecisional timeframes that the Government has submitted for *in camera* review; the most recent four are addressed below. The remaining documents from the presumptively non-predecisional timeframes, which were previously withheld exclusively pursuant to the DPP and which were not submitted to the Court, have now been produced to Plaintiffs. (Dkt. Nos. 597 at 2; 637 at 2.)

This Order and its attachments concern the Government's four latest *in camera* submissions, which are discussed in a series of declarations from Robert E. Easton, the Director, Office of Litigation Counsel, in the DoD. Mr. Easton describes the Government's submissions as consisting of the following categories of documents:

(1) The first set (Dkt. No. 599), submitted on September 4, 2020, concerns DoD "policy deliberations that occurred from January 11, 2018 to February 22, 2018." (Dkt. No. 598, Ex. 1, ¶ 6.) Of this group, the Court was unable to review 55 documents – the first 53 and the last two listed on the Government's privilege log. These documents were not in the group of physical copies submitted to the Court.

(2) The second set (Dkt. No. 624), submitted on October 9, 2020 are communications during the period July 26, 2017 through September 14, 2017. These documents include "emails discussing the process for formulating the interim guidance on transgender military service" following the President's Tweet reversing the Carter

Policy (Dkt. No. 623, Ex. 1, Declaration of Robert E. Easton, ¶ 7); "edits from personnel within OSD, the Army, Navy, Air Force, Coast Guard, and Joint Staff on the draft interim guidance" issued by Secretary Mattis following the President's Tweet (id., ¶ 8); an email chain regarding additional information Secretary Mattis's Chief of Staff "wanted to add to the drafts before they were sent to Secretary Mattis for review" (id., ¶ 9); "talking points, holding statements, and responses to questions from the media" (id., ¶ 10); 50 copies of a draft statement from Secretary Mattis on the issuance of the interim guidance (id., ¶ 11); drafts of a letter to the President from Secretary Mattis (id., ¶ 12); and documents the Government describes as reflecting "deliberations by OSD staff concerning subjects unrelated to transgender service" (id. ¶ 13).

(3) The third set (Dkt. No. 633), submitted on October 30, 2020 includes drafts of a memorandum on military service by transgender individuals written by the Deputy Secretary of Defense for Secretary Mattis (Dkt. No. 632, Ex. 1, Declaration of Robert E. Easton, ¶¶ 7-8); drafts of a memorandum written by senior DoD officials for Secretary Mattis describing the policy development process in the days before Secretary Mattis decided to delay accessions of transgender applicants on June 30, 2017 (id., ¶¶ 9-10); emails reflecting Secretary Mattis's views on the Military Services' positions regarding delay of military accessions by transgender individuals (id., ¶ 11); emails, PowerPoint slides, and memoranda from the Military Services to the Secretary Mattis concerning whether to delay the accessions policy (id., ¶ 12); and emails between the Deputy Secretary of Defense and other senior DoD officials on accessions (id., ¶ 13).

1     (4) The fourth set (Dkt. No. 639), submitted on November 13, 2020 consists of draft

2         plans prepared in anticipation of a decision from the President in response to the

3         Report and Recommendation (Dkt. No. 638, Ex. A, Declaration of Robert E. Easton,

4         ¶ 7); and talking points prepared on February 23, 2018, in anticipation of the

5         President's decision (id., ¶ 8).

6     The Court's has reviewed *in camera* the Government's four most recent submissions, and

7 has made determinations as to each individual document, as indicated in the four attachments to

8 this Order. The Court's review was solely focused on whether the documents qualify as

9 protected by the DPP. If a document does not qualify, because it is either not predecisional or

10 deliberative, it is not entitled to DPP protection. On the other hand, if the documents meet the

11 deliberative test required for DPP protection, the inquiry continues. In Warner, 742 F.2d at

12 1161, the court held that an otherwise protected DPP document could be ordered produced after

13 considering four factors: (1) the relevance of the evidence; (2) the availability of other evidence;

14 (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder

15 frank and independent discussion regarding contemplated policies and decisions. The Ninth

16 Circuit previously found that the second and third Warner factors—the availability of other

17 evidence and the government's role in the litigation—favor Plaintiffs here. Karnoski v. Trump,

18 926 F.3d 1180, 1206 (9th Cir. 2019). However, the Circuit cautioned that the fourth factor in

19 particular "deserves careful consideration, because the military's interest in full and frank

20 *communication* about policymaking raises serious—although not insurmountable—national

21 defense interests." Id.

22     There are some documents that the Court has reviewed which appear material and require

23 a Warner review, as indicated on the attached spreadsheets. However, the Court has reviewed

24

1    the Defendants' submissions and finds them insufficient to support a determination about the

2    fourth Warner factor.  To aid the Court, Defendants are ORDERED to file a submission

3    indicating why and how the transmittal of the specific identified documents would injure the

4    Government, either now or in the future.  Many of the documents identified are copies.  If the

5    identified documents are the same, then only one explanation need be made.  The submission

6    should indicate the document numbers of all documents referenced.   If they are not the same,

7    then a separate submission should be made.  The Court is particularly interested in hearing the

8    Government's concerns about injury likely to occur if the specifically identified documents are

9    ordered produced.  This submission will be due on **December 9, 2020**.  Plaintiffs may file a

10   response by **December 16, 2020**.

11         Where the Court has determined that the DPP applies, without requiring a separate

12   Warrner analysis, the Parties should presume that the Court has determined that the balancing

13   test will favor the Defendants on that particular document.  It may be difficult for Plaintiffs to

14   fully respond to the Government's submission because they do not have access to the documents.

15   Nevertheless, if Plaintiffs wish to file anything, it will be due one week after the Government's

16   submission.  No reply submission will be filed, and the Court will then issue a Warner

17   determination order on those designated documents.

18                               **Conclusion**

19         Defendants are therefore ORDERED to produce all documents where the privilege

20   category is designated with "N" in the spreadsheets attached to this Order by **December 9, 2020**.

21   The missing 55 documents will be filed with the Court on the same date.  Defendants are not

22   required to produce documents marked with a "Y" at this time.  For those documents requiring a

23   further Warner review, as indicated in the spreadsheets attached to this Order, the Defendants

24

1 | will file their submission focusing principally on the fourth factor of the <u>Warner</u> analysis by

2 | **December 9, 2020**. Plaintiffs, if they choose, can file a response not later than **December 16,**

3 | **2020**, although one is not required. The <u>Warner</u> analysis will then be considered submitted, and

4 | the Court will issue a further Order.

    The clerk is ordered to provide copies of this order to all counsel.

    Dated November 25, 2020.

                                    Marsha J. Pechman
                                    United States Senior District Judge