UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN KARNOSKI, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>DONALD J TRUMP, et al.,<br><br>          Defendants. | CASE NO. C17-1297 MJP<br><br>ORDER RE: *IN CAMERA* REVIEW OF DOCUMENTS SUBMITTED DECEMBER 1, 9, 11, AND 23, 2020 (DKT. NOS. 645, 646, 654, 661) |

This matter comes before the Court upon Defendants' four recent submissions of documents for *in camera* review (Dkt. No. 645, 646, 654, and 661), filed in response to the Court's recent Orders on Defendants' assertion of the deliberative process privilege. (Dkt. Nos. 629, 641). After careful examination of each document submitted for *in camera* review, the Court ORDERS that the documents identified below be produced to Plaintiffs not later than **January 28, 2021**.

//

//

**Background**

This Court has previously set out the process for analyzing Defendants' *in camera* submissions and how the analysis fits into the Parties' theories of the case. Briefly, before a document can be subject to a valid deliberative process privilege ("DPP") claim, it must be both predecisional and deliberative. See National Wildlife Federation v. U.S. Forest Service, 861 F. 2d 1114, 1117 (9th Cir. 1988). If it meets that threshold, then the document is subject to a valid DPP claim. At that point, the Court applies the balancing test set forth in FTC v. Warner Commc'ns Inc., 742 F.2d 1156, 1161 (9th Cir. 1984). In Warner, the Court held that an otherwise protected DPP document could be ordered produced after considering four factors: (1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. The Ninth Circuit previously found that the second and third Warner factors—the availability of other evidence and the government's role in the litigation—favor Plaintiffs here. Karnoski v. Trump, 926 F.3d 1180, 1206 (9th Cir. 2019). Regarding the first and fourth Warner factors, however, the Circuit concluded that "the current record is insufficient to establish relevance" and the fourth factor in particular "deserves careful consideration, because the military's interest in full and frank *communication* about policymaking raises serious—although not insurmountable—national defense interests." Id. With this background, the Court turns to the specific documents at issue here: The Government's most recent submissions, provided to the Court on four dates in December 2020.

//

//

**A. December 1, 2020 Submission**

The documents submitted on December 1, 2020 bear Priv/Withhold document numbers of 14011-14110. They can be broken into three categories of documents. The first category consists of drafts and subsequent iterations of transmittal messages from the Secretary of Defense to the President, beginning with a draft dated December 17, 2017. These documents bear Priv/Withhold numbers 14012-44. The initial draft transmittal document substantially precedes the final action by the Panel of Experts and precedes the submission of the actual documents—which took place on February 22, 2018—by over two months. The drafts are not signed. Apparently, no final transmittal letter was sent to the President and, excepting a pdf copy bearing some handwritten notes by Secretary Mattis, participants and authors are not immediately identifiable. A White House Fellow named Rachael Gleischman is identified not by document but by accompanying declaration. (Dkt. No. 648, Declaration of Robert E. Easton, at 2.)

These documents arguably qualify as being subject to a valid DPP claim. They certainly predate the February 22, 2018 decision. They contain limited substantive discussion, and in that regard, might be considered part of a deliberative process. These transmittal documents, however, were not used, and are primarily transmittal documents. The documents do not identify the writer, minimizing risk of attribution to specific persons. Accordingly, danger to the deliberative process is not significant.

On the other hand, these documents are relevant to the Plaintiffs' case. The conveyance letter drafts begin on December 12, 2017, before the Panel of Experts' work was completed. The transgender review process was allegedly completed when the Policy was transmitted to the President on February 22, 2018, more than 2 months after the initial transmittal draft. Yet, the

1    initial draft purports to include definitive conclusions allegedly reached by the Secretary of

2    Defense and the Panel of Experts. This is material to the Plaintiffs' theory of the case that the

3    conclusion of the study was preordained by the President's tweets, rather than by any in-depth

4    study of the issues. The <u>Warner</u> balancing test requires production, excepting Priv/Withhold

5    documents 14039-14042, which specifically contain handwritten notes by Secretary Mattis. Out

6    of an abundance of caution and in deference to expressed military concerns, the Court will not

7    require Priv/Withhold 14039-14044 to be produced, but all other documents in this category

8    shall be produced.

9          The second set of documents produced for *in camera* review in the December 1, 2018

10   batch consists of drafts of the Summary of Recommendations of the Panel of Experts. These are

11   Priv/Withhold document numbers 14045-14077. Under the test in <u>National Wildlife Federation</u>,

12   these documents would be considered subject to a valid DPP claim, just as draft Environmental

13   Impact statements were in that case. Applying the <u>Warner</u> test, the Court declines to order

14   production, because the relevance of draft Executive Summaries, prepared presumably *after* the

15   conclusions were reached about the Policy itself, is marginal.

16         The third set of documents produced for *in camera* review in the December 1, 2018 batch

17   consists of outlines that were later used for the DoD Report submitted to the President on

18   February 22, 2018. These documents bear Priv/Withhold document numbers 14078-14110.

19         These documents are subject to a valid DPP claim. They relate to the final Policy and

20   include information regarding testimony of witnesses who testified before the Transgender

21   Panel. Application of the <u>Warner</u> factors supports production. First, the documents are highly

22   relevant to Plaintiff's claims, as they shed light on the factual information actually presented to

23   the Transgender Panel. Second, production will not harm the military in its present or future

24

decision-making process, because it is not expressing the candid views of any witnesses or members of the Panel – rather, these pages simply discuss materials presented to the Panel in an unattributed way, and the Panel's decision methodology.

**B. December 9, 2020 Submission**

The December 9, 2020 submission consists of two documents, Priv/Withhold 14111-15 and 9339-40. The latter document is from Secretary Wilkie to Secretaries of the Services and the Commandant of the Coast Guard. The memo from Secretary Wilkie (Priv/Withhold 9339-40) is not the subject of a valid DPP claim, because it is not deliberative. It is merely a copy of a draft order, which contains a minor edit.

The second document is entitled "Transgender Policy Review—Accessions Medical Standards Correlative Comparisons of Disqualifying Conditions." Priv/Withhold 14111-15. An accompanying declaration tied into the document either was not produced, or doesn't have a document identifier tie-in. However, upon review, it appears to be an analysis chart that identifies the status of recommended changes to the then-existing accessions policy. It is subject to a valid DPP claim. Under Warner it is relevant to Plaintiff's claims, and the impact of disclosure on present or future deliberations would be minimal, because the authors are not identified, and most of the chart is simply factual recitations, rather than a document expressing opinion. These documents shall be produced.

**C. December 11, 2020 Submission.**

The December 11, 2020 submission consists of 13 emails relating to the progress of the DoD Panel of Experts. The documents bear Priv/Withhold numbers 14116-37. None of these are subject to a valid DPP claim, as they are not deliberative. Rather, the emails advise others on the progress of the Panel of Experts' work, meeting the President's timetable for release, and the

1 impact of court action.  Moreover, even if these emails qualified for DPP protection, Warner
2 factors dictate release.  These documents could be relevant to Plaintiffs' claim of preordination.
3 Release of these documents would not seriously impair the deliberative process.  Several of the
4 participants of the email conversations appear to be quite aware that emails could be released
5 and, rather than responding to certain issues in writing, suggested telephonic or in-person follow
6 up.  The documents in the December 11 submission shall be produced to Plaintiffs.

**D. December 23, 2020 Submission**

The December 23, 2020 submission consists of 31 documents relating to the development of the Carter Policy.  These documents bear Priv/Withhold numbers 14138-14226 and are not as neatly categorized as other submissions.

1. Priv/Withhold 14138-141 and 14160-65 (partial duplicate)

These documents are substantive progress reports on the Panel's work.  They document differences between the service chiefs, and also define questions for input from Secretary Carter. They are DPP eligible.  In light of specific references to positions taken by the individual service branches and recommendations from specifically identified individuals, release of these documents could have a significant impact on candid and frank discussions in the future. Moreover, because these documents relate to the Carter Policy, they are less relevant to the Plaintiff's case.  Defendants will not be required to produce these documents.

2. Priv/Withhold 14150-59 and 14166-75 (duplicate)

These documents are proposed talking points for the policy rollout.  They are not deliberative and indeed, are designed to be a product for public consumption.  As such, even if they were subject to DPP, release would not impair this or future deliberation processes, and thus under the Warner test, should be produced to Plaintiffs.

ORDER RE: IN CAMERA REVIEW OF DOCUMENTS SUBMITTED DECEMBER 1, 9, 11, AND 23, 2020
(DKT. NOS. 645, 646, 654, 661) - 6

3. <u>Priv/Withhold 14176-1414220</u>

These documents are email chains regarding an 18-month stability period for accessions. The documents reflect the conflicting viewpoints being offered to the decision-makers. These qualify for DPP status, and under <u>Warner</u> are less relevant to Plaintiffs due to their relationship with the Carter policy, but could negatively impact the deliberative process if released. Defendants will not be required to produce these documents.

4. <u>Priv/Withhold 14221-26</u>

These are email strings relating to specific concerns raised by the then Army Chief of Staff, and responses to those concerns. They have marginal relevance to the current case because this relates to the Carter policy, and release could impact future deliberative processes. Under <u>Warner</u>, Defendants will not be required to produce these documents.

**Conclusion**

The Court therefore ORDERS that documents so defined above be produced to Plaintiffs not later than **January 28, 2021**. The Court further finds that the documents (PrivWithhold 9185-9289) attached to the Easton Declaration (Dkt. No. 574, Ex. 1) were not properly withheld under the DPP. The Government is therefore ORDERED to produce these documents by **January 28, 2021**.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 19, 2021.

Marsha J. Pechman
United States Senior District Judge