|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | UNITED STATES DISTRICT COURT |
|   | WESTERN DISTRICT OF WASHINGTON |
| 9 | AT SEATTLE |

| | | |
|---|---|---|
| 10 | RYAN KARNOSKI, et al., | CASE NO. C17-1297 MJP |
| 11 | Plaintiffs, | ORDER RE: WARNER REVIEW OF DOCUMENTS SUBMITTED |
| 12 | v. | FOR *IN CAMERA* REVIEW |
| 13 | DONALD J TRUMP, et al., | |
| 14 | Defendants. | |

15

16      THIS matter comes before the Court upon the Parties' submissions (Dkt. Nos. 646-51,

17 656) filed in response to the Court's November 25, 2020 Order regarding Documents Submitted

18 for *In Camera* Review (Dkt. No. 641). Having reviewed the submissions and the relevant

19 documents, the Court ORDERS Defendants to produce all documents that bear a "Y" under the

20 "Produce" row of the attached spreadsheet not later than **February 15, 2021**.

21                              **Discussion**

22      On November 25, 2020 the Court determined that certain documents submitted by

23 Defendants for *in camera* review were subject to the deliberative process privilege ("DPP"),

24

because they were deliberative and predecisional.  (See Dkt. No. 641.)  Some of these documents required further analysis under the doctrine set forth in FTC v. Warner Commc'ns Inc., 742 F.2d 1156, 1161 (9th Cir. 1984).  In Warner, the court held that an otherwise protected DPP document could be ordered produced after considering four factors: (1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions.  Because the Ninth Circuit previously found that the second and third Warner factors—the availability of other evidence and the government's role in the litigation—favor Plaintiffs here Karnoski v. Trump, 926 F.3d 1180, 1206 (9th Cir. 2019), the Court's November 25 Order asked for further briefing on the damage to the military or the deliberative process, past or future, if the specific documents were produced.

Having now carefully reviewed each document at issue for a second time, the Court ORDERS that all documents on the attached spreadsheet that bear a "Y" under the "Produce" row be produced to plaintiffs not later than **February 15, 2021**.  Those documents that bear a "N" need not be produced.

In making the determination, the Court exercised its discretion and granted some deference to the DPP claims.  For example, documents with handwritten notes easily identifiable were not ordered to be produced.  The Court also declined to order production where the documents were not particularly material to the dispute at issue.  On the other hand, if the documents were particularly material or could be particularly material to Plaintiffs' theory of the case, and if production would not have a seriously negative impact on the deliberative process – either at the time or for future deliberative processes, the Court ordered production.

**Conclusion**

Having conducted a careful second review of the documents and weighed the competing interests under the Warner factors, the Court ORDERS Defendants to produce all documents that bear a "Y" under the "Produce" row of the attached spreadsheet not later than **February 15, 2021**.

The clerk is ordered to provide copies of this order to all counsel.

Dated February 5, 2021

Marsha J. Pechman
United States Senior District Judge